# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE:  MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION                                                    MDL No. 2493

## ORDER DENYING TRANSFER

**Before the Panel**:[*]  Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc. (together, Alarm.com) move under 28 U.S.C. § 1407 for transfer of the action listed on Schedule A (*Abante*) to MDL No. 2493.  Plaintiffs oppose transfer.  Monitronics International, Inc. (Monitronics) and Alliance Security, Inc. (Alliance), which are defendants in MDL No. 2493, but not in *Abante*, filed interested party briefs supporting transfer.

After considering the argument of counsel, we deny the motion for transfer.  The actions centralized in this MDL "share common factual allegations regarding Monitronics' policies and procedures for calling consumers, directly or through agents, for the purpose of selling home security products or services, as well as its procedures for obtaining and recording a consumer's consent to receive such calls." *See In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig*., 988 F. Supp. 2d 1364, 1366 (J.P.M.L. 2013).  In contrast, the *Abante* action concerns the alleged policies and procedures of a separate and distinct entity in the home security and smart home services industry, Alarm.com.

Defendants argue that transfer of *Abante* still is appropriate because the *Abante* complaint includes allegations about Monitronics and makes allegations about the telemarketing practices of Alliance, allegedly an alarm systems dealer used by both Monitronics and Alarm.com.  But the focus of *Abante* is fairly characterized as the policies and procedures of Alarm.com, the sole defendant in the action.  For example, the complaint's introduction alleges that "Alarm.com relies on a network of third-party authorized dealers," and "Plaintiffs are consumers and a small business who received illegal Alarm.com telemarketing calls as a result of this principal-agent relationship." *See* Compl. ¶¶ 1-2.  The proposed classes, too, are defined in terms of persons to whom the Alarm.com defendants "or a Third Party acting on [their] behalf" placed the alleged calls. *See id.* ¶ 150, 157-72. The references to Monitronics in the 172-paragraph complaint are sparse, and in the Panel briefing, plaintiffs represent that *Abante* will not involve any discovery of Monitronics.  Additionally, while Alliance is allegedly a dealer for both Alarm.com and Monitronics, that overlap is insufficient to warrant transfer when, as here, the action, on its face, focuses on the conduct of a distinct defendant – Alarm.com – which has not been involved in the MDL.  Indeed, Alarm.com has represented that

_____

[*] Judge Lewis A. Kaplan and Judge Catherine D. Perry took no part in the decision of this matter.

"Alarm.com has relationships with over 6,000 Service Providers, including Alliance,"[1] indicating that *Abante* raises many issues unrelated to Monitronics.

Defendants further argue that (1) discovery in *Abante* and MDL No. 2493 will overlap on at least Alliance's conduct; (2) the proposed classes in *Abante* and MDL No. 2493 likely will overlap with respect to a subset of the calls allegedly initiated by Alliance – that is, to the extent Alliance promoted both Monitronics and Alarm.com products in the same calls; and (3) transfer is necessary to avoid inconsistent rulings on class certification and prevent double recovery by certain putative class members. We find that, while the *Abante* action may present some overlap with the actions in MDL No. 2493, inclusion of *Abante* would not serve the just and efficient conduct of the litigation because it would expand the scope of the MDL to include the practices of Alarm.com and all of its alleged third-party dealers.[2]

In these circumstances, informal coordination of any overlapping discovery is preferable to transfer. The *Abante* plaintiffs' counsel serve as lead and liaison counsel in MDL No. 2493 and, thus, are well-positioned to coordinate overlapping discovery and pretrial motions. The Alarm.com defendants share a single counsel, which also will facilitate informal coordination. Additionally, Alliance – allegedly the main target of potentially overlapping discovery – can provide relevant discovery from the MDL to the *Abante* parties. Informal coordination of *Abante* with the MDL actions is thus both practicable and preferable to inclusion of *Abante* in the MDL.

---

[1] *See* Alarm.com Mot. for Transfer Mem. at 2 (J.P.M.L. Mar. 24, 2016); *see also Abante* Compl. ¶ 37 ("Defendants do not sell their services directly to consumers, but rather partner with a network of approximately 5,000 security system dealers and service providers").

[2] Defendants are incorrect in suggesting that the Panel's rationale for transferring actions against Alliance to MDL No. 2493 are equally applicable to *Abante*. Unlike Alarm.com, Alliance has been a defendant in MDL No. 2493 since the time of centralization in 2013, the Alliance actions present factual questions as to Monitronics' alleged vicarious liability because of allegations in the MDL that Alliance is subject to Monitronics' control, and the transferee court determined in 2014 that inclusion of Alliance-only actions in MDL No. 2493 was appropriate. *See In re: Monitronics Int'l, Inc., TCPA Litig.*, MDL No. 2493, Transfer Order (*Cunningham*), at 1-2 & n.1 (J.P.M.L. Oct. 9, 2014).

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles A. Breyer |
| Ellen Segal Huvelle | R. David Proctor |

**IN RE:  MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION**                                                           MDL No. 2493

# SCHEDULE A

<u>Northern District of California</u>

ABANTE ROOTER AND PLUMBING, INC., ET AL. v. ALARM.COM
    INCORPORATED, ET AL., C.A. No. 4:15-06314