Michael F. Ram, SBN #104805
Email:  mram@rocklawcal.com
RAM, OLSON, CEREGHINO
   & KOPCZYNSKI LLP
101 Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email:  jmurray@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th Street, Suite 300
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:   (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>     v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>              Defendants. | NO. 4:15-cv-06314-YGR<br><br>**[PROPOSED] ORDER GRANTING CLASS CERTIFICATION**<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed:  December 30, 2015<br><br>Honorable Yvonne Gonzalez Rogers<br><br>DATE:          April 25, 2017<br>TIME:          2:00 p.m.<br>LOCATION:  Oakland Courthouse<br>                      Courtroom 1 - 4th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## I. INTRODUCTION

This matter came on before the Honorable Yvonne Gonzalez Rogers on Plaintiffs' Motion for Class Certification. The Court has considered the parties' briefing, supporting documents, and oral argument. For the reasons stated below, the Court GRANTS Plaintiffs' motion.

## II. BACKGROUND

Plaintiffs Abante Rooter & Plumbing, Inc., Mark Hankins and Philip Charvat filed this lawsuit against Defendants Alarm.com, Inc., and Alarm.com Holdings, Inc. (together, Alarm.com). Alarm.com manufactures wireless, interactive, cloud-based security systems and sells its systems through a network of over 6,000 "dealer partners" and "service providers." Plaintiffs allege that one of Alarm.com's dealer partners, Alliance Security, Inc., used telemarketing that violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiffs request certification of three classes: (1) a Cell Phone Class consisting of persons who received calls using a prerecorded voice on their cell phones; (2) a Residential Class consisting of persons who received calls using an ATDS or artificial or prerecorded voice on their residential phones; and (3) a National Do-Not-Call Class consisting of persons who registered their telephone numbers with the National Do-Not-Call Registry and nonetheless received calls made on behalf of Alarm.com.

## III. ANALYSIS

Plaintiffs requesting class certification must demonstrate "that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). While district courts must conduct a "rigorous" analysis of the Rule 23 requirements, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013)."A court, when asked to certify a class, is merely to decide a suitable method of adjudicating the case and should not 'turn class

1  certification into a mini-trial' on the merits." *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1178
2  (9th Cir. 2015) (quoting *Ellis*, 657 F.3d at 983, n.8)

3  **A.      Numerosity is Satisfied**

4          A class must be "so numerous that joinder of all members is impractical." Fed. R. Civ. P.
5  23(a)(1). Although there is no "magic number," numerosity is generally satisfied when the class
6  comprises 40 members or more. *Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 548-49 (N.D. Cal.
7  2007). Plaintiffs have submitted evidence showing that the classes have thousands of members,
8  satisfying the numerosity requirement.

9  **B.      There Are Common Questions of Law and Fact**

10         The second threshold to certification requires that there be "questions of law or fact
11  common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement has "'been
12  construed permissively' and '[a]ll questions of fact and law need not be common to satisfy the
13  rule.'" *Ellis*, 657 F.3d at 981 (alteration in original) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d
14  1011, 1019 (9th Cir. 1998)); *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010)
15  (noting that "common" does not mean "complete congruence"). Commonality can be satisfied by
16  even a "single *significant* question of law or fact." *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d
17  952, 957 (9th Cir. 2013) (citation and internal quotation marks omitted). As the Supreme Court
18  has explained, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have
19  suffered the same injury,'" such that "all their claims can be productively litigated at once." *Wal-*
20  *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted). The common questions
21  must generate common *answers*" that are "apt to drive the resolution of the litigation." *Id.*
22  (citation omitted). Commonality is thus satisfied where the claims of all class members "depend
23  upon a common contention ... of such a nature that it is capable of classwide resolution—which
24  means that determination of its truth or falsity will resolve an issue that is central to the validity
25  of each one of the claims in one stroke." *Id.*; *see also Agne v. Papa John's Int'l, Inc.*, 286 F.R.D.
26  559, 567 (W.D. Wash. 2012) (finding that where the plaintiff alleged that "all class members
27

[PROPOSED] ORDER GRANTING CLASS CERTIFICATION - 3
CASE NO. 4:15-CV-06314-YGR

were sent substantially similar unsolicited text messages by the same defendants, using the same automatic dialing technology, commonality is satisfied").

