Stephen E. Taylor, SBN 058452
Jonathan A. Patchen, SBN 237346
Cheryl A. Cauley, SBN 252262
TAYLOR & PATCHEN, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone: 415-788-8200
Facsimile: 415-788-8208
E-mail: staylor@taylorpatchen.com
E-mail: jpatchen@taylorpatchen.com
E-mail: ccauley@taylorpatchen.com

Ross Allen Buntrock
OBSIDIAN LEGAL PLLC
1821 Vernon St., NW
Washington, DC 20009
Telephone: (202) 643-9055
Email: ross@olspllc.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., GEORGE ROSS MANESIOTIS, MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>Defendants. | Civil Action No. 4:15-cv-06314-YGR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT OF JEFFREY HANSEN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: May 2, 2017<br>TIME: 2:00 p.m.<br>LOCATION: Courtroom 1 – 4th Floor<br>JUDGE: Honorable Yvonne Gonzalez Rogers |

## NOTICE OF MOTION AND MOTION

TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 2, 2017, at 2:00 PM, or as soon thereafter as this matter may be heard, in Courtroom 1, 4th Floor, of this Court, located at 1301 Clay Street, Oakland, California 94612, Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc. ("Alarm.com" or "Defendants") will and hereby do move the Court to strike the Preliminary Expert Report of Jeffrey Hansen. This Motion is made pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) on the grounds that Mr. Hansen's report fails to satisfy the standard set forth therein for admissible expert testimony. Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration and exhibits attached hereto, any reply memorandum, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

Date: March 28, 2017

Respectfully Submitted,

**JASZCZUK P.C.**

By: /s/ Margaret M. Schuchardt
Martin W. Jaszczuk (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
311 South Wacker Drive
Suite 1775
Chicago, IL 60606
Telephone: 312- 442-0428
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Jeffrey Hansen's expert report should be stricken as irrelevant when Mr. Hansen did not review any documents or data related to this litigation prior to authoring the report, and Mr. Hansen did not reach any opinions or conclusions in the report.

2. Whether Mr. Hansen should be prohibited from offering any future expert report or testimony relating to class certification because such report or testimony would be untimely and unreliable.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE EXPERT REPORT OF JEFFREY HANSEN**

Plaintiffs Abante Rooter and Plumbing Inc., Mark Hankins, and Philip Charvat (collectively, "Plaintiffs") retained Jeffery Hansen to provide an expert opinion with respect to whether Alliance Security, Inc. ("Alliance"), or one of Alliance's agents, used an automatic telephone dialing system ("ATDS") to place telemarketing calls to cellular telephones in order to promote Defendants' products, and, if so, how many cellular telephone numbers were called using the ATDS. Any individuals who received such calls would purportedly comprise Plaintiffs' proposed Cell Phone Class. During the expert discovery period, Mr. Hansen did provide a report, but that report did not set forth an opinion as to whether an ATDS was used to place any of the calls at issue in this litigation. Instead, Mr. Hansen described the steps he *would* take to make that determination *if* he were provided with the appropriate documents and data.

Plaintiffs never provided Mr. Hansen with any of that information. Instead, Plaintiffs let the expert discovery period close, and then in connection with their Motion for Class Certification ("Motion") submitted the declaration of Plaintiffs' counsel's paralegal, Rachel Hoover, who purported to identify the members of the Cell Phone Class and the Residential Class by applying the analysis described in Mr. Hansen's report to call records Plaintiffs obtained during the litigation. Plaintiffs further stated in their Motion that Mr. Hansen is qualified to, and will be able to, perform this same analysis at some time in the future. But since Mr. Hansen has not, to date, analyzed any documents or data related to this litigation, his expert report is not relevant to any of the issues presented by Plaintiffs' Motion. Furthermore, any future attempt by Mr. Hansen to perform his proposed analysis would be untimely and unreliable. Mr. Hansen's report should therefore be stricken, and Mr. Hansen should be prohibited from offering any further reports or testimony relating to class certification issues.

