Stephen E. Taylor, SBN 058452
Jonathan A. Patchen, SBN 237346
Cheryl A. Cauley, SBN 252262
TAYLOR & PATCHEN, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone: 415-788-8200
Facsimile: 415-788-8208
E-mail: staylor@taylorpatchen.com
E-mail: jpatchen@taylorpatchen.com
E-mail: ccauley@taylorpatchen.com

Ross Allen Buntrock
OBSIDIAN LEGAL PLLC
1821 Vernon St., NW
Washington, DC 20009
Telephone: (202) 643-9055
Email: ross@olspllc.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., GEORGE ROSS MANESIOTIS, MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>Defendants. | Civil Action No. 4:15-cv-06314-YGR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE DECLARATION OF RACHEL HOOVER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: May 2, 2017<br>TIME: 2:00 p.m.<br>LOCATION: Courtroom 1 – 4th Floor<br>JUDGE: Honorable Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 2, 2017, at 2:00 PM, or as soon thereafter as this matter may be heard, in Courtroom 1, 4th Floor, of this Court, located at 1301 Clay Street, Oakland, California 94612, Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc. ("Alarm.com" or "Defendants") will and hereby do move the Court to strike the Declaration of Rachel Hoover ("Motion to Strike"). This Motion is made pursuant to Federal Rules of Evidence 701 and 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) on the grounds that Ms. Hoover is a lay witness who improperly seeks to offer an expert opinion. Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration and exhibits attached hereto, any reply memorandum, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

Date: March 28, 2017

Respectfully Submitted,

**JASZCZUK P.C.**

By: _/s/ Margaret M. Schuchardt_
Martin W. Jaszczuk (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
311 South Wacker Drive
Suite 1775
Chicago, IL 60606
Telephone: 312- 442-0428
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Declaration of Rachel Hoover should be stricken because Ms. Hoover is an admitted lay witness who seeks, through her declaration, to provide an opinion that is properly the subject of expert testimony.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE DECLARATION OF RACHEL HOOVER**

Having missed the deadline to submit expert discovery regarding class certification, but lacking any evidence to present to the Court in support of the numerosity of the Cell Phone Class and Residential Class in connection with their motion for class certification, at the eleventh hour, Plaintiffs asked their counsel's paralegal, Rachel Hoover, to perform an analysis of a limited set of call records in an attempt to identify the members of these classes. Interestingly, Plaintiffs earlier in the litigation disclosed an expert, Jeffrey Hansen, who proclaimed an ability to perform this analysis if provided the necessary records. Yet Plaintiffs chose not to provide him with these records, and instead asked Ms. Hoover to mimic the steps outlined in Mr. Hansen's report (without disclosing Ms. Hoover as a witness prior to submitting her declaration in conjunction with their motion for class certification).

Ms. Hoover, by her own admission, is not an expert. Yet Plaintiffs asked her to undertake an expert's analysis – indeed, *Plaintiffs retained an expert to perform the same analysis.* Submission of expert testimony through a non-expert is improper under the Federal Rules of Evidence and Ms. Hoover's declaration should be stricken.

**FACTUAL BACKGROUND**

Plaintiffs seek to certify three classes: (1) individuals who received telephone calls from Alliance "through the use of an automatic telephone dialing system or an artificial or prerecorded voice" on their cellular phones (the "Cell Phone Class"); (2) individuals who received telephone calls from Alliance "through the use of an artificial or prerecorded voice" on their residential phones (the "Residential Class"); and (3) individuals who received 2 or more calls in a twelve-month period on their cellular or residential telephone lines when those numbers were on the National Do Not Call Registry (NDNCR) at the time of both calls (the "National Do-Not-Call Class"). Motion, p. 12.

