1

2

Chiharu Sekino, SBN #306589
Email: csekino@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 429-5272
Facsimile: (866) 300-7367

3

4

5

6

7

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email:  jmurray@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th Street, Suite 300
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

8

9

10

11

[Additional Counsel Appear on Signature Page]

12

*Attorneys for Plaintiffs and the Proposed Class*

13

14

15

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

16

17

18

19

20

21

22

23

24

25

26

ABANTE ROOTER AND PLUMBING,
INC., GEORGE ROSS MANESIOTIS,
MARK HANKINS, and PHILIP J.
CHARVAT, individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

ALARM.COM INCORPORATED, and
ALARM.COM HOLDINGS, INC.,

Defendants.

NO. 4:15-cv-06314-YGR

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL
HOOVER**

JURY TRIAL DEMAND

Complaint Filed:  December 30, 2015

Honorable Yvonne Gonzalez Rogers

DATE:          May 2, 2017
TIME:          2:00 p.m.
LOCATION:  Oakland Courthouse
                   Courtroom 1 - 4th Floor

27

1

**TABLE OF CONTENTS**

2

**Page No.**

3   I.      INTRODUCTION ...................................................................................................... 1

4   II.     ARGUMENT AND AUTHORITY .......................................................................... 1

5           A.      The standard for demonstrating numerosity is low .................................... 1

6
    
7           B.      Ms. Hoover's declaration is proper evidence of numerosity ................................ 2

8   III.    CONCLUSION .......................................................................................................... 5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Bee, Denning, Inc. v. Capital Alliance Grp.*,
   310 F.R.D. 614 (S.D. Cal. 2015) ................................................................. 3, 5

*Celano v. Marriott Int'l Inc.*,
   242 F.R.D. 544 (N.D. Cal. 2007)..................................................................... 1

*Civil Rights Educ. & Enforcement Center v. RLJ Lodging Trust*,
   No. 15-CV-0224-YGR, 2016 WL 314400 (N.D. Cal. Jan. 25, 2016) ............. 2

*Gay v. Waiters' and Dairy Lunchmen's Union*,
   549 F.2d 1330 (9th Cir. 1977) ...................................................................... 1

*Gen. Tel. Co. of the NW, Inc. v. EEOC*,
   446 U.S. 318 (1980).......................................................................................1

*Kristensen v. Credit Payment Servs.*,
   12 F. Supp. 3d 1292 (D. Nev. 2014) .............................................................. 2

*McCaster v. Darden Rests., Inc.,*
   No. 1:13-cv-08847, 2015 U.S. Dist. LEXIS 40343 (N.D. Ill. Mar. 24 2015) ................. 4

*Nghiem v. Dick's Sporting Goods, Inc.,*
   318 F.R.D. 375 (C.D. Cal. 2016) .................................................................... 2

*Nguyen Da Yen v. Kissinger*,
   70 F.R.D. 656 (N.D. Cal. 1976)...................................................................... 2

*Sali v. Universal Health Servs. of Rancho Springs, Inc.,*
   No. CV 14-985 PSG (JPRx), 2015 WL 12656937 (C.D. Cal. June 3, 2015) .................. 4

*Santos v. TWC Admin. LLC*,
   No. 13-04799 MMM (CWx), 2014 WL 12558009 (C.D. Cal. Aug. 4, 2014).................. 2

*Stitt v. San Francisco Mun. Transp. Agency*,
   No. 12-cv-3704 YGR, 2014 WL 1760623 (N.D. Cal. May 2, 2014) ............................. 2

*Sullivan v. Kelly Servs., Inc.*,
   268 F.R.D. 356 (N.D. Cal. 2010)..................................................................... 5

*Villanueva v. Liberty Acquisitions Servicing, LLC*,
No. 3:14-cv-01610-HZ, 2017 WL 1021523 (D. Or. Jan. 13, 2017) ............................ 2, 3

**FEDERAL RULES**

Fed. R. Civ. P. 23(a)(1) ............................................................................................................. 1

**OTHER AUTHORITIES**

William B. Rubenstein, *Newberg on Class Actions* § 3:13 (5th ed. updated Dec. 2014) ............. 1

1

## I.  INTRODUCTION

2

Plaintiffs submitted the declaration of Rachel Hoover in support of their motion for class

3 certification. Ms. Hoover's declaration explains a simple, straightforward comparison that she

