Chiharu Sekino, SBN #306589
Email: csekino@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 429-5272
Facsimile: (866) 300-7367

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email: jmurray@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., GEORGE ROSS MANESIOTIS, MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>   v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>              Defendants. | NO. 4:15-cv-06314-YGR<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT REPORT OF ANYA VERKHOVSKAYA**<br><br><u>JURY TRIAL DEMAND</u><br><br>Complaint Filed: December 30, 2015<br><br>Honorable Yvonne Gonzalez Rogers<br><br>DATE:      May 2, 2017<br>TIME:      2:00 p.m.<br>LOCATION:  Oakland Courthouse<br>                    Courtroom 1 - 4th Floor |

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION ............................................................................................................. 1

II. MS. VERKHOVSKAYA'S QUALIFICATIONS AND METHODOLOGY .................. 1

III. ARGUMENT AND AUTHORITY .................................................................................. 3

    A. Ms. Verkhovskaya's report is relevant to numerosity and other class certification requirements ................................................................................... 3

    B. Ms. Verkhovskaya's report should not be excluded just because Alarm.com's experts disagree with her conclusions ............................................ 6

IV. CONCLUSION .................................................................................................................. 8

|   |   |
|---|---|
| 1 | |
| 2 | **TABLE OF AUTHORITIES** |

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

*Celano v. Marriott Int'l Inc.*,
   242 F.R.D. 544 (N.D. Cal. 2007) ......................................................................................... 6

*Civil Rights Educ. & Enforcement Center v. RLJ Lodging Trust*,
   No. 15-CV-0224-YGR, 2016 WL 314400 (N.D. Cal. Jan. 25, 2016) ............................... 4

*Ikuseghan v. MultiCare Health Sys.*,
   No. C14-5539 BHS, 2015 WL 4600818 (W.D. Wash. July 29, 2015) ............................. 5

*In re Abbott Labs. Norvir Anti-Trust Litig.*,
   Nos. C 04–1511 CW, C 04–4203 CW, 2007 WL 1689899 (N.D. Cal.
   June 11, 2007) .................................................................................................................... 4

*Kennedy v. Collagen Corp.*,
   161 F.3d 1226 (9th Cir. 1998) ............................................................................................ 6

*Krakauer v. Dish Network, L.L.C.*,
   No. 1:14-CV-333, 2015 WL 5227693 (M.D.N.C. Sep. 8, 2015) ........................... 2, 5, 7, 8

*Krakauer v. Dish Network L.L.C.*,
   311 F.R.D. 384 (M.D.N.C. 2015) .................................................................................. 4, 7

*Kristensen v. Credit Payment Servs.*,
   12 F. Supp. 3d 1292 (D. Nev. 2014) .............................................................................. 1, 5

*Legg v. v. Voice Media Grp., Inc.*,
   No. 13-62044-CIV, 2014 WL 1766961 (S.D. Fla. May 5, 2014) ...................................... 6

*Parkinson v. Hyundai Motor Am.*,
   258 F.R.D. 580 (C.D. Cal. 2008) ....................................................................................... 4

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) .............................................................................................. 1

*Rai v. Santa Clara Valley Transp. Auth.*,
   308 F.R.D. 245 (N.D. Cal. 2015) ................................................................................... 1, 4

*Shamblin v. Obama for Am.*,
   No. 8:13-cv-2428-T-33 TMB, 2015 WL 1909765 (M.D. Fla. Apr. 27, 2015) ................. 5

*Stitt v. San Francisco Mun. Transp. Agency*,
    No. 12-cv-3704 YGR, 2014 WL 1760623 (N.D. Cal. May 2, 2014) .............................. 4

*United States v. Sandoval-Mendoza*,
    472 F.3d 645 (9th Cir. 2006) ........................................................................................ 6

**FEDERAL RULES**

Fed. R. Evid. 703 ............................................................................................................... 7

