Martin W. Jaszczuk (admitted *pro hac vice*)
Margaret M. Schuchardt (admitted *pro hac vice*)
Keith L. Gibson (admitted *pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, IL 60606
Telephone: 312-442-0428
E-mail: mjaszczuk@jaszczuk.com

Stephen E. Taylor, SBN 058452
Jonathan A. Patchen, SBN 237346
Cheryl A. Cauley, SBN 252262
TAYLOR & PATCHEN, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone: 415-788-8200
Facsimile: 415-788-8208
E-mail: staylor@taylorpatchen.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., GEORGE ROSS MANESIOTIS, MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>Defendants. | Civil Action No. 4:15-cv-06314-YGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF ANYA VERKHOVSKAYA**<br><br>DATE:   May 2, 2017<br>TIME:    2:00 p.m.<br>LOCATION:   Courtroom 1 – 4th Floor<br><br>Honorable Yvonne Gonzalez Rogers |

Plaintiffs offer Ms. Verkhovskaya's report to identify the number of individuals in the National Do-Not-Call Class ("DNC Class"), *i.e.*, individuals who received calls that purportedly promoted Alarm.com goods and services in violation of the DNC regulations. But Ms. Verkhovskaya's report makes no such identification. Plaintiffs admit that Ms. Verkhovskaya did not remove any calls that were made with consent, nor did she remove calls that did not, in fact, promote Alarm.com services. Plaintiffs dismiss these as "merits issues" that need not be addressed at this juncture of the proceedings. But Plaintiffs miss the point. Defendants do not contend that this Court should rule, one way or the other, on any merits issues at this time; Defendants contend that there are no *class-wide means* of making such determinations. Ms. Verkhovskaya's report is a telling example.

As an initial matter, because Plaintiffs chose to define the DNC Class to include individuals who received calls promoting Alarm.com and who did not consent to be contacted, the result of any numerosity analysis that fails to take these factors into account has no bearing on the true size of the class, and fails to even approximate it. More importantly, as Ms. Verkhovskaya testified, there is simply no way to identify the calls meeting the class criteria without engaging in individualized inquiries into the content of the calls and the recipients of the calls. Plaintiffs' contention that such a determination can be made after liability is established puts the cart before the horse – Plaintiffs must first establish that liability can be determined on a class-wide basis. Ms. Verkhovskaya confirms that this is not the case.

In support of Ms. Verkhovskaya's report, Plaintiffs rely heavily on the supposedly lower standard for expert testimony in the context of class certification. But Plaintiffs mischaracterize the evidentiary standard governing a motion to strike. In ruling on a motion to strike expert testimony, a court must apply the evidentiary standard set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). Under *Daubert*, the trial court must act as a "gatekeeper" to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). At the class

certification stage, a court should conduct a "tailored Daubert analysis" which "scrutinizes the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Tait v. BSH Home Appliance Corp.*, 289 F.R.D. 466, 495 (2012); *see also Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 629 (W.D. Wash. 2011).

In the present case, Plaintiffs submit Ms. Verkhovskaya's report in an effort to demonstrate the numerosity of the DNC Class. But Ms. Verkhovskaya's opinion does not do so, because it does not quantify the universe of individuals who received calls promoting Alarm.com services. Plaintiffs contend that such a determination is a merits issue that is inappropriate at the certification stage – but unless such a determination can demonstrably be made by class-wide means, there is no way to know how many individuals comprise the class. It may be tens of thousands. It may be none. It may be thirty. Ms. Verkhovskaya's report therefore does not reflect a "reasonable estimate" of the size of the DNC Class. *See Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 624 (S.D. Cal. 2015).

As Ms. Verkhovskaya herself testified, in this particular instance, there is no way to accurately determine the size of the class without individualized inquiry. Verkhovskaya Dep., 52:1-2; 62:16-63:3 (Dkt. 103-2). And for all of the reasons set forth in Defendants' opposition brief, the threshold criteria for class membership—receipt of a call "promoting Defendants' goods or services"—requires individualized analysis of the content of each call. The data analyzed by Ms. Verkhovskaya does not and cannot resolve these issues and, accordingly, Ms. Verkhovskaya's report is simply not relevant to the issue of the numerosity of the Do-Not-Call Class.

In defense of her report, Plaintiffs note that Ms. Verkhovskaya survived a *Daubert* challenge in *Krakauer v. Dish Network, LLC*, 311 F.R.D. 384 (M.D.N.C. 2015) and submit that the analysis she performed here is no different than her analysis in *Krakauer*. But there are important, dispositive differences between this case and *Krakauer*. For one thing, the defendant in *Krakauer* conceded numerosity, and more significantly, did not dispute that the calls at issue promoted defendant's products. *See generally Krakauer*, 311 F.R.D. 384 (M.D.N.C. 2015).

Accordingly, there was no need to scrutinize the content of the calls at issue to determine class membership in *Krakauer*. Here, such an inquiry is critical, and it is one that Ms. Verkhovskaya did not, and cannot, perform.

This deficiency by itself is sufficient to render Ms. Verkhovskaya's opinion irrelevant to the issues presented by Plaintiffs' certification motion. The other errors in Ms. Verkhovskaya's analysis merely demonstrate that her methodology also lacks reliability, and underscore that her report need not, and should not, be considered by the Court in evaluating whether class certification is appropriate here.

For the foregoing reasons, and the reasons set forth in Defendants' Motion to Strike, Defendants respectfully request that the Court strike the Expert Report of Anya Verkhovskaya.

Date: April 18, 2017

Respectfully Submitted,

JASZCZUK P.C.

By: /s/ Margaret M. Schuchardt
Martin W. Jaszczuk (admitted *pro hac vice*)
Margaret M. Schuchardt (admitted *pro hac vice*)
Keith L. Gibson (admitted *pro hac vice*)
311 South Wacker Drive
Suite 1775
Chicago, IL 60606
Telephone: 312-442-0428
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

Ross Allen Buntrock (admitted *pro hac vice*)
OBSIDIAN LEGAL PLLC
1821 Vernon St., NW
Washington, DC 20009
Telephone: (202) 643-9055
Email: ross@olspllc.com

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

**CERTIFICATE OF SERVICE**

    I, Margaret M. Schuchardt, hereby certify that on April 18, 2017, I electronically filed the foregoing Defendants' Reply in Support of Motion to Strike Expert Report of Anya Verkhovskaya with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive electronic service in the above-captioned action.

Dated:   April 18, 2017

Respectfully submitted,

JASZCZUK P.C.

By: /s/ Margaret M. Schuchardt
Margaret M. Schuchardt (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois  60606
Telephone:  (312) 442-0509
Facsimile:  (312) 442-0519
mschuchardt@jaszczuk.com

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

---

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF ANYA
VERKHOVSKAYA - 5
Case No. 4:15-cv-06314-YGR