Martin W. Jaszczuk (admitted *pro hac vice*)
Margaret M. Schuchardt (admitted *pro hac vice*)
Keith L. Gibson (admitted *pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, IL 60606
Telephone: 312-442-0428
E-mail: mjaszczuk@jaszczuk.com

Stephen E. Taylor, SBN 058452
Jonathan A. Patchen, SBN 237346
Cheryl A. Cauley, SBN 252262
TAYLOR & PATCHEN, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone: 415-788-8200
Facsimile: 415-788-8208
E-mail: staylor@taylorpatchen.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., GEORGE ROSS MANESIOTIS, MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>Defendants. | Civil Action No. 4:15-cv-06314-YGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF JEFFREY HANSEN**<br><br>DATE: May 2, 2017<br>TIME: 2:00 p.m.<br>LOCATION: Courtroom 1 – 4th Floor<br><br>Honorable Yvonne Gonzalez Rogers |

Under Rule 702, an expert opinion is admissible if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The Rule thus requires an expert opinion to be based upon an application of a reliable methodology to the facts of a case. But that did not happen here. In Plaintiffs' own words, proposed expert Jeffrey Hansen "describe[d] the data analysis that *could* be performed" on the call data produced in this case to determine the members of the Residential and Cell Phone Classes. But such analysis was never performed – at least, not by Mr. Hansen. Instead, Plaintiffs' counsel's paralegal attempted to perform the steps outlined by Mr. Hansen in his expert report, in a declaration Plaintiffs contend is *not* tantamount to an expert opinion. But Plaintiffs can't have it both ways. There is no reason Mr. Hansen could not have performed the analysis he describes in his report – indeed, a layperson undertook to perform it. Plaintiffs cannot now contend that Mr. Hansen's theoretical analysis is relevant and reliable as an expert opinion, while simultaneously arguing that a paralegal performing this analysis did not perform the work of an expert, and seek admission of both. They should receive the benefit of neither.

Plaintiffs excuse the deficiencies in Mr. Hansen's report by relying on the purportedly lower standard for expert testimony in the context of class certification. But Plaintiffs mischaracterize the evidentiary standard governing a motion to strike. In ruling on a motion to strike expert testimony, courts apply the evidentiary standard set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). Plaintiffs' assertion that the Court need only conduct a "limited inquiry into the reliability of an expert" is not accurate. Under *Daubert,* the trial court must act as a "gatekeeper" to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable. *Ellis*, 657 F.3d at 982. At the class certification stage, a court should conduct a

"tailored Daubert analysis" which "scrutinizes the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Tait v. BSH Home Appliance Corp.*, 289 F.R.D. 466, 495 (2012); *see also Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 629 (W.D. Wash. 2011).  Mr. Hansen's report is neither relevant nor reliable in evaluating whether the class certification elements have been met, and should be stricken.

## ARGUMENT

Mr. Hansen's report bears on no issue before the court on class certification.  Mr. Hansen did not examine the dialing equipment at issue (or its corresponding documentation) to determine whether the equipment featured any of the characteristics of an Automatic Telephone Dialing System.  Nor did Mr. Hansen analyze the call records at issue to identify the size of any of the putative classes.  While Mr. Hansen did state that such an analysis would be possible if he had records meeting certain criteria, he did not establish that the call records at issue here meet those criteria (and therefore could be analyzed pursuant to his methodology), because he did not review those records.  None of the cases cited by Plaintiffs found an expert report or opinion admissible under these circumstances.  The authorities relied upon by Plaintiffs generally involved experts positing *damages* models – but damages analyses, of course, need not be performed at the certification stage.  Damage experts need only demonstrate that damages *can* be calculated on a class-wide basis, based on the available data.  *See Ralston v. Mortg. Investors Grp., Inc.*, No. 08-536-JF (PSG), 2011 U.S. Dist. LEXIS, at *38-39 (N.D. Cal. Nov. 30, 2011).  Plaintiffs do not offer Mr. Hansen's report for the purpose of calculating damages – they offer his report to establish class size, which he states he could have done (and should have done) with the data available to Plaintiffs at the time the report was authored.  He did not.

The situation here is much more analogous to the one faced by Plaintiffs' counsel in *Southwell v. Mortgage Investors Corp. of Ohio,* No. C13-1289 MJP, 2014 U.S. Dist. LEXIS 112362, at *4-*10 (W.D. Wash. Aug. 12, 2014).  In *Southwell*, the plaintiffs attempted to establish the numerosity of a particular class through the declaration of a purported expert who

had no relevant expertise and relied upon highly questionable data, and then attempted to correct this deficiency by offering the declaration of a second expert describing what the expert "intended to do with the data provided by Plaintiffs." *See id*. at *11-12. The court concluded that such a report could not be used to establish numerosity for the purposes of the plaintiffs' certification motion:

> Nor does the submission of Plaintiffs' second expert, Anya Verkhovskaya, assist the Court in finding that the numerosity prerequisite has been met in this case. Plaintiffs introduced her testimony purportedly to establish that it was possible to determine (1) whether phone numbers of the NDCNR List are business numbers . . . (2) whether particular phone numbers belong to Washington residents . . . and (3) the number of calls made to particular individuals after those individuals registered on the NDCNR or made do-not-call requests . . . Ms. Verkhovskaya's declaration is entirely prospective; i.e., it simply describes what she intended to do with the data provided by Plaintiffs. Such analysis as this expert did perform was not performed until after the submission of the declaration . . . On this basis, her declaration cannot constitute proof of the numerosity element required to establish that Plaintiffs are entitled to prosecute a class action lawsuit.

*Southwell*, 2014 U.S. Dist. LEXIS 112362, at *11-12. There is virtually no substantive difference between Ms. Verkhovskaya's submission in *Southwell* and Mr. Hansen's report here, and the same result should obtain.

Plaintiffs suggest that Defendants "do not dispute Mr. Hansen's methodology," and emphasize that Defendants chose not to depose Mr. Hansen to probe his methods. But why would Defendants have deposed Mr. Hansen when he performed no analysis? What questions could they have possibly asked to test his "opinion"? Such an exercise would have been entirely academic. This only demonstrates how irrelevant Mr. Hansen's opinion truly is – it is effectively impervious to cross-examination because there is nothing to question.

Finally, despite the fact that Mr. Hansen clearly specified that he would require phone records with, "at a minimum," particular data fields, Plaintiffs claim those fields are not in fact required for Mr. Hansen's analysis. In so doing, Plaintiffs again inconsistently argue, on the one hand, that Mr. Hansen's methodology is undisputed and inviolate while, on the other, suggest that his methodology is in flux and open to interpretation. In any event, Plaintiffs'

contention is untenable. While phone number fields may be all that is required to identify the numbers that were dialed, without additional information there would be no way to determine, for example, whether a call failed and therefore could not give rise to TCPA liability. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226 (S.D. Fla. 2013), *rev'd on other grounds*, 768 F.3d 1110 (11th Cir. 2014). Where, as here, the relevant records at issue do not contain the "minimum" necessary information to determine class size, and are otherwise rife with problems—such as half of the records reflecting invalid phone numbers, as Ms. Hoover discovered—it is all the more critical that the defense have a meaningful opportunity to cross-examine Plaintiffs' expert to the extent those records are used to demonstrate numerosity. Defendants were deprived of that opportunity here, because Plaintiffs withheld the records from their expert and instead had them analyzed by a layperson, who could not provide any insight as to the value of the data in the certification context in light of its deficiencies. Plaintiffs should not now be permitted to rely on Mr. Hansen for any purpose related to class certification.

For the foregoing reasons, and the reasons set forth in Defendants' Motion to Strike, Defendants respectfully request that the Court strike the Expert Report of Jeffrey Hansen.

| | | |
|---|---|---|
| 1 | Date: April 18, 2017 | Respectfully Submitted, |
| 2 | | JASZCZUK P.C. |

By: /s/ Margaret M. Schuchardt
Martin W. Jaszczuk (admitted *pro hac vice*)
Margaret M. Schuchardt (admitted *pro hac vice*)
Keith L. Gibson (admitted *pro hac vice*)
311 South Wacker Drive
Suite 1775
Chicago, IL 60606
Telephone: 312-442-0428
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

Ross Allen Buntrock (admitted *pro hac vice*)
OBSIDIAN LEGAL PLLC
1821 Vernon St., NW
Washington, DC 20009
Telephone: (202) 643-9055
Email: ross@olspllc.com

*Attorneys for Defendants Alarm.com*
*Incorporated and Alarm.com Holdings, Inc.*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF JEFFREY HANSEN - 6
Case No. 4:15-cv-06314-YGR

**CERTIFICATE OF SERVICE**

I, Margaret M. Schuchardt, hereby certify that on April 18, 2017, I electronically filed the foregoing Defendants' Reply in Support of Motion to Strike Expert Report of Jeffrey Hansen with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive electronic service in the above-captioned action.

Dated:   April 18, 2017

Respectfully submitted,

JASZCZUK P.C.

By: /s/ Margaret M. Schuchardt
Margaret M. Schuchardt (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 1775
Chicago, Illinois  60606
Telephone:  (312) 442-0509
Facsimile:  (312) 442-0519
mschuchardt@jaszczuk.com

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*