**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC., ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ALARM.COM INCORPORATED, ET AL.,**<br><br>Defendants. | CASE NO. 15-cv-06314-YGR<br><br>**Order Denying Plaintiffs' Motion to Amend Class Definitions**<br><br>Re: Dkt. No. 139 |

Now before the Court is plaintiffs' motion to amend the class definitions in this case. (Dkt. No. 139.) On May 5, 2017, this Court granted plaintiffs' motion for class certification as modified by the Court, (Dkt. No. 126), and certified three classes, namely:

**Cell Phone Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

**Residential Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, initiated one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's residential telephone line number; (d) through the use of an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

**National Do-Not-Call Class ("DNC Class")**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants'

goods or services; (c) in a twelve-month period; (d) on their a cellular telephone line number or residential telephone line (e) whose cellular or residential telephone line number(s) appear on the National Do-Not- Call Registry; (f) at any time since June 30, 2010; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

Plaintiffs now seek to amend these class definitions in light of their inability to obtain calling data ("Additional Calling Data") from defendants' recently-bankrupt dealer, Alliance Security ("Alliance"), which data plaintiffs apparently believed could be used to identify additional class members. Having carefully considered the pleadings and arguments of the parties, and for the reasons set forth below, the Court hereby **DENIES** plaintiffs' motion.

## I.  LEGAL STANDARD

Fed. R. Civ. Pro. 23(c)(1)(C) permits a court to "alter[] or amend[]" an order granting class certification "before final judgment."  The Ninth Circuit has similarly stated that district courts may modify a class definition as a result of developments during the course of litigation. *See Armstrong v. Davis*, 275 F.3d 849, 871 fn. 28 (9th Cir. 2001) (recognizing that Rule 23 "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification" and that "the district court may redefine the class") (citing *Penk v. Oregon State Bd. of Higher Educ.,* 816 F.2d 458, 467 (9th Cir.1987)).

## II. DISCUSSION

### A.  Plaintiffs' Proposed Amendments

Plaintiffs propose to amend the class definitions in this case as follows:[1]

**Cell Phone Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number **included in the calling data obtained by Plaintiffs in this case**; (d) through the use of an automatic telephone

---

[1] Strikethrough text indicates proposed deletions and bolded text indicates proposed insertions.

2

dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

**Residential Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, initiated one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a ~~recipient's~~ residential telephone ~~line~~ number **included in the calling data obtained by Plaintiffs in this case**; (d) through the use of an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

**National Do-Not-Call Class ("DNC Class")**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on ~~their~~ a cellular telephone ~~line~~ number or residential telephone ~~line~~ **number included in the calling data obtained by Plaintiffs in this case** (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call Registry; (f) at any time since June 30, 2010; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

### B. Analysis

The Court finds that plaintiffs' proposed amendments are not an appropriate mechanism to eliminate individuals from the proposed classes which cannot be identified with readily available data. Declining to amend the class definitions in this case is within the "broad discretion" of this Court pursuant to Fed. R. Civ. Pro. 23(c)(1)(C) and Ninth Circuit case law. *See Armstrong*, 275 F.3d at 871 fn.28.

Plaintiffs have not offered a sufficient basis for modifying the class definitions to exclude individuals covered by the Additional Calling Data. Significantly, plaintiffs make no showing that the individuals covered by the Additional Calling Data have TCPA claims against defendants which differ in any way from those of other class members. For example, plaintiffs believe that

the Additional Calling Data covers individuals called between September 2015 and April 2016. (Dkt. No. 148 at 2.) Notably, named plaintiff Philip J. Charvat, the representative for the DNC Class, testified that he received a call on September 3, 2015. (Dkt. No. 85 at 8.) Similarly, the record shows that named plaintiff Abante Rooter & Plumbing, the Cell Phone Class representative, received a call on December 9, 2015. (*Id*. at 9.) Therefore, the Court finds that plaintiffs' proposed modifications improperly and arbitrarily exclude individuals whose TCPA claims against defendants are substantially similar to those of other class members.

Further, plaintiffs have not shown that the Additional Calling Data can never be obtained, or that they have exercised due diligence, but nevertheless failed, to obtain the data. Plaintiffs "have not sought relief from the stay in Alliance's bankruptcy proceedings" and have not filed a motion to compel production in the District of Rhode Island." (Dkt. No. 148 at 2.) Plaintiffs' counsel concedes that the Additional Calling Data was in fact produced by Alliance in the MDL litigation, *In re Monitronics*, No. 13-md-2943 (N.D.W.V.), which suggests that plaintiffs here may be able to obtain such data in the future.

Finally, the proposed amendments would deprive defendants of the benefit of a "fair and efficient adjudication of the controversy."[2] Fed. R. Civ. P. 23(b)(3). Plaintiffs' argument that defendants may still move for summary judgment with regard to the members of the amended classes which potentially include hundreds of thousands of members does not persuade in light of plaintiffs' position during class certification briefing that a "class action is superior to other available methods for fair and efficient adjudication of the controversy." (Dkt. No. 85 at 21 (quoting Fed. R. Civ. P. 23(b)(3)).) Specifically, plaintiffs previously argued that "[c]lass

---

[2] In addition, defendants contend that the proposed amendments represent a breach of plaintiffs' counsel's fiduciary duty to members of the certified classes. Defendants' position is that plaintiffs should be required to provide notice to the classes which plaintiffs successfully certified. However, defendants ignore the fact that plaintiffs intend to provide mailed notice to all class members who can be located from available calling data, in addition to providing internet notice. (*See generally* Dkt. No. 141, Declaration of Carla A. Peak.)

The Court notes that the "website portal" notification procedure described in plaintiffs' motion could result in individuals covered by the Additional Calling Data being informed incorrectly that they are in fact not part of the class. Therefore, any information provided to individuals via the website portal must include a disclaimer indicating that the website portal does not represent a definitive indication of individuals which are part of this class action.

treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources and promotes consistency and efficiency of adjudication." (*Id*. at 22.) The Court concurs.

### III. CONCLUSION

For the reasons discussed above, plaintiffs' motion to amend the class definitions in this case is **DENIED.**

This terminates Dkt. No. 139.

**IT IS SO ORDERED.**

Dated: September 14, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**