- Exhibit D -

PLAINTIFFS' PROPOSED NOTICE PLAN—EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Abante Rooter and Plumbing, Inc., et al. v. Alarm.com, Incorporated, et al.*
Case No. 4:15-cv-06314-YGR

# If an automated call from Alliance Security or its agent promoting Alarm.com was placed to your cellular telephone or you received multiple calls to a telephone number previously registered on the National Do-Not-Call Registry, a class action lawsuit may affect your rights.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Abante Rooter and Plumbing, Inc., Mark Hankins, and Philip Charvat have sued Alarm.com, Incorporated and Alarm.com Holdings, Inc. (collectively "Alarm.com" or "Defendants") for violations of the Telephone Consumer Protection Act ("TCPA") alleging that a security system company named Alliance Security or its agent made telephone calls promoting Defendants by placing automated or prerecorded calls to cellular telephones, as well as calls to telephone numbers on the National Do-Not-Call Registry.

- The Court has allowed the lawsuit to be a class action on behalf of three Classes of persons:

  (1) **Cell Phone Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a cellular telephone number included in the calling data obtained by Plaintiffs in this case; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance Security or its agents, on Defendants' behalf.

  (2) **National Do-Not-Call Class**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on a cellular telephone number or residential telephone number included in the calling data obtained by Plaintiffs in this case; (e) whose cellular or residential telephone number(s) appear on the National Do-Not-Call Registry; (f) at any time since December 30, 2011; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance Security or its agents, on Defendants' behalf.

- The Court has not decided whether Alarm.com did anything wrong. There is no money available now, and no guarantee there ever will be. However, your legal rights are affected, and you have a choice to make now.

PLAINTIFFS' PROPOSED NOTICE PLAN—EXHIBIT D

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT: | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money that may come from a trial or a settlement. But, you give up any rights to sue Alarm.com separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.**<br><br>If you ask to be excluded and monies are later awarded, you won't share in those. But, you keep any rights to sue Alarm.com separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before Month XX, XXXX.

- Any judgment, whether favorable or not, will include all Class members who do not request exclusion.

- Any Class member who does not request exclusion may, if he or she desires, enter an appearance through his or her counsel.

- Lawyers must prove the claims against Alarm.com at the trial that is set for October 9, 2018. If money or benefits are obtained from Alarm.com, you will be notified about how to ask for a share.

- Any questions?  Read on and visit www.XXXXX.com or call 1-XXX-XXX-XXXX.

# BASIC INFORMATION

## 1. Why did I get this notice?

Calling records indicate that you may have received a call from Alliance Security or its agent in violation of the TCPA by placing automated or prerecorded calls to cellular telephones, as well as calls to telephone numbers on the National Do-Not-Call Registry. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against Alarm.com, on your behalf, are correct. Judge Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Abante Rooter and Plumbing, Inc., et al. v. Alarm.com, Incorporated, et al.*, No. 4:15-cv-06314-YGR.

## 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representatives allege that Alarm.com is liable for TCPA violations caused by Alliance Security or its agent making calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and by Alliance Security making more than one call to telephone numbers that were listed on the National Do-Not-Call Registry. The class representatives allege that class members did not give permission to receive these calls.

The Court has certified two "Classes"—a Cell Phone Class and a National Do-Not-Call Class:

(1) **Cell Phone Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a cellular telephone number included in the calling data obtained by Plaintiffs in this case; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance Security or its agents, on Defendants' behalf.

(2) **National Do-Not-Call Class**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on a cellular telephone number or residential telephone number included in the calling data obtained by Plaintiffs in this case; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call Registry; (f) at any time since December 30, 2011; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance Security or its agents, on Defendants' behalf.

Alarm.com denies that it did anything wrong.

## 3. What is a class action and who is involved?

In a class action, one or more people, called class representatives (in this case, Abante Rooter and Plumbing, Inc., Mark Hankins, and Philip Charvat) sue on behalf of people who have similar claims. All of these people are called a class, or class members. The class representatives who sued, and all class members like them, are called Plaintiffs. The companies they sued (in this case, Alarm.com, Incorporated and Alarm.com Holdings, Inc.) are called Defendants. One court resolves the issues for everyone in the classes except for those people who choose to exclude themselves from the classes.

## 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

(a) Questions of law or fact common to the members of the classes predominate over any questions affecting only individual members; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

# The Claims in the Lawsuit

| 5. What does the lawsuit complaint about? |
|---|

In this lawsuit, Plaintiffs allege that Alarm.com is liable for TCPA violations caused when Alliance Security or its agent (1) made calls promoting Defendants, on or after October 15, 2013, to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or (2) made more than one call, on or after December 30, 2011, to telephone numbers that were listed on the National Do-Not-Call Registry. Plaintiffs allege that Defendants did not have the recipients' permission to make these calls. You can read Plaintiffs' Class Action Complaint at www.XXXXX.com.

| 6. How does Alarm.com answer? |
|---|

Alarm.com denies Plaintiffs' allegations. Alarm.com's Answer to the Class Action Complaint is also available at www.XXXXX.com.

| 7. Has the Court decided who is right? |
|---|

The Court has not decided whether Plaintiffs or Defendants are correct. By establishing the Classes and issuing this notice, the Court is not suggesting that Plaintiffs will win or lose this case. Plaintiffs must prove their claims at a trial starting on October 9, 2018.

| 8. What are Plaintiffs asking for? |
|---|

Plaintiffs are asking for $500 to $1,500 for each call allegedly placed on behalf of Alarm.com in violation of the TCPA. Plaintiffs are also asking the Court to order Alarm.com to pay for Plaintiffs' attorneys fees and costs for bringing the lawsuit.

| 9. Is there any money available now? |
|---|

No money is available now because the Court has not decided whether Alarm.com did anything wrong, and the two sides have not settled the case. There is no guarantee that money will ever be obtained. If money is obtained, you will be notified about how to ask for a share.

# Who is in the Class

You need to decide whether you are affected by this lawsuit.

| 10. Am I part of the Classes? |
|---|

The Court certified the following Classes:

PLAINTIFFS' PROPOSED NOTICE PLAN—EXHIBIT D

**Cell Phone Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a cellular telephone number included in the calling data obtained by Plaintiffs in this case; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance Security or its agents, on Defendants' behalf.

**National Do-Not-Call Class**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on their cellular telephone line or residential telephone number included in the calling data in this case; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call Registry; (f) at any time since December 30, 2011; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance Security or its agents, on Defendants' behalf.

# YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class (or Classes) or ask to be excluded before the trial, and you have to decide this now.

## 11. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money from this lawsuit. By doing nothing you are staying in the Class (or Classes). If you stay in and Plaintiffs obtain money, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, Alarm.com as part of any other lawsuit about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

## 12. Why would I ask to be excluded?

If you already have a TCPA lawsuit against Alarm.com and want to continue with it, you need to ask to be excluded from the Classes. If you exclude yourself from the Classes—which also means to remove yourself from the Classes, and is sometimes called "opting-out" of the Classes—you won't get any money from this lawsuit even if Plaintiffs obtain money as a result of the trial or from any settlement between Alarm.com and Plaintiffs. However, you may be able to sue or continue to sue Alarm.com on your own. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

**13. How do I ask the Court to exclude me from the Classes?**

You may exclude yourself from the lawsuit and keep your right to sue Defendants on your own by visiting [WEBSITE] and typing in your name to identify yourself as someone who wishes to be excluded from the lawsuit, or by sending an email to [EMAIL] stating that you wish to be excluded from the lawsuit. You must exclude yourself from the lawsuit by [DATE].

# THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court has appointed Terrell Marshall Law Group PLLC, Bailey & Glasser, LLP, Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, and Shepherd, Finkelman, Miller & Shah LLP to represent you and all Class members. These lawyers are called Class Counsel. They are experienced in handling similar cases. More information about the law firms, their practices, and their lawyers' experience is available at www.terrellmarshall.com, www.baileyglasser.com, www.massattorneys.net, and www.sfmslaw.com.

**15. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to hire them on your own. For example, you can ask a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

**16. How will the lawyers be paid?**

If Class Counsel gets money or benefits for the Classes, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Classes or paid separately by Alarm.com.

# THE TRIAL

The Court has scheduled a trial for Month XX, XXXX to decide who is right in this case.

**17. How and when will the Court decide who is right?**

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove Plaintiffs' claims at trial. During the trial, a jury or the Judge will hear all the evidence to help them decide whether Plaintiffs or Defendants are right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that they will get any money for the Classes.

**18. Do I have to come to trial?**

You do not need to attend the trial. Class Counsel will present the case for Plaintiffs and the Classes and Alarm.com will present the defenses. You or your own lawyer are welcome to come at your own expense.

| **19. Will I get money after the trial?** |
|---|

If Plaintiffs obtain money as a result of the trial or a settlement, you will be notified about how to claim a share. We do not know how long this will take.

# GETTING MORE INFORMATION

| **21. Are there more details available?** |
|---|

Visit the website, www.XXX.com, where you will find the Court's Orders certifying the Classes, Plaintiffs' Class Action Complaint, and Alarm.com's Answer to the Class Action Complaint. You can also check to see if your telephone number is included in one of the Classes. Just follow the instructions on the website. You can also speak to one of the lawyers by calling 1-XXX-XXX-XXXX toll free or by writing to: Terrell Marshall Law Group PLLC, 936 N 34th Street, Suite 300, Seattle, Washington 98103.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE ACTION.**