# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC., ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ALARM.COM INCORPORATED, ET AL.,**<br><br>Defendants. | CASE NO. 15-cv-06314-YGR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND CLASS DEFINITIONS**<br><br>Dkt. No. 164 |

On May 5, 2017, this Court granted plaintiffs' motion for class certification as modified by the Court, (Dkt. No. 126), and certified three classes, namely:

**Cell Phone Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

**Residential Class**: All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, initiated one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's residential telephone line number; (d) through the use of an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

**National Do-Not-Call Class ("DNC Class")**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on their a cellular telephone line number or residential telephone line (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call Registry; (f) at any time since June 30, 2010; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

On September 14, 2017, this Court denied plaintiffs' motion to amend these class definitions by excluding individuals covered by calling data which plaintiffs were unable to obtain from Alliance due to ongoing bankruptcy proceedings (the "Additional Calling Data"). (Dkt. No. 150.) The Court noted that plaintiffs had made no showing that "the individuals included in the Additional Calling Data have TCPA claims against defendants which differ in any way from those of other class members." (*Id.*) Further, the Court found that plaintiffs' proposed amendments would "improperly and arbitrarily exclude individuals whose TCPA claims against defendants are substantially similar to those of other class members" and "deprive defendants of the benefit of a 'fair and efficient adjudication of the controversy.'" (*Id.* (quoting Fed. R. Civ. P. 23(b)(3)).) Finally, the Court noted that "plaintiffs [had] not shown that the Additional Calling Data can never be obtained, or that they have exercised due diligence, but nevertheless failed, to obtain the data." (*Id.*)

Now before the Court is plaintiffs' motion to amend the class definitions in this case as follows:[1]

> **Cell Phone Class**: All persons in the United States, to whom: (a) Alliance**'s** ~~or its agents~~ **Nationwide Alarms, LLC**, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from ~~Alliance or its agents~~ *Nationwide*, on Defendants' behalf.
>
> **Residential Class**: ~~All persons in the United States to whom: (a) Alliance or its agents, on Defendants' behalf, initiated one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's residential telephone line number; (d) through the use of an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.~~ [2]

---

[1] Strikethrough text indicates proposed deletions and bolded text indicates proposed insertions.

[2] Plaintiffs seek to decertify the Residential Class which is not opposed.

2

> **National Do-Not-Call Class ("DNC Class")**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on their cellular telephone line or residential line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call Registry; (f) at any time since ~~June 30, 2010~~ **December 30, 2011**; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.[3]

(Dkt. No. 164.)

Having carefully considered the pleadings and arguments of the parties, and for the reasons set forth below, the Court hereby **GRANTS** plaintiffs' motion.

## I. LEGAL STANDARD

Fed. R. Civ. Pro. 23(c)(1)(C) permits a court to "alter[] or amend[]" an order granting class certification "before final judgment." The Ninth Circuit has similarly stated that district courts may modify a class definition as a result of developments during the course of litigation. *See Armstrong v. Davis*, 275 F.3d 849, 871 fn. 28 (9th Cir. 2001) (recognizing that Rule 23 "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification" and that "the district court may redefine the class") (citing *Penk v. Oregon State Bd. of Higher Educ.,* 816 F.2d 458, 467 (9th Cir.1987)).

District courts have a responsibility to review continually "the appropriateness of a certified class in light of developments subsequent to class certification." *Schilling v. TransCor Am., LLC*, 2012 WL 4859020, at *1 (N.D. Cal. 2012); *see also Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.")

## II. DISCUSSION

### A. Recent Discovery Developments

Following this Court's order denying plaintiffs' motion to amend the class definitions in this case, plaintiffs undertook sufficient efforts to determine whether plaintiffs could obtain the

---

[3] The noted modification is not opposed.

3

Additional Calling Data and identify additional class members. First, plaintiffs filed a motion to lift the stay in Alliance's bankruptcy proceeding to allow plaintiffs to (i) use the Additional Calling Data which Alliance produced in the *Monitronics* MDL in this case and (ii) take depositions of Alliance and its officers. On November 13, 2017, Alliance agreed to allow plaintiffs to use the data produced in the *Monitronics* MDL in this case. On November 15, 2017, the bankruptcy court granted plaintiffs' motion to lift the stay and to permit depositions of Alliance and its officers. (Dkt. No. 164, Declaration of Beth Terrell ("Terrell Decl.") ¶ 5.) Second, plaintiffs provided the Additional Calling Data to their expert to analyze and identify additional class members. (*Id*., ¶ 6.) Third, plaintiffs confirmed through the Rule 30(b)(6) deposition of Alliance that Alliance had fully responded to plaintiffs' subpoena and that the Additional Calling Data was comprehensive and up-to-date. (*Id*. Ex. B, Deposition of Matthew Pits ("Pitts Dep.") at 40:3- 44:23; 93:4-95:5.) Fourth, plaintiffs attempted to conduct additional discovery by issuing subpoenas to all 38 of Alliance's small "subdealers" which requested calling data for telemarketing calls on behalf of Alliance since January 30, 2011, as well as related documents including scripts and correspondence. (Terrell Decl., ¶ 7.) Plaintiffs received no calling records in response to any of the 38 subdealer subpoenas. (*Id*.)

**B. Analysis**

**1. Cell Phone Class**

Plaintiffs have now obtained all call records from Alliance and its agent, namely Nationwide, and Nationwide's calling platform (the "Ytel System"). This Additional Calling Data indicates that some individuals who fall within the Cell Phone Class cannot be identified because these individuals may have received a call from a subdealer which failed to preserve calling data. Plaintiffs attempted to identify such individuals by issuing subpoenas to all 38 of Alliance's subdealers. However, plaintiffs received no additional call data in response to these subpoenas.

The Court finds the individuals who received calls from Alliance or Nationwide have TCPA claims against defendants which differ from those of individuals who received a call from a subdealer. Specifically, individuals who were called by Alliance or Nationwide can establish that defendants called their phone numbers by using the calling data which Alliance and Nationwide

4

have produced in this litigation. By contrast, individuals who were called by subdealers which did not retain calling data lack a common methodology for establishing that defendants called their cell phone numbers.

Accordingly, a Cell Phone Class which includes both individuals who were called by Alliance or Nationwide, and those who were called by another subdealer which failed to preserve calling data, is not "sufficiently cohesive" under the "predominance inquiry" to warrant classwide adjudication. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)).[4] Therefore, the Court **GRANTS** plaintiffs' motion to narrow the Cell Phone Class definition to exclude individuals who were not called by "Alliance's agent Nationwide."

### 2. Residential Class

To prove the TCPA claim asserted by the Residential Class, plaintiffs must establish that (i) an artificial or prerecorded voice (ii) was used to place calls (iii) to a residential telephone number (iv) without prior express consent. 47 U.S.C. § 227(b)(1)(B). Joseph Moretti, the owner of Nationwide, recently testified that Nationwide used the Ytel system to call leads from a variety of sources, some of which involved live agents. (Terrell Decl., Ex. C, Deposition of Joseph Moretti at 20:19-.21:1; 50:12-52:6; Ex. D, Deposition of Justin Ramsey at 101:20-104:7.) Therefore, the Court finds that some of the individuals associated with residential telephone numbers included in the Ytel records likely did not receive a call using an artificial or prerecorded voice. All such individuals thus lack valid TCPA claims. *See* 47 U.S.C. § 227(b)(1)(B). Neither party has proffered a classwide mechanism to determine whether Residential Class members received a call involving an artificial or prerecorded voice or a live agent. Defendant does not oppose plaintiffs' motion to decertify the Residential Class. (Response at 2.)

Accordingly, plaintiffs' motion to decertify the Residential Class is **GRANTED** on the ground of non-opposition that the Residential Class as defined lacks commonality and

---

[4] Defendants argue that plaintiffs fail to "assert that any of the arguments" which plaintiffs proffered in support of plaintiffs' motion to certify the Cell Phone class "have changed." (Dkt. No. 171, Defendants' Response ("Response") at 2.) Defendants do not persuade, as they ignore the fact that plaintiffs have now sought and obtained the Additional Calling Data from Alliance which indicates that the Cell Phone Class as defined includes individuals called by vendors other than Alliance whose TCPA claims differ from those individuals who received calls from Alliance or Nationwide.

5

predominance. *See United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) ("[A] district court retains he flexibility to address problems with a certified class as they arise, including the ability to decertify.").

### 3. DNC Class

Plaintiffs previously moved for certification of a DNC Class with a class period which commences on December 30, 2011. (Dkt. No. 85 at 12-13.) This class period reflects the four-year statute of limitations for TCPA claims. However, due to clerical error, the Court certified a DNC Class commencing on June 30, 2010. (Dkt. No. 126 at 17:1-7.) Plaintiffs now move to correct that clerical error. In light of defendant's lack of opposition, the Court **GRANTS** plaintiffs request to modify the class period with regard to the DNC Class. (Response at 2.)

## III. CONCLUSION

For the reasons discussed above, plaintiffs' motion to amend class definitions is **GRANTED**. The Residential Class is hereby **DECERTIFIED** and the remaining class definitions are amended as follows:

> **Cell Phone Class**: All persons in the United States, to whom: (a) Alliance**'s** ~~or its agents~~ **Nationwide Alarms, LLC**, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from ~~Alliance or its agents~~ *Nationwide*, on Defendants' behalf.
>
> **National Do-Not-Call Class ("DNC Class")**: All persons in the United States who: (a) received more than one call, made by Alliance on Defendants' behalf; (b) promoting Defendants' goods or services; (c) in a twelve-month period; (d) on their cellular telephone line or residential line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call Registry; (f) at any time since ~~June 30, 2010~~ **December 30, 2011**; (g) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf.

This terminates Dkt. No. 164.

**IT IS SO ORDERED.**

Dated: January 25, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**