This case presents several common questions that drive the resolution of all class members' claims, including: (1) whether Alarm.com is liable for Alliance's telemarketing conduct; (2) whether Alarm.com is liable for Alliance's agent's telemarketing conduct; (3) whether Alliance's telemarketing calls encouraged the purchase of Alarm.com goods or services; (4) whether Alliance called numbers on the National Do-Not-Call Registry; (5) whether Alliance placed calls to mobile telephone numbers using a prerecorded message; and (6) whether Alliance placed calls to residential numbers using a prerecorded message. These significant and common questions satisfy the commonality requirement.

## C.    Plaintiffs' Claims Are Typical of the Classes

Typicality is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Typicality exists when the class representatives and the class members are subjected to and injured by the same course of conduct. *Ellis*, 657 F.3d at 984. "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* (quoting *Hanon*, 976 F.2d at 508). Therefore, "[l]ike the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez*, 591 F.3d at 1124 (quoting *Hanlon*, 150 F.3d at 1020).

Plaintiffs' claims are typical of the claims of other class members because they arise from the same course of conduct by Alarm.com and are based on the same legal theories. Typicality is readily satisfied in TCPA cases like these one, where the claims are based on the defendant's common, coordinated telemarketing campaigns. *See, e.g.*, *Whitaker v. Bennett Law, PLLC,* No.

13-3145, 2014 WL 5454398, at *5 (S.D. Cal. Oct. 27, 2014) (finding typicality satisfied because each class member's claim "revolves exclusively around [the defendant's] conduct as it specifically relates to the alleged violations of the TCPA"); *Agne*, 286 F.R.D. at 569 (finding typicality satisfied where the plaintiff's claims, "like all class members' claims, arise from text marketing campaigns commissioned by Papa John's franchisees and executed by the same marketing vendor …"); *see also Bridgeview Health Care Ctr., Ltd. v. Clark*, No. 816 F.3d 935, 940 (7th Cir. 2016) (affirming certification where "every class member had the same interest: to obtain the $500–per–recipient penalty for faxes violating the TCPA"); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 821 (8th Cir. 2015) (finding typicality satisfied where the plaintiff did not hear the same telemarketing message as other class members, but both messages had the same promotional purpose).

**D.    Plaintiffs and Their Counsel Will Adequately Represent the Classes**

The adequacy requirement is satisfied when the class representatives will "fairly and adequately protect the interests of the class." To make this determination, "courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Id.* In considering the adequacy of plaintiffs' counsel, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

Plaintiffs and their counsel have demonstrated their commitment to pursuing these claims on behalf of class members. Plaintiffs have worked with counsel to develop the class claims, respond to discovery, and prepare for deposition. Plaintiffs have also retained experienced and

1    capable counsel who will vigorously prosecute the class claims. Plaintiffs' counsel have

2    substantial experience in litigating class action lawsuits asserting TCPA claims, and have all

3    been appointed to serve as class counsel in similar cases.

4    **E.     The Rule 23(b)(3) Requirements Are Satisfied**

5          Class certification under Rule 23(b)(3) is appropriate where (1) "the questions of law or

6    fact common to class members predominate over any questions affecting only individual

7    members;" and (2) "a class action is superior to other available methods for fairly and efficiently

8    adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

9          1.    <u>Common Questions of Law and Fact Predominate for Each Class</u>

10         The predominance requirement "tests whether proposed classes are sufficiently cohesive

11   to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-

12   24 (1997). Predominance is satisfied when "the common, aggregation-enabling issues in the case

13   are more prevalent or important than the non-common, aggregation-defeating, individual issues."

14   *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted). "[A] common

15   question is one where 'the same evidence will suffice for each member to make a prima facie

16   showing [or] the issue is susceptible to generalized, class-wide proof." *Id.* (citation omitted). A

17   plaintiff does not need to "prove that each 'element of her claim is susceptible to classwide

18   proof.'" *Amgen,* 133 S. Ct. at 1196 (2013) (citation and alterations omitted). Rather, "[w]hen

19   common questions present a significant aspect of the case and they can be resolved for all

20   members of the class in a single adjudication, there is clear justification for handling the dispute

21   on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (citation

22   omitted).

23         The predominance analysis "begins, of course, with the elements of the underlying

24   action." *Erica P. John Fund, Inc. v. Halliburton*, 563 U.S. 804, 809 (2011). Plaintiffs must

25   establish four elements to prove the claim asserted by the Cell Phone Class: (1) an automatic

26   telephone dialing system (ATDS) or an artificial or prerecorded voice (2) was used to place calls

27   (3) to a telephone number assigned to a cellular telephone service (4) without the express prior

consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). To prove the claim asserted by the Residential Class, Plaintiffs must establish that (1) an artificial or prerecorded voice (2) was used to place calls (3) to a residential telephone number (4) without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B). To prove the claim asserted by the National Do-Not-Call Class, Plaintiffs must establish that (1) more than one telephone solicitation call was made (2) within a twelve-month period (3) to a number that was placed on the National Do Not Call Registry at least 30 days before the call was made (4) without the prior express consent of the called party. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Plaintiffs have demonstrated that the elements of their claims will be proven with predominantly common evidence.

Use of prerecorded voice. The question of whether Alliance (through its agent, Nationwide Alarm, LLC) used a prerecorded voice to make calls to members of the Cell Phone and Residential Classes on Alarm.com's behalf is common to all proposed class members. *See, e.g.*, *Booth v. Appstack, Inc.*, No. C13-1533 JLR, 2015 WL 1466247, at *10 (W.D. Wash. Mar. 30, 2015); *Whitaker*, 2014 WL 5454398, at *5.

Calls to cell phones, residential phones, and phone numbers registered with the National Do-Not-Call Registry. Plaintiffs will also use common evidence also exists to show that calls were made to cell phones, to residential lines, and to phone numbers that were registered with the National Do-Not-Call Registry. Plaintiffs' experts have analyzed or will analyze call data produced by Alarm.com, Alliance, and Nationwide Alarms, LLC to identify the calls that fall within each of these categories.

Consent. The issue of whether class members consented to receive the telemarketing calls does not raise individualized issues that preclude class certification. Plaintiffs have shown that the only class members who may have consented to the telemarketing calls are those who participated in Alarm.com's customer lead service by filling out an online form on Alarm.com's website. Whether filling out this website form constitutes consent is a common issue. *See Ikuseghan v. Multicare Health Sys.*, No. C 14-5539 BHS, 2015 WL 4600818, at *7 (W.D. Wash. July 29, 2015) (finding that the issue of whether filling out the defendant's standardized forms

constituted express consent was a common issue). Because Alarm.com maintains records of these individuals in its data warehouse, they can be identified and excluded from the classes if necessary. *See Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 689-90 (S.D. Fla. 2013) (certifying class where class members who consented were excluded from the class).

Vicarious liability. The issue of whether Alarm.com is vicariously liable for Alliance's telemarketing violations "turns on the federal common law of agency and can arise from actual authority, apparent authority, or ratification." *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1306 (D. Nev. 2014); *see also In re Joint Pet. filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6584 (2013). Actual authority exists "when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01 (2006). The determination of actual authority therefore focuses on the relationship between the defendants. *Kristensen*, 12 F. Supp. 3d at 1306. An agent acts with apparent authority "when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement § 2.03. Because this inquiry addresses "how a reasonable person would perceive" the relationship between Alarm.com and Alliance, there is no need to delve into individualized class members' perception. *Kristensen*, 12 F. Supp. 3d at 1306. Finally, ratification arises when the principal affirms the agent's prior act. Restatement § 4.01. The focus is therefore on Alarm.com's conduct, "without concern for any conduct by the class members." *Kristensen*, 12 F. Supp. 3d at 1306; *see also Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 628 (S.D. Cal. 2015) (finding that vicarious liability was a common issue that predominated in the case); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 188 (E.D. Pa. 2014) (holding that common issues predominate for determination of vicarious liability in unsolicited fax case because trial would focus on the nature and extent of the relationship between the defendants).

Damages. The determination of damages is also a classwide issue because damages for a TCPA claim are proscribed by statute. Plaintiffs will be entitled to $500 for each negligent

violation of the TCPA and treble damages—$1,500 for each violation—if Alarm.com's violations were "willful or knowing." 47 U.S.C. §§ 227(b)(3). The question of whether Alarm.com's conduct was willful or knowing will be resolved with common proof since it focuses on Alarm.com's conduct. *See, e.g.*, *APB Assocs., Inc. v. Bronco's Saloon, Inc.*, 315 F.R.D. 200, 215 (E.D. Mich. 2016) (finding that the question of whether the defendants' actions were willful in a TCPA case was a common legal question); *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 296 F.R.D. 299, 322 (D.N.J. 2013) (same).

2.    A Class Action is Superior to Multiple Individual Actions

The purpose of the superiority requirement is to ensure judicial economy and that a class action is the "most efficient and effective means of resolving the controversy." *Wolin*, 617 F.3d at 1175 (citation omitted). Courts consider four factors in evaluating the superiority requirement: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

All of these factors support class certification in this case. Given the large number of class members, the small dollar value of their individual claims, and the multitude of common issues present, use of the class action device is the most efficient and fair means of adjudicating Plaintiffs' claims against Alarm.com. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources and promotes consistency and efficiency of adjudication. It is also likely that most class members lack the resources necessary to seek individual legal redress for Alarm.com's misconduct and, without class treatment, would have no effective remedy for their injuries. *See Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also Wolin*, 617 F.3d at 1175 ("Where recovery on an individual basis would be

dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."); *Agne*, 286 F.R.D. at 571 ("Five hundred dollars is not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action ….").

Plaintiffs have also shown that trial of their claims will be manageable. Plaintiffs' counsel point out that they recently tried a TCPA class action in federal court, involving more than 18,000 class members, in just five days of testimony. Given the predominance of common issues, the case can be tried almost entirely using classwide proof of the relationship between Alarm.com and Alliance as well as Alliance's telemarketing activities. It is "far more efficient" to litigate Plaintiffs' claims based on a common course of conduct "on a classwide basis rather than in thousands of individual and overlapping suits." *Wolin*, 617 F.3d at 1176.

## IV.  ORDER

The Court GRANTS Plaintiffs' motion and certifies the following classes:

**Cell Phone Class:** All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013.

**Residential Class:** All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, initiated one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's residential telephone line; (d) through the use of an artificial or prerecorded voice; (e) at any time since October 15, 2013.

**National Do-Not-Call Class:** All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on their cellular telephone line or residential telephone line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call Registry; (f) at any time since December 30, 2011Excluded from the classes are Defendants, their legal representatives, assigns and successors, and any entity in which Defendants have a controlling

interest. Also excluded is the judge to whom this case is assigned
and any member of the judge's immediate family and judicial staff.

Plaintiffs Abante Rooter & Plumbing, Inc., Mark Hankins and Philip Charvat are

appointed to serve as class representatives.

The law firms of law firms of Terrell Marshall Law Group PLLC, Ram, Olson, Cerighino

& Kopczynski LLP, Bailey & Glasser LLP, Broderick & Paronich, P.C., and the Law Office of

Matthew P. McCue are appointed to serve as class counsel.

Plaintiffs are directed to submit a proposed notice plan and form of notice within thirty

days of entry of this Order.


IT IS SO ORDERED this _____ day of _____, 2017.



_____
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on March 7, 2017, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

> Stephen E. Taylor, SBN #058452
> Email: staylor@taylorpatchen.com
> Jonathan A. Patchen, SBN #237346
> Email: jpatchen@taylorpatchen.com
> Cheryl A. Cauley, SBN #252262
> Email:  ccauley@taylorpatchen.com
> TAYLOR & PATCHEN, LLP
> One Ferry Building, Suite 355
> San Francisco, California 94111
> Telephone:  (415) 788-8200
> Facsimile:   (415) 788-8208
>
> Martin W. Jaszczuk, *Admitted Pro Hac Vice*
> Email: mjaszczuk@jaszczuk.com
> Margaret M. Schuchardt, *Admitted Pro Hac Vice*
> Email:  mschuchardt@jaszczuk.com
> Keith L. Gibson, *Admitted Pro Hac Vice*
> Email:  kgibson@jaszczuk.com
> JASZCZUK P.C.
> 311 South Wacker Drive, Suite 1775
> Chicago, Illinois 60606
> Telephone: (312) 442-0311
>
> Ross A. Buntrock, *Admitted Pro Hac Vice*
> Email: ross@olspllc.com
> OBSIDIAN LEGAL PLLC
> 1821 Vernon Street NW
> Washington, DC 20009
> Telephone: (202) 643-9055
>
> *Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

1

DATED this 7th day of March, 2017.

2

TERRELL MARSHALL LAW GROUP PLLC

3

By:  /s/ Beth E. Terrell, SBN #178181

4

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com

5

936 North 34th Street, Suite 300
Seattle, Washington  98103-8869

6

Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

7

8

*Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27