**FACTUAL BACKGROUND**

Plaintiffs are seeking to certify three classes in the present action. Of particular importance here, Plaintiffs seek to certify the following two classes:

> **Cell Phone Class (Plaintiff Abante Rooter & Plumbing, Inc.)**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013.
>
> **Residential Class (Plaintiff Hankins):** All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, initiated one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's residential telephone line; (d) through the use of an artificial or prerecorded voice; (e) at any time since October 15, 2013.

Motion, P. 12. During the Court-ordered period for expert discovery regarding class certification, Plaintiffs disclosed Mr. Hansen's report, in which he stated that if he were provided information concerning the technical aspects of the dialing equipment used to place the calls at issue in this case, and if he were provided with the applicable call records (and if those records contained certain types of data), he would be able to provide a supplemental report that contained his opinion concerning (1) whether an ATDS was used to place calls on behalf of Alarm.com and (2) the number of unique cell phone numbers that were called using the ATDS. *See* Preliminary Expert Report of Jeffrey A. Hansen ("Hansen Report"), attached as Ex. A., at p. 5, ¶¶ 1-2; p. 7, ¶ 6.[1] Mr. Hansen also outlined in relative detail the steps he would take to reach those conclusions. *See id.*, at p. 5, ¶¶ 2-3; pp. 7-8, ¶¶ 6-10.

Mr. Hansen's supplemental report was not forthcoming. Instead, after the expert discovery period closed, Plaintiffs submitted in connection with their Motion a declaration by Rachel Hoover, a paralegal employed by Plaintiffs' counsel, who purported to identify the universe of cell phone numbers and residential numbers called by Nationwide Alarm, LLC

---

[1] All exhibits referenced herein are attached to the Declaration of Margaret M. Schuchardt, filed contemporaneously herewith.

("Nationwide") (which is alleged to be an agent of Alliance, which is alleged to be an agent of Defendants) using an artificial or prerecorded voice.  *See* Declaration of Rachel Hoover (Dkt. 87).  To make this identification, Ms. Hoover followed the steps outlined in Mr. Hansen's report.  Although Plaintiffs did not, during the expert discovery period, provide Mr. Hansen with the data utilized by Ms. Hoover, in their Motion Plaintiffs assure the Court that Mr. Hansen will be able to conduct the same analysis in the future.  Motion, p. 20 ("Plaintiffs' expert Jeff Hansen will be able to identify members of the Residential and Cell Phone Classes from records produced by Third Party Nationwide Alarm, LLC").

There is no reason why Mr. Hansen could not have conducted the analysis described in his report – the same analysis Ms. Hoover conducted – within the appropriate expert discovery window.  Whatever Plaintiffs' reasons for failing to elicit this analysis, the result is that Mr. Hansen only provided one timely expert report, and that report does not undertake any analysis or provide any opinion relative to the facts of this case.  Moreover, any future report would be untimely and, in any event, unreliable in light of the deficiency of the data upon which any such report would be based.  Accordingly, Mr. Hansen's report should be stricken.

## LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In other words, for expert testimony to be admissible, the evidence must be useful to the trier of fact; the expert witness must be qualified to provide this testimony; and the proposed evidence must be reliable or trustworthy.  *Sterner v. U.S. Drug Enforcement Agency*, 467 F. Supp. 2d 1017, 1033 (S.D. Cal. 2006).  The party offering the expert bears the

burden of establishing that Rule 702 is satisfied. *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. CV 02-2258 JM (AJB), 2007 U.S. Dist. LEXIS 16356, *4 (S.D. Cal. Mar. 7, 2007). Plaintiffs cannot meet this burden with respect to Mr. Hansen's report.

### ARGUMENT

Mr. Hansen's report should be stricken because he has offered no opinion or analysis of any kind. He has not reviewed any data or applied any scientific principles or methods to the facts of this case. Mr. Hansen has merely stated that he *would* be able to determine if an ATDS was used to make any of the calls at issue in this case *if* he were provided information about the relevant dialing systems, and that he *would* apply a certain methodology to determine the unique numbers dialed by an ATDS *if* he were provided with call records that meet certain criteria. But since Mr. Hansen was never provided with any of the information he required to form an expert opinion, his report is not relevant to any issue presented by Plaintiffs' Motion, or any other disputed issue in this case.

Since expert discovery concerning class certification has closed, any attempt by Mr. Hansen at this juncture to perform the analysis he posits in his report would be untimely. In any event, that attempt would be facially unreliable, since the records from which Plaintiffs purport to identify the members of the Cell Phone Class and the Residential Class do not contain the information Mr. Hansen has deemed the minimum necessary to complete his analysis. Accordingly, Mr. Hansen's report should be stricken and Plaintiffs should be barred from eliciting any further reports or testimony from Mr. Hansen relating to class certification.

**I.     MR. HANSEN'S REPORT IS IRRELEVANT**

Where, as here, an expert fails to perform any analysis or provide any opinion, but merely states that such an analysis *could* be performed or such opinion *could* be provided, without any supporting data, the testimony is properly stricken as irrelevant. A similar situation was presented in *In re Conagra Foods, Inc.*, 302 F.R.D. 537, 552 (C.D. Cal. 2014), where the court observed:

> Here . . . [plaintiff's expert] does not provide a damages model that lacks certain variables or functionality.  Rather, he provides no damages model at all.  Although the methodologies he describes may very well be capable of calculating damages in this action, [plaintiff's expert] has made no showing that this is the case.  He does not identify any variables he intends to build into the models, nor does he identify any data presently in his possession to which the models can be applied.  The court is thus left with only [plaintiff's expert's] assurance that he can build a model to calculate damages.  Stated differently, his declaration is "so incomplete as to be inadmissible as irrelevant."

302 F.R.D. at 552 (citations omitted).  The same result should obtain here – the Court has received only Mr. Hansen's assurance that he can and will perform the analysis he describes.  Accordingly, his report is "so incomplete as to be inadmissible as irrelevant."

## II.   ANY FUTURE REPORT OR TESTIMONY BY MR. HANSEN WOULD BE UNTIMELY AND UNRELIABLE

Plaintiffs state in their Motion that Mr. Hansen "will be able to identify members of the Residential and Cell Phone Classes from records produced by [Nationwide]."  Motion, at 20.  But they do not explain why he has not already done so.  According to the affidavit of Joe Moretti, one of the principals of Nationwide, the Nationwide call records were produced in May 2016.  *See* Affidavit of Joseph Moretti, at ¶ 6 (Dkt. 89).  Mr. Hansen's report is dated November 2016.  Hansen Report, p. 8.  There is no reason why Plaintiffs could not have asked Mr. Hansen to execute his hypothetical analysis prior to the close of class certification expert discovery in February 2017.  *See* Order dated November 29, 2016 (Dkt. 73).  Accordingly, any future report or testimony from Mr. Hansen would be untimely.  *See R&O Constr. Co. v. Rox Pro Int'l Group, Ltd.*, No. 2:09-cv-01749-LRH-LRL, 2011 U.S. Dist. LEXIS 78032, at *10-11 (D. Nev. July 18, 2011) (striking expert report where party "did not seek an extension of the deadline to disclose initial experts, nor has it shown good cause for the failure to do so.").  In an analogous situation – where class plaintiffs submitted an expert report describing an analysis the expert intended to take in the future – another court concluded that such a report could not be used for the purposes of the plaintiffs' certification motion:

> Nor does the submission of Plaintiffs' second expert, Anya Verkhovskaya, assist the Court in finding that the numerosity prerequisite has been met in this case. Plaintiffs introduced her testimony purportedly to establish that it was possible to determine (1) whether phone numbers of the NDCNR List are business numbers . . . (2) whether particular phone numbers belong to Washington residents . . . and (3) the number of calls made to particular individuals after those individuals registered on the NDCNR or made do-not-call requests . . . Ms. Verkhovskaya's declaration is entirely prospective; i.e., it simply describes what she intended to do with the data provided by Plaintiffs. Such analysis as this expert did perform was not performed until after the submission of the declaration . . . On this basis, her declaration cannot constitute proof of the numerosity element required to establish that Plaintiffs are entitled to prosecute a class action lawsuit.

*Southwell v. Mortgage Investors Corp. of Ohio*, No. C13-1289 MJP, 2014 U.S. Dist. LEXIS 112362, at *11-12 (W.D. Wash. Aug. 12, 2014). For the very same reasons, Mr. Hansen's report should be stricken from consideration here.

In any event, any future analysis by Mr. Hansen would be unreliable on its face. In his report, Mr. Hansen states that, in order to perform the call record analysis he describes, he would require call records that contain "*at a minimum*, columns indicating phone number, date of call, disposition, and type of call in a single delimited text file using both a delimiter and qualifier . . ." Hansen Report, at p. 7, ¶ 6 (emphasis added). The phone records Plaintiffs rely upon to determine the members of Classes 1 and 2, however, do not contain fields reflecting "disposition" or "type of call." *See* Call Detail Record Excerpts, attached as Ex. B.[2] Without this necessary information, Hansen could not determine, for example, whether a call was answered by the recipient. Accordingly, by his own testimony, the relevant phone records are insufficient for Mr. Hansen to complete the steps outlined in his report to determine the sizes of the Cell Phone and Residential Classes, and therefore any future opinion derived from these records would be based on insufficient data, and would therefore be inadmissible. *See Fisher v. United States*, No. C09-5146BHS, 2010 U.S. Dist. LEXIS 108237, at *9 (W.D. Wash. Sept. 28,

---

[2] Ms. Hoover states in her declaration that she utilized the following files to conduct her analysis, which she refers to as the "Call Detail Records:" NATIONWIDE_000012; NATIONWIDE_000013; NATIONWIDE_000014; NATIONWIDE_000015; NATIONWIDE_000016; NATIONWIDE_000017. Hoover Decl., at p. 2, ¶¶ 2-3 (Dkt. 87).

2010) ("Under Rule 702, expert testimony will be excluded if it is based on insufficient data, if the testimony is the product of unreliable principles or methods, or if the expert fails to apply his principles or methods in a reliable manner.").

## CONCLUSION

Although Plaintiffs represent that Mr. Hansen could provide the analysis he outlines in his report if he were given the necessary documents and data, Plaintiffs chose not to give him this information and obtain his opinion during the period for expert discovery regarding class certification established by the Court. The only timely report submitted by Mr. Hansen merely describes the steps Mr. Hansen would take to analyze relevant data – but since those steps were never taken, his report lacks any relevance to any issue in this case. Moreover, while any future attempt by Mr. Hansen to apply his analytical steps to the data produced in this case would be untimely, it would also be unreliable given the insufficiency of the data at issue. For all of these reasons, Alarm.com respectfully requests that Mr. Hansen's report be stricken.

Date: March 28, 2017

Respectfully Submitted,

**JASZCZUK P.C.**

By: /s/ Margaret M. Schuchardt
Martin W. Jaszczuk (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

## CERTIFICATE OF SERVICE

I, Margaret M. Schuchardt, hereby certify that on March 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive electronic service in the above-captioned action.

Dated:    March 28, 2017

Respectfully submitted,

JASZCZUK P.C.

By: /s/ Margaret M. Schuchardt
Martin W. Jaszczuk (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois  60606
Telephone:  (312) 442-0509
Facsimile:  (312) 442-0519
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*