Plaintiffs retained an expert, Anya Verkhovskaya, to opine on the size of the National Do-Not-Call Class by comparing certain call records to the NDNCR, among other steps. Report of Anya Verkhovskaya (Dkt. 86-25). Plaintiffs submitted Ms. Verkhovskaya's report along with their motion for class certification. *Id.* Plaintiffs also retained Jeffrey Hansen as an expert to opine on the size of the Cell Phone Class. Mr. Hansen authored a report stating that *if* he were provided with call records, and information concerning the equipment used to make those calls, then he *would* be able to determine whether those calls were made with an ATDS and which numbers that were dialed using that equipment were assigned to cell phones (or, conversely, to residential phones) at the time of the calls. Preliminary Expert Report of Jeffrey Hansen, attached as Ex. A.[1] However, Plaintiffs did not provide Mr. Hansen with the records he identified as necessary for his analysis. Instead, after the deadline for expert discovery concerning class certification passed, Plaintiffs enlisted Ms. Hoover to analyze certain call records taking the steps outlined in Mr. Hansen's report, and submitted her declaration in connection with their motion for class certification for the purpose of identifying the sizes of the Cell Phone and Residential Classes. Declaration of Rachel Hoover, attached as Ex. B.

Plaintiffs disregarded this Court's expert discovery schedule and the Federal Rules of Civil Procedure and Evidence by belatedly offering an expert report in layperson's clothing. Ms. Hoover's report does not fall within the parameters of admissibility under the Federal Rules of Evidence and, accordingly, should be stricken.

## ARGUMENT

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on

---

[1] All exhibits referenced herein are attached to the Declaration of Margaret M. Schuchardt, filed contemporaneously herewith.

DEFENDANTS' MOTION TO STRIKE DECLARATION OF RACHEL HOOVER - 2
Case No. 4:15-cv-06314-YGR

> sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In other words, for expert testimony to be admissible, the evidence must be useful to the trier of fact; the expert witness must be qualified to provide this testimony; and the proposed evidence must be reliable or trustworthy.  *Sterner v. U.S. Drug Enforcement Agency*, 467 F. Supp. 2d 1017, 1033 (S.D. Cal. 2006).  The party offering the expert bears the burden of establishing that Rule 702 is satisfied.  *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. CV 02-2258 JM (AJB), 2007 U.S. Dist. LEXIS 16356, *4 (S.D. Cal. Mar. 7, 2007).

The drafters of Rule 701 cautioned against "proffering an expert in lay witness clothing." Fed. R. Evid. 701 Notes of Advisory Committee on 2000 amendments.  This is because Rule 701, which governs the admissibility of lay opinions, expressly *prohibits* lay opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702" – in other words, opinions "as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *James River Ins. Co. v. Rapid Funding*, LLC, 658 F.3d 1214 (10th Cir. 2011).

Plaintiffs retained Mr. Hansen to articulate the steps that he would take to identify calls made to residential and cell phone numbers using an ATDS if he were provided with the appropriate data.  Ms. Hoover then performed these very same steps.  But Ms. Hoover (1) is admittedly not an expert; (2) does not have the qualifications to perform the analysis noted in her declaration; (3) attempted to perform the same analysis that she understands an expert would have performed; (4) has no knowledge about the reliability of the records she used for her analysis (approximately 50% of which she concedes appear to be erroneous); and (5) concedes that her report has several mistakes.  Transcript of the Deposition of Rachel Hoover, attached as Ex. C, at pp. 13:23-25; 14:1-3; 26:7-18; 28:19-25; 29:1-8; 63:5-25; 64:1-6; 89:3-11; 99:15-25; 100:1-5.

There can be no more quintessential an example of a lay witness testifying as to matters that are properly the subject of expert testimony, and the impropriety of this is obvious.

DEFENDANTS' MOTION TO STRIKE DECLARATION OF RACHEL HOOVER - 3
Case No. 4:15-cv-06314-YGR

1  Because Ms. Hoover is admittedly not an expert, she cannot draw on her education and
2  experience to explain the reasoning behind her methodology, nor can she opine on the
3  reliability of the data or other resources she used.  In effect, Plaintiffs are seeking to present Mr.
4  Hansen's opinion while avoiding any effective cross-examination – precisely the outcome the
5  drafters of Rule 701 sought to avoid.  *See* Fed. R. Evid. 701 Notes of Advisory Committee on
6  2000 amendments ("Rule 701 has been amended to eliminate the risk that the reliability
7  requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an
8  expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized
9  under the rules regulating expert opinion to the extent that the witness is providing testimony
10 based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

11      This is certainly not the first time a party has asked a paralegal to submit expert
12 testimony, but, unsurprisingly, those efforts fail.  As one court observed:

> . . . the Court agrees that Ruiz [plaintiffs' counsel's paralegal], as a lay witness, offers improper opinion testimony by purporting to extract relevant information from extensive amounts of pay data and analyzing that data to reach conclusions about injuries via an undisclosed method, using undisclosed assumptions, when Ruiz has not demonstrated that he is technically qualified to conduct this analysis . . . A nonexpert declarant is prohibited from offering opinion testimony unless it is: (1) rationally based on the witness' personal perception; (2) helpful to understanding the testimony; and (3) not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 702. Ruiz's testimony fails the third requirement because his manipulation and analysis of raw data to reach cumulative conclusions is the technical or specialized work of an expert witness.

*Sali v. Universal Health Servs. of Rancho Springs, Inc.*, No. CV 14-985 PSG (JPRx), 2015 U.S. Dist. LEXIS 182159, at *22-23 (C.D. Cal. June 3, 2015).  *See also McCaster v. Darden Rests., Inc.*, No. 13 C 8847, 2015 U.S. Dist. 40343, at *6-7 (N.D. Ill. Mar. 24 2015) ("Although the costs incurred for paralegal work are likely to be less than that of an expert witness, Plaintiffs cannot circumvent the procedural and substantive requirements for an expert witness by submitting a purported summary prepared by a paralegal.  Plaintiffs must follow the procedures set forth in the Federal Rules of Evidence for presenting an opinion by an expert witness.").  Any doubt as to whether Ms. Hoover's Declaration comprises an expert opinion is removed

when one considers that *Plaintiffs in fact retained an expert to provide this same opinion.* Whatever the reason, Plaintiffs chose not to elicit this testimony from Mr. Hansen during the expert discovery period. They cannot now change course and belatedly submit the same testimony through the declaration of a lay witness.

## CONCLUSION

Plaintiffs recognize that an analysis of class size in TCPA class actions is properly the subject of expert testimony – indeed, they retained two experts to perform that task in this case, and submitted an expert report in connection with their motion for class certification to establish the numerosity of the National Do-Not-Call Class. But Plaintiffs chose not to obtain an expert opinion with respect to the sizes of the Cell Phone and Residential Classes during the expert discovery period – instead, after the expert discovery deadline had passed, Plaintiffs hurriedly obtained a declaration from their counsel's paralegal that follows the exact steps their expert indicated he would perform. An expert opinion masquerading as a lay opinion is prohibited by the Federal Rules of Evidence, is inadmissible, and accordingly the Declaration of Ms. Hoover should be stricken.

Date: March 28, 2017

Respectfully Submitted,

**JASZCZUK P.C.**

By: /s/ Margaret M. Schuchardt
Martin W. Jaszczuk (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois  60606
Telephone:  (312) 442-0509
Facsimile:  (312) 442-0519
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I, Margaret M. Schuchardt, hereby certify that on March 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive electronic service in the above-captioned action.

Dated:   March 28, 2017

Respectfully submitted,

JASZCZUK P.C.

By: /s/ Margaret M. Schuchardt
Martin W. Jaszczuk (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois  60606
Telephone:  (312) 442-0509
Facsimile:  (312) 442-0519
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

---

DEFENDANTS' MOTION TO STRIKE DECLARATION OF RACHEL HOOVER - 6
Case No. 4:15-cv-06314-YGR