4 performed, using a methodology outlined by expert Jeffrey Hansen, to obtain a preliminary

5 determination of the size of the proposed Cell Phone and Residential Classes. Plaintiffs proffer

6 Ms. Hoover's declaration in order to establish a reasonable inference that the Classes are

7 sufficiently large to meet the Rule 23(a) requirement of numerosity. Because the standard for

8 establishing numerosity, as well as the considerations regarding admissibility of evidence at the

9 class certification stage, are not stringent, Ms. Hoover's declaration may properly be considered

10 by the Court as evidence of numerosity. Multiple courts in the Ninth Circuit have admitted

11 similar evidence for this purpose. As a result, Plaintiffs respectfully request the Court deny

12 Alarm.com's motion to strike Ms. Hoover's declaration.

13

## II.  ARGUMENT AND AUTHORITY

14

### A.    The standard for demonstrating numerosity is low.

15

The numerosity requirement is satisfied where the class is so large that "joinder of all

16 members is impracticable."  Fed. R. Civ. P. 23(a)(1). The numerosity requirement demands

17 "examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel.*

18 *Co. of the NW, Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Although there is no bright-line rule

19 setting a minimum number of class members, in the Ninth Circuit a class with at least forty

20 members satisfies the numerosity requirement. *See Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544,

21 548-49 (N.D. Cal. 2007).

22

Class certification is rarely denied on numerosity grounds, and courts are generally

23 forgiving where plaintiffs set forth good faith and commonsense assumptions that numerosity is

24 satisfied. William B. Rubenstein, *Newberg on Class Actions* § 3:13 (5th ed. updated Dec. 2014);

25 *see also Gay v. Waiters' and Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 & n. 5 (9th Cir.

26 1977) (reversing denial of class certification where the district court "unduly emphasized" the

27

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL HOOVER - 1
CASE NO. 4:15-CV-06314-YGR

numerosity requirement and explaining that a court may draw reasonable inferences about the size of the class from the facts before it); *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 661 (N.D. Cal. 1976) ("In order for the court to be able to determine whether the class is so numerous that joinder of all the members would be impracticable, plaintiffs must show <u>some evidence of</u> or <u>reasonably estimate</u> the number of class members." (emphasis added)). "Plaintiffs are not required to establish the precise number of class members, as long as common sense and reasonable inferences from the available facts show that the numerosity requirement is met." *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 380 (C.D. Cal. 2016); *see also Civil Rights Educ. & Enforcement Center v. RLJ Lodging Trust*, No. 15-CV-0224-YGR, 2016 WL 314400, at \*6 (N.D. Cal. Jan. 25, 2016).

In addition, at class certification, the rules regarding admissibility of evidence are relaxed. *See Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014) ("On a motion for class certification, the Court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims. Therefore, the Federal Rules of Evidence take on a substantially reduced significance, as compared to a typical evidentiary hearing or trial.") (quoting *Keilholtz v. Lennox Hearth Prods. Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal 2010)); *see also Stitt v. San Francisco Mun. Transp. Agency*, No. 12-cv-3704 YGR, 2014 WL 1760623, at \*1 n.1 (N.D. Cal. May 2, 2014) (recognizing the "relaxed evidentiary standard at the class certification stage"). "The Court may consider inadmissible evidence to determine class certification." *Kristensen*, 12 F. Supp. 3d at 1303; *see also Santos v. TWC Admin. LLC*, No. 13-04799 MMM (CWx), 2014 WL 12558009, at \*2-3 (C.D. Cal. Aug. 4, 2014).

**B.    Ms. Hoover's declaration is proper evidence of numerosity.**

Multiple district courts in the Ninth Circuit have permitted plaintiffs to rely on the declarations of non-experts regarding data analysis to support numerosity. *See Kristensen*, 12 F. Supp. 3d at 1304 (finding in a TCPA case that "the Court may rely on [plaintiff's] counsel's Declaration, which includes a summary of the data obtained from T-Mobile" and finding the plaintiff had satisfied numerosity on the basis of the declaration); *Villanueva v. Liberty*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL HOOVER - 2
CASE NO. 4:15-CV-06314-YGR

*Acquisitions Servicing, LLC*, No. 3:14-cv-01610-HZ, 2017 WL 1021523, at *4 (D. Or. Jan. 13, 2017) (relying on data analysis conducted by attorney and attorney's staff to establish numerosity where the analysis provided a "class estimate" and noting that "[d]istrict courts in the Ninth Circuit have relied on similar evidence as adequate"). Indeed, in a case similar to this one, Ms. Hoover's declaration regarding the number of unique telephone numbers associated with junk faxes sent by or on behalf of the defendant was accepted by the court as evidence that numerosity was satisfied:

> Plaintiffs have presented substantial, if imperfect, evidence distilling the number of unique telephone numbers associated with the unsolicited fax advertisements allegedly sent on behalf of Capital Alliance. According to Plaintiffs, this evidence indicates that the junk fax class surpasses 450,000 members. (Hoover Decl. 9-13.) Even if this overstates the case, the most conservative estimate limited to unique telephone calls made to toll-free numbers directly linked to Capital Alliance aliases still yields more than 150,000 potential class members. (Hoover Decl. 9:23-10:4.) This reasonable estimate, rooted in evidence, is more than sufficient to satisfy numerosity.

*Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 624 (S.D. Cal. 2015).

Plaintiffs proffer Ms. Hoover's declaration in support of numerosity. Plaintiffs do not contend that Ms. Hoover qualifies as an expert under Federal Rule of Evidence 702. *See* Schuchardt Decl. (ECF No. 101), Ex. 3 (Hoover Dep.) at 13:19-14:2. As demonstrated by the cases cited above, Plaintiffs need not establish that Ms. Hoover is an expert in order for her declaration to be proper evidence to demonstrate that numerosity is satisfied. Alarm.com cites no authority to the contrary.

Ms. Hoover's data analysis consists of a straightforward comparison of call data received from Nationwide with information contained in two other databases in order to determine the number of Class members for the Cell Phone and Residential Classes. *See* Hoover Decl. (ECF No. 87), ¶¶ 5-9. Following the simple process outlined in her declaration, Ms. Hoover arrived at class sizes of approximately 22,118 for the Cell Phone Class and 22,102 for the Residential Class. *See id.*, ¶¶ 11-12. Performing the steps in this process does not require "scientific,

technical, or other specialized knowledge." Fed. R. Evid. 702. The process Ms. Hoover used boils down to matching telephone numbers from one list with telephone numbers on two other lists. Hoover Decl., ¶ 9. Ms. Hoover's use of a computer program to conduct this comparison does not change the simple nature of the task nor the reliability of her calculations. *See id.* Ms. Hoover's comparisons are relevant to numerosity because they are sufficiently reliable to provide a reasonable inference that the Classes are so numerous that joinder of all members is impracticable. It is not necessary for an expert to perform these comparisons in order to demonstrate numerosity at this stage, even if an expert would be necessary at trial.

Alarm.com cites two unpublished district court cases in which paralegal declarations were not accepted by district courts. These cases are distinguishable. In *Sali v. Universal Health Services of Rancho Springs, Inc.*, the paralegal's declaration purported to provide conclusions arising out of the paralegal's analysis of the data, but did so "[w]ithout explanation as to his methods." No. CV 14-985 PSG (JPRx), 2015 WL 12656937, at *10 (C.D. Cal. June 3, 2015). In contrast, Ms. Hoover described in detail the simple and reliable method she used to reach her conclusions, which consisted of comparing lists to find matching telephone numbers. *See* Hoover Decl., ¶¶ 4-9. And *McCaster v. Darden Rests., Inc.* is an out-of-circuit case that provides limited information regarding the nature of the paralegal's declaration. No. 1:13-cv-08847, 2015 U.S. Dist. LEXIS 40343, at *6-7 (N.D. Ill. Mar. 24 2015).

Alarm.com also mentions potential "errors" in Ms. Hoover's calculations in support of their motion to strike. Ms. Hoover made <u>one</u> typographical error in her declaration, which she corrected at her deposition and which did not affect the calculation of the size of the Classes. Schuchardt Decl. (ECF No. 101), Ex. 3 (Hoover Dep.) at 89:3-11. This typographical error does not render Ms. Hoover's declaration irrelevant or inadmissible, and Alarm.com has identified no other "errors" that would call into question the reliability of Ms. Hoover's declaration. Indeed, Alarm.com retained experts to conduct data analysis in this case, but they offer no calculations or opinions disputing the accuracy of Ms. Hoover's determination regarding the size of the Classes. Finally, to the extent any other minor errors exist, reasonable estimates regarding the number of

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL HOOVER - 4
CASE NO. 4:15-CV-06314-YGR

1  class members are sufficient to satisfy numerosity. *See Sullivan v. Kelly Servs., Inc.*, 268 F.R.D.

2  356, 362 (N.D. Cal. 2010) ("Although 75,000 may not be an entirely accurate estimate, the Court

3  is satisfied that the estimate is not so far off the mark to defeat numerosity. If the class turns out

4  to be smaller than legally required under Rule 23(a)(1), Defendants may move to decertify it.");

5  *see also Bee, Denning*, 310 F.R.D. at 624 (finding a "reasonable estimate … more than sufficient

6  to satisfy numerosity"). Ms. Hoover's declaration is sufficiently reliable to demonstrate

7  numerosity.

8       Alarm.com also contends that using Ms. Hoover's declaration is somehow unfair because

9  Plaintiffs are purportedly "seeking to present Mr. Hansen's opinion while avoiding any effective

10  cross-examination." Motion to Strike at 7. But Alarm.com deposed Ms. Hoover and had the

11  opportunity to depose Mr. Hansen about the opinions he expressed in his preliminary expert

12  report, but chose not to do so. Plaintiffs' use of Ms. Hoover's declaration has not caused any

13  prejudice to Alarm.com.

### III.  CONCLUSION

     For the foregoing reasons, the Court should deny Alarm.com's motion to strike the

declaration of Rachel Hoover in support of Plaintiffs' motion for class certification.

     RESPECTFULLY SUBMITTED AND DATED this 11th day of April, 2017.

                   TERRELL MARSHALL LAW GROUP PLLC

                   By:  Beth E. Terrell, SBN #178181
                     Beth E. Terrell, SBN #178181
                     Email: bterrell@terrellmarshall.com
                     Jennifer Rust Murray, *Admitted Pro Hac Vice*
                     Email:  jmurray@terrellmarshall.com
                     936 North 34th Street, Suite 300
                     Seattle, Washington  98103
                     Telephone:  (206) 816-6603
                     Facsimile:   (206) 319-5450

John W. Barrett, *Admitted Pro Hac Vice*
E-mail: jbarrett@baileyglasser.com
Jonathan R. Marshall, *Admitted Pro Hac Vice*
Email:  jmarshall@baileyglasser.com
Ryan McCune Donovan, *Admitted Pro Hac Vice*
Email:  rdonovan@baileyglasser.com
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Telephone:  (304) 345-6555
Facsimile:   (304) 342-1110

Edward A. Broderick
Email: ted@broderick-law.com
Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (617) 738-7080
Facsimile:   (617) 830-0327

Matthew P. McCue
E-mail: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, Massachusetts  01760
Telephone:  (508) 655-1415
Facsimile:   (508) 319-3077

Chiharu Sekino, SBN #306589
Email: csekino@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLP
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 429-5272
Facsimile: (866) 300-7367

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL HOOVER - 6
CASE NO. 4:15-CV-06314-YGR

1

2

3

4

5

James C. Shah, SBN #260435
Email: jshah@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
    & SHAH, LLP
35 East State Street
Media, Pennsylvania 19063
Telephone:  (610) 891-9880
Facsimile:  (866) 300-7367

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL HOOVER - 7
CASE NO. 4:15-CV-06314-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on April 11, 2017, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Stephen E. Taylor, SBN #058452
Email: staylor@taylorpatchen.com
Jonathan A. Patchen, SBN #237346
Email: jpatchen@taylorpatchen.com
Cheryl A. Cauley, SBN #252262
Email:  ccauley@taylorpatchen.com
TAYLOR & PATCHEN, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208

Martin W. Jaszczuk, *Admitted Pro Hac Vice*
Email: mjaszczuk@jaszczuk.com
Margaret M. Schuchardt, *Admitted Pro Hac Vice*
Email:  mschuchardt@jaszczuk.com
Keith L. Gibson, *Admitted Pro Hac Vice*
Email:  kgibson@jaszczuk.com
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois 60606
Telephone: (312) 442-0311

Ross A. Buntrock, *Admitted Pro Hac Vice*
Email: ross@olspllc.com
OBSIDIAN LEGAL PLLC
1821 Vernon Street NW
Washington, DC 20009
Telephone: (202) 643-9055

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL HOOVER - 8
Case No. 4:15-cv-06314-YGR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

DATED this 11th day of April, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Beth E. Terrell, SBN #178181
Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
DECLARATION OF RACHEL HOOVER - 9
Case No. 4:15-cv-06314-YGR