## I. INTRODUCTION

Alarm.com's challenges to Anya Verkhovskaya's expert testimony are more appropriately raised in a closing argument at trial, not in a motion to exclude her testimony altogether. Alarm.com's claim that her opinion is "irrelevant" misperceives the role of Ms. Verkhovskaya's testimony in Plaintiffs' case. Ms. Verkhovskaya analyzed call records to determine, for class certification purposes, the number of class members in the proposed National Do-Not-Call Class, and to show that the class members can be identified for manageability purposes. Merits determination—such as which of the calls promoted Alarm.com's products and services and for which calls Alarm.com can prove consent—are beyond the scope of her report, and will be determined through other testimony. Ms. Verkhovskaya testified that she will be able to adjust her analysis to account for those types of determinations when they are resolved on the merits.

Alarm.com's claim that Ms. Verkhovskaya's report should be excluded because its experts disagree with her conclusions is not a proper basis to strike an expert's report. As the Ninth Circuit has instructed, the test "is not the correctness of the expert's conclusions but the soundness of his methodology," and an expert who satisfies the threshold established by Federal Rule of Evidence 702 may testify, allowing the factfinder to decide how much weight to give that testimony. *Primiano v. Cook*, 598 F.3d 558, 564-565 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995)). On class certification, the evidentiary standard is relaxed and courts may consider evidence that would not be admissible at trial. *See Rai v. Santa Clara Valley Transp. Auth.*, 308 F.R.D. 245, 264 (N.D. Cal. 2015); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014). Alarm.com's motion to exclude Ms. Verkhovskaya's report should be denied.

## II. MS. VERKHOVSKAYA'S QUALIFICATIONS AND METHODOLOGY

Alarm.com does not challenge Ms. Verkhovskaya's qualifications as an expert. Nor could it. Ms. Verkhovskaya has served as a class action administrator and as an expert witness in

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 1
CASE NO. 4:15-CV-06314-YGR

numerous TCPA cases, analyzing call records like the records at issue in this case. *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2015 WL 5227693, at *2 (M.D.N.C. Sep. 8, 2015).

Nor does Alarm.com seriously challenge Ms. Verkhovskaya's methodology. To perform her analysis, Ms. Verkhovskaya loaded the relevant calling data into a database for analysis, running queries, and tracking additional data points. Expert Report of Anya Verkhovskaya, ¶¶ 8-11.[1] She reviewed this Source Data at the outset to exclude records for numbers with invalid area codes and numbers with more or fewer than ten digits, and to exclude true duplicate records (meaning the call record included exact duplicate data points for every field of data). *Id.*, ¶ 12.

Next, Ms. Verkhovskaya identified "qualifying" calls from the remaining Source Data for further analysis. She used the disposition codes from the call records and, in the case of Alliance Security's records, counted only outbound calls with a disposition of "answered" and a duration of at least 0:00:01; for Nationwide, she counted calls with a duration of greater than zero minutes ("the Qualifying Calls"). Ms. Verkhovskaya then analyzed the records to identify the telephone numbers that received at least two calls in any twelve-month period (the "Multiple Qualifying Calls"). *Id.*, ¶¶ 13-14.

Ms. Verkhovskaya conducted her NDNCR Analysis by reviewing the Multiple Qualifying Calls to identify telephone numbers that received more than one Multiple Qualifying Call within any twelve-month period, at a time when that telephone number had been listed on the NDNCR for at least 30 days prior to the first Qualifying Call. *Id.*, ¶ 15. Ms. Verkhovskaya explained that this analysis determined whether a telephone number was on the registry for at least 30 full days prior to date the call. *Id.* at 15 n 3.

Ms. Verkhovskaya analyzed the Multiple Call Numbers to determine which telephone numbers were listed on the NDNCR and, for those records, the date on which each telephone number was added to the NDNCR. *Id.*, ¶ 16. This analysis was performed with Nexxa, which obtains information regarding the NDNCR, including date of registry, from the Federal Trade

---

[1] Ms. Verkhovskaya's report is attached as Exhibit 25 to the Declaration of Beth E. Terrell (ECF No. 86). Ms. Verkhovskaya's rebuttal report is attached as Exhibit 26 to the Terrell Declaration.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 2
CASE NO. 4:15-CV-06314-YGR

Commission. *Id.* A.B. Data has an Organization ID number issued by the FTC that Nexxa uses to access information available from the NDNCR. *Id.* Ms. Verkhovskaya testified that based on her experience, Nexxa provides accurate and reliable NDNCR registration information. *Id.* Ms. Verkhovskaya testified that she uploaded the Qualifying Numbers to Nexxa, which performed its analysis and produced an output file (the "Output"), that included whether each Multiple Call Number had been listed on the NDNCR and, if applicable, the date the telephone number was added to the NDNCR. *Id.*, ¶¶ 18-19.

Ms. Verkhovskaya then reviewed the Output to identify all Multiple Qualifying Calls that were listed on the NDNCR for a full 30 days prior to the date the first Qualifying Call was made to that telephone number (the "Source Data NDNCR Numbers"). *Id.*, ¶¶ 19-21. Finally, Ms. Verkhovskaya submitted the Source Data NDNCR to LexisNexis to eliminate numbers that were associated with businesses and not eligible for inclusion on NDNCR. *Id.*, ¶ 22. Ms. Verkhovskaya was thus able to opine as to the number of telephone numbers called more than twice in a twelve-month period that had been on the NDNCR for a full 30 days and provided the results in her expert report. *Id.*, ¶ 26.

### III.  ARGUMENT AND AUTHORITY

**A.  Ms. Verkhovskaya's report is relevant to numerosity and other class certification requirements.**

Alarm.com argues that Ms. Verkhovskaya's testimony is irrelevant because she did not limit her analysis to records of calls that promote Alarm.com's products and services and because she did not eliminate calls made with consent or to individuals with whom Alarm.com has an established business relationship. But Ms. Verkhovskaya cannot incorporate those issues into her analysis until they are resolved on the merits. As discussed in Plaintiffs' class certification reply brief, whether Alarm.com can be held liable for Alliance's telemarketing violations is a central disputed issue in this case and will be decided by the factfinder based on the totality of Plaintiffs' evidence. Ms. Verkhovskaya cannot include or exclude calls on that basis until the factfinder has considered the evidence and made a determination. Nor would it be

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 3
CASE NO. 4:15-CV-06314-YGR

appropriate for her to decide which of the calls that Alarm.com claims were made with consent or pursuant to an established business relationship should be excluded. Ms. Verkhovskaya states in her report that it will be easy for her to exclude these numbers from her analysis if the factfinder determines that they should be excluded. Rebuttal Report, ¶¶ 15, 23-24. *See also Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 397-98 (M.D.N.C. 2015) (finding that individuals who had an established business relationship with Dish could be easily excluded from Ms. Verkhovskaya's analysis).

Alarm.com argues that Ms. Verkhovskaya's analysis does not accurately provide the number of members of the National Do-Not-Call Class because she has not made the merits determinations of which calls promoted Alarm.com's products and services or excluded calls mad with consent or as part of an established business relationship. But Plaintiffs do not have to prove the exact number of class members to satisfy the numerosity requirement. The purpose of the numerosity requirement is to determine whether joinder of all class members would be impracticable. *See Civil Rights Educ. & Enforcement Center v. RLJ Lodging Trust*, No. 15-CV-0224-YGR, 2016 WL 314400, at *6 (N.D. Cal. Jan. 25, 2016). Courts "may make common-sense assumptions and reasonable inferences" in assessing numerosity. *Id.*; *see also In re Abbott Labs. Norvir Anti-Trust Litig.,* Nos. C 04–1511 CW, C 04–4203 CW, 2007 WL 1689899, at *6 (N.D. Cal. June 11, 2007) ("Where 'the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.'" (citation omitted)).

Moreover, the rules of admissibility of evidence are relaxed on class certification. *Stitt v. San Francisco Mun. Transp. Agency*, No. 12-cv-3704 YGR, 2014 WL 1760623, at *1 n.1 (N.D. Cal. May 2, 2014). As to expert testimony, "the Court need not engage in a full *Daubert* … analysis" at class certification, but instead should "conduct a limited inquiry into the reliability of the expert opinion and its relevance to determining a Rule 23 requirement." *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 599 (C.D. Cal. 2008); *see also Rai v. Santa Clara Valley Transp. Auth.*, 308 F.R.D. 245, 264 (N.D. Cal. 2015). Courts may even consider inadmissible

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 4
CASE NO. 4:15-CV-06314-YGR

evidence to determine class certification. *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014) ("On a motion for class certification, the Court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims. Therefore, the Federal Rules of Evidence take on a substantially reduced significance, as compared to a typical evidentiary hearing or trial." (quoting *Keilholtz v. Lennox Hearth Prods. Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010)).

The purpose of Ms. Verkhovskaya's analysis was to identify which of the call recipients within the records received two or more calls during a 12 month period in spite of being listed on the National Do-Not-Call Registry for more than 30 days at the time of the call. Ms. Verkhovskaya's methodology is reliable, and is no different from the analysis she performed in a TCPA class action against Dish Networks, LLC, which withstood a *Daubert* challenge and enabled the jury, after a five-day trial, to determine the number of Do Not Call violations committed in that case. *See generally Krakauer*, 2015 WL 5227693 (denying motion to exclude report of Anya Verkhovskaya); *see also* Barrett Decl. (ECF No. 88), Ex. 1 (jury verdict in favor of Plaintiff and the entire class). Other courts have also denied *Daubert* challenges to Ms. Verkhovskaya's reports in TCPA cases and relied on her reports in considering class certification. *See Ikuseghan v. MultiCare Health Sys.*, No. C14-5539 BHS, 2015 WL 4600818, at *4 (W.D. Wash. July 29, 2015) (relying on Ms. Verkhovskaya's report for ascertainability and numerosity); *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33 TMB, 2015 WL 1909765, at *3 (M.D. Fla. Apr. 27, 2015) (finding that Ms. Verkhovskaya's methodology was reliable and would "substantially assist the trier of fact").[2]

---

[2] In *Shamblin*, the court denied certification because many of the proposed class members could have consented to the calls "in a multitude of ways," including website signups, at events, through campaign contributions, as part of contest submissions, by signing online petitions, and during door-to-door signups.2015 WL 1909765, at *11-12. No similar issues are presented in this case, where the only calls Alarm.com claims were made with consent were to individuals who contacted Alarm.com requesting information.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 5
CASE NO. 4:15-CV-06314-YGR

1    Alarm.com cites *Legg v. v. Voice Media Group, Inc.*, but there the plaintiff alleged the
2  defendant sent unwanted text messages to class members and could not show that there were any
3  other class members. No. 13-62044-CIV, 2014 WL 1766961, at *3 (S.D. Fla. May 5, 2014). He
4  claimed that everyone on a list of 1,026 cellular subscribers who texted "STOP ALL" to the
5  defendant was a class member but had no evidence of which of the subscribers continued to
6  receive unwanted text messages after sending a "STOP ALL" text. *Id.* The court found that
7  because the plaintiff's proposed class consisted of individuals who sent "STOP ALL" messages
8  and then continued to received advertisements, his "conclusion that each of these individuals [on
9  the "STOP ALL" list] is a class member thus has no support in the underlying documents." *Id.* In
10 this case, by contrast, Ms. Verkhovskaya has determined that nearly 200,000 unique numbers fall
11 within the National Do-Not-Call Class definition. Terrell Reply Decl., Ex. 37. Even if some of
12 these numbers are later excluded because of determinations on the merits of Alarm.com's
13 vicarious liability, or consent or established business relationship defenses, the Class will have
14 far more than the 40 members that courts find satisfy numerosity. *Celano v. Marriott Int'l Inc.*,
15 242 F.R.D. 544, 548-49 (N.D. Cal. 2007).

**B.   Ms. Verkhovskaya's report should not be excluded just because Alarm.com's experts disagree with her conclusions.**

Alarm.com's argument that Ms. Verkhovskaya's testimony is unreliable because its experts disagree with some aspects of her methodology should also be rejected. Courts do not exclude expert testimony just because there are disputes over the expert's methodology, since those considerations go to the weight to be accorded the expert's opinion and not its admissibility. *See, e.g., Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230-31 (9th Cir. 1998) ("In arriving at a conclusion, the factfinder may be confronted with opposing experts, additional tests, experiments, and publications, all of which may increase or lessen the value of the expert's testimony. But their presence should not preclude the admission of the expert's testimony—they go to the *weight,* not the admissibility."); *see also United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) ("[A] factual dispute is best settled by a battle of the experts before the

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 6
CASE NO. 4:15-CV-06314-YGR

1    fact finder, not by judicial fiat. Where two credible experts disagree, it is the job of the fact
2    finder, not the trial court, to determine which source is more credible and reliable.").
3        Alarm.com criticizes three aspects of Ms. Verkhovskaya's methodology: (1) her
4    calculation of the grace period for calls on the National Do-Not-Call Registry; (2) her use of
5    LexisNexis to remove business numbers; and (3) her purported failure to exclude calls that may
6    not have been answered or that may have been assigned to different individuals during the
7    twelve-month period. As to the first issue, Ms. Verkhovskaya confirmed in her rebuttal report
8    that her analysis excluded all calls to numbers that had not been on the Nation Do-Not-Call
9    Registry for a *full* 30 days because the statute gives telemarketers "up to" 31 days to stop calling
10   registered numbers. Rebuttal Report, ¶¶ 3, 19-20. The *Dish* court accepted this approach.
11   *Krakauer*, 2015 WL 5227693, at *3 n.1. Alarm.com suggests that Ms. Verkhovskaya conceded
12   in her rebuttal report that its experts are correct, but that is not true. Ms. Verkhovskaya did offer
13   that, in any event, she could easily re-run her analysis using a 31-day grace period. *Id.*, ¶ 19.
14       Alarm.com argues that Ms. Verkhovskaya should not have relied on LexisNexis to
15   exclude numbers that belong to businesses, citing her independent analysis suggesting that there
16   is a 14% error rate. Ms. Verkhovskaya stated in her rebuttal report that she has used LexisNexis
17   to identify businesses in multiple TCPA cases, has a longstanding relationship with LexisNexis,
18   and regularly relies on LexisNexis to provide accurate and reliable information. *Id.*, ¶ 10. Experts
19   are entitled to rely upon facts or data from other sources "[i]f experts in the particular field would
20   reasonably rely on those kinds of facts or data in forming an opinion." Fed. R. Evid. 703. The
21   court rejected a similar challenge in *Dish*, finding that it was sufficient that Ms. Verkhovskaya
22   relied on facts and data of a type reasonably relied upon by experts in the field and that the 14%
23   error rate was not "unreasonably high for these particular circumstances." *Krakauer*, 2015 WL
24   5227693, at *8-9; *see also Krakauer*, 311 F.R.D. at 396-97 (granting class certification even
25   though some business numbers may not have been excluded because "[t]he fact that a class list
26   contains members whose claims may fail on the merits does not mean that the class cannot be
27   certified").

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 7
CASE NO. 4:15-cv-06314-YGR

Alarm.com contends that Ms. Verkhovskaya's method for removing calls that were not answered was flawed. As Ms. Verkhovskaya explained in her rebuttal report, she relied on fields in the call records that she knows from her experience working with these types of records signify whether a call was answered. Rebuttal Report, ¶¶ 4-6. In the *Dish* case, the court rejected a similar argument, finding that Ms. Verkhovskaya's use of codes that "seem obvious on their face" was appropriate, and that Dish's challenges to her method went to the weight and credibility of her report, not its admissibility. *Krakauer*, 2015 WL 5227693, at *7. Ms. Verkhovskaya also responded to Alarm.com's contention that she did not account for numbers that may have be reassigned during the twelve-month period in her rebuttal report. She noted that Alarm.com's expert failed to identify a single instance where her conclusions were inaccurate but that, if necessary, she could conduct a "historic reverse append" to match the subscriber to the number on each call date. Rebuttal Report, ¶ 7. In other words, Alarm.com's concern is purely hypothetical and can also be easily addressed.

None of Alarm.com's criticisms of Ms. Verkhovskaya's report undermine her opinion that there are many thousands of members of the National Do-Not-Call Class, satisfying the numerosity requirement.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Alarm.com's motion to strike the expert report of Anya Verkhovskaya.

RESPECTFULLY SUBMITTED AND DATED this 11th day of April, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:   Beth E. Terrell, SBN #178181
    Beth E. Terrell, SBN #178181
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, *Admitted Pro Hac Vice*
    Email:  jmurray@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103
    Telephone:  (206) 816-6603
    Facsimile:   (206) 319-5450

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT
REPORT OF ANYA VERKHOVSKAYA - 8
CASE NO. 4:15-CV-06314-YGR

John W. Barrett, *Admitted Pro Hac Vice*
E-mail: jbarrett@baileyglasser.com
Jonathan R. Marshall, *Admitted Pro Hac Vice*
Email:  jmarshall@baileyglasser.com
Ryan McCune Donovan, *Admitted Pro Hac Vice*
Email:  rdonovan@baileyglasser.com
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Telephone:  (304) 345-6555
Facsimile:   (304) 342-1110

Edward A. Broderick
Email: ted@broderick-law.com
Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (617) 738-7080
Facsimile:   (617) 830-0327

Matthew P. McCue
E-mail: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, Massachusetts  01760
Telephone:  (508) 655-1415
Facsimile:   (508) 319-3077

Chiharu Sekino, SBN #306589
Email: csekino@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLP
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 429-5272
Facsimile: (866) 300-7367

1  
2  
3  
4  
5  

James C. Shah, SBN #260435  
Email: jshah@sfmslaw.com  
SHEPHERD, FINKELMAN, MILLER  
  & SHAH, LLP  
35 East State Street  
Media, Pennsylvania 19063  
Telephone:  (610) 891-9880  
Facsimile:  (866) 300-7367  

6  

*Attorneys for Plaintiffs*

7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on April 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Stephen E. Taylor, SBN #058452
>Email: staylor@taylorpatchen.com
>Jonathan A. Patchen, SBN #237346
>Email: jpatchen@taylorpatchen.com
>Cheryl A. Cauley, SBN #252262
>Email: ccauley@taylorpatchen.com
>TAYLOR & PATCHEN, LLP
>One Ferry Building, Suite 355
>San Francisco, California 94111
>Telephone: (415) 788-8200
>Facsimile: (415) 788-8208
>
>Martin W. Jaszczuk, *Admitted Pro Hac Vice*
>Email: mjaszczuk@jaszczuk.com
>Margaret M. Schuchardt, *Admitted Pro Hac Vice*
>Email: mschuchardt@jaszczuk.com
>Keith L. Gibson, *Admitted Pro Hac Vice*
>Email: kgibson@jaszczuk.com
>JASZCZUK P.C.
>311 South Wacker Drive, Suite 1775
>Chicago, Illinois 60606
>Telephone: (312) 442-0311
>
>Ross A. Buntrock, *Admitted Pro Hac Vice*
>Email: ross@olspllc.com
>OBSIDIAN LEGAL PLLC
>1821 Vernon Street NW
>Washington, DC 20009
>Telephone: (202) 643-9055
>
>*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT REPORT OF ANYA VERKHOVSKAYA - 11
CASE NO. 4:15-CV-06314-YGR

DATED this 11th day of April, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, SBN #178181
    Beth E. Terrell, SBN #178181
    Email: bterrell@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103-8869
    Telephone:  (206) 816-6603
    Facsimile:  (206) 350-3528

*Attorneys for Plaintiffs*