Martin W. Jaszczuk (*pro hac vice*)
Daniel I. Schlessinger (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com
dschlessinger@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

Craig S. Primis, P.C. (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5921
cprimis@kirkland.com

Kasey C. Townsend (SBN 152992)
Susan J. Welde (SBN 205401)
MURCHISON & CUMMING, LLP
275 Battery Street, Suite 850
San Francisco, CA 94111
Telephone: (415) 524-4300
ktownsend@murchisonlaw.com
swelde@murchisonlaw.com

Attorneys for Defendants ALARM.COM
INCORPORATED and ALARM.COM
HOLDINGS, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., GEORGE ROSS MANESIOTIS, MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>Defendants. | Case No.: 4:15-CV-06314-YGR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE PLAINTIFFS' EXPERTS VERKHOVSKAYA AND SNYDER**<br><br>Judge:     Hon. Yvonne Gonzalez Rogers<br>Hearing Date:  July 24, 2018<br>Time:     2:00 pm<br>Courtroom:  Courtroom 1, 4th Floor |

**NOTICE OF MOTION AND MOTION AND STATEMENT OF THE ISSUES**

To the Clerk of the Northern District of California and all parties and their attorneys of record:

PLEASE TAKE NOTICE that on July 24, 2018, at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Yvonne Gonzalez Rogers, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 4th Floor, 1301 Clay Street, Oakland, California 94612, Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc. (together, "Alarm.com") will and hereby do move the Court for the entry of an Order barring Plaintiffs' proffered expert witnesses, Anya Verkhovskaya and Randall Snyder, from testifying in this matter ("Motion to Exclude"). This Motion to Exclude is made pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) on the ground that these purported experts' testimony is based on insufficient and unreliable data and is thus inadmissible. Defendants' Motion to Exclude is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration and exhibits filed contemporaneously herewith, any reply memorandum, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

## INTRODUCTION

Plaintiffs' experts Anya Verkhovskaya and Randall Snyder should not be permitted to testify in this case because they offer inadmissible opinions based on insufficient and unreliable information. Ms. Verkhovskaya relies entirely on unauthenticated records of telephone calls and Plaintiffs' counsel's representations concerning the origin and meaning of those records. Of Mr. Snyder's two opinions, one is based on a definition of "automatic telephone dialing system" that has been vacated by the D.C. Circuit and the other is purely cumulative of Ms. Verkhovskaya's, without independent analysis or insight. As a consequence, neither of these experts' opinions meets the basic requirements for admissibility and both should be excluded.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, this Court acts as gatekeeper to ensure that any and all expert testimony is not only relevant but reliable. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc); *Krouch v. Wal-Mart Stores, Inc.*, 2014 U.S. Dist. LEXIS 152755, at *16-17 (N.D. Cal. Oct. 28, 2014) (Gonzalez Rogers, J.). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

## ARGUMENT

**I.     The Court Should Exclude The Testimony Of Anya Verkhovskaya.**

Plaintiffs tender Ms. Verkhovskaya as an expert in data analysis. In particular here, Ms. Verkhovskaya examined records of telephone calls allegedly made on behalf of Alarm.com and

offered her opinion as to which calls were made to numbers on the National Do-Not-Call Registry. In reaching her opinion, Ms. Verkhovskaya employed the following methodology:

- First, Ms. Verhovskaya organized the call data to include only outbound calls to legitimate telephone numbers made within the relevant time period, while excluding calls that were duplicates and certain calls that were made with the consent of the called party. Ex. 1[1] (Verkhovskaya Rpt.), at ¶ 15.

- Next, Ms. Verkhovskaya further culled the data by isolating the instances where two calls were made within a one-year period. Ex. 1 (Verkhovskaya Rpt.), at ¶ 16.

- From these numbers, Ms. Verkhovskaya segregated the calls to numbers that were included on the National Do-Not-Call Registry for at least 31 days prior to the first call. Ex. 1 (Verkhovskaya Rpt.), at ¶¶ 16-27. This final database constitutes what Plaintiffs claim are "Do Not Call" TCPA violations by Alarm.com. Ex. 1 (Verkhovskaya Rpt.), at ¶ 34.

There are three fundamental flaws in Ms. Verkhovskaya's methodology that compel the exclusion of her testimony entirely.[2] ***First***, Plaintiffs have obtained no authentication of and established no foundation for the call records Ms. Verkhovskaya analyzed, rendering her opinion inherently unreliable. ***Second***, Ms. Verkhovskaya's ultimate calculation of the number of calls that purportedly violated the TCPA includes calls that were not connected, despite her own admission that such calls should be excluded. ***Third***, Ms. Verkhovskaya performed no analysis that identifies the individuals who received the allegedly offending calls. Any of these three failures is sufficient to warrant exclusion of her opinions. Taken together, they leave no doubt that her testimony is too unreliable to be allowed.

    A.    **Plaintiffs Have Failed To Authenticate The Records Relied Upon By Ms. Verkhovskaya.**

To be allowed to testify to her conclusions concerning the number of calls made to Do-Not-Call Class members that violate the TCPA, Ms. Verkhovskaya's conclusions must be based on sufficient data, and result from a reliable methodology. Fed. R. Evid. 702(b), (d). The Court need not admit an expert opinion that is connected to the underlying data "only by the *ipse dixit* of the expert." *Gen. Elec. Co. v.*

---

[1] All exhibits referenced herein are attached to the Declaration of Daniel Schlessinger, filed contemporaneously herewith.
[2] Defendants object to other aspects of Ms. Verkhovskaya's testimony, but raise here only the three fundamental objections that warrant excluding her testimony in its entirety.

*Joiner*, 522 U.S. 136, 146 (1997).  Exclusion of expert testimony is particularly appropriate where "there is simply too great an analytical gap between the data and the opinion proffered." *Id*.  "[A]ny step" that renders an expert's analysis "unreliable ... renders the expert's testimony inadmissible," and that "is true whether the step completely changes a reliable methodology or merely misapplies th[e] methodology." Fed. R. Evid. 702 advisory committee's note (emphasis & citation omitted).

Here, Plaintiffs have established no foundation for the call records upon which Ms. Verkhovskaya bases her opinion, and accordingly, there is no way to know—or test—whether Ms. Verkhovskaya relied on appropriate data.  An expert "cannot base [her] opinion on an assumption for which the factual foundation is lacking in order to put forth an alternative theory of the case simply to avoid summary judgment." *Krouch*, 2014 U.S. Dist. LEXIS 152755 at *19 (citations omitted).  And in testing an expert's methodology and foundation, the "trial court's gate-keeping function requires more than simply taking the expert's word for it."  *Daubert v. Merrell Dow. Pharms., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995) ("*Daubert II*").

In this case, Ms. Verkhovskaya obtained the records she included in her analysis from Plaintiffs' counsel.  Ex. 1 (Verkhovskaya Rpt.), at ¶ 13; Ex. 2 (Verkhovskaya Dep. Tr.), at 5:21-6:9.  But she has no idea where the records came from, who made the calls in question, or what was said on the calls.  Ex. 2 (Verkhovskaya Dep. Tr.), at 52:24-54:5.  Although she has identified the call records that she analyzed by a string of document identification numbers, *see* Ex. 1 (Verkhovskaya Rpt.), at ¶ 13, the only basis for connecting those numbers to Alarm.com are assurances given to her by Plaintiffs' counsel.  None of the witnesses deposed by Plaintiffs that work for (or previously worked for) entities that allegedly made calls to class members could authenticate the records that were provided to Ms. Verkhovskaya.  *See* Ex. 3 (Moretti Dep. Tr.), at 37:20-39:14; Ex. 4 (Gotra Dep. Tr.), at 10:17-11:15; Ex. 5 (Pitts Dep. Tr.), at 74:8-76:24.

Nothing in the record establishes that these calls were actually made.  And even if the record showed the calls were made, there is nothing in the record that shows the calls promoted Alarm.com.  The total absence of any authenticated connection between these calls and the issues in this case renders Ms. Verkhovskaya's opinion unreliable and subject to exclusion.  There is simply too great an analytical gap

between the record and her factual assumptions to take the kind of "unsupported 'leap of faith' ... condemned by *Daubert*" that would be required to admit Ms. Verkhovskaya's opinion. *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1168 (E.D. Wash. 2009).

### B. Ms. Verkhovskaya's Analysis Includes An Unknown Number Of Calls That Were Not Connected.

The second major flaw in Ms. Verkhovskaya's methodology is that she included myriad calls of unknown disposition—such as calls that were likely not connected—in her final list of alleged TCPA violations. These false positives reflect an unreliable methodology that does not correspond with the standards for TCPA liability.

Plaintiffs' own experts concede that unconnected calls do not give rise to liability under the TCPA. For her part, Ms. Verkhovskaya admitted as much by excluding calls with a duration of 0 or no indication of a connection. Ex. 1 (Verkhovskaya Rpt.), at ¶ 15.b. And Plaintiffs' other expert, Randall Snyder, conceded that there are many reasons that a dialed call might not be connected, such as busy signals, fast busy signals, and congestion in the network. Ex. 6 (Snyder Dep. Tr.) at 128:4-14. Mr. Snyder accordingly excluded such calls from an analysis of TCPA violations and believed Ms. Verkhovskaya did the same. *Id.* at 129:9-22.

But Ms. Verkhovskaya did not faithfully apply her methodology—or Mr. Snyder's—to actually exclude calls that do not implicate TCPA liability. At her deposition, Ms. Verkhovskaya testified that her analysis included calls for which the records stated "failed," "busy," "agent error," "do not call," "not available," and "unanswered." Ex. 2 (Verkhovskaya Dep. Tr.), at 64:11-69:22, 72:6-75:12. Just as calls with no duration, these calls were likely not connected and should have been excluded.[3] Ms. Verkhovskaya's misapplication of her methodology renders her opinions unreliable, and thus excludable. *See Gen. Elec.*, 522 U.S. at 146.

---

[3] These notes may signify that calls were not attempted, did not go through, or that the recipient asked not to be called or stated that the person sought was not available. Without foundational testimony about that context, there is no basis for Alarm.com to challenge or pressure test—or the trier of fact to conclude—that these records reflect calls made in violation of the TCPA.

### C. Ms. Verkhovskaya's Analysis Fails To Identify Call Recipients.

The third fundamental problem with the reliability of Ms. Verkhovskaya's testimony is that she cannot say whether the class members receiving notice are in fact the people who received the calls included in her analysis. It is undisputed that Ms. Verkhovskaya cannot identify the individuals who received the calls. Ex. 2 (Verkhovskaya Dep. Tr.), at 77:19-78:1. Indeed, the call records that Ms. Verkhovskaya utilized in her analysis do not identify the call recipients or the subscribers/users of the relevant phone numbers at the time of the calls. As a result, her analysis cannot draw any points of connection between her call list and the Plaintiff class, and therefore cannot be used as the relevant standard for liability and is unreliable.[4]

## II. The Court Should Exclude The Testimony Of Randall Snyder.

Plaintiffs tender Mr. Snyder to opine that Cell Phone Class members received calls that were made using an automatic telephone dialing system ("ATDS") and also to bolster Ms. Verkhovskaya's opinions regarding the number of TCPA violations. Ex. 7 (Snyder Rpt.), at p. 24. Mr. Snyder's opinion, however, is premised on the wrong legal standard and a factual basis too underdeveloped to be considered reliable.

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). While the FCC previously expanded the ATDS definition to include predictive dialers and other equipment that is capable of dialing telephone numbers "from a list or database of numbers" and dialing those numbers "without human intervention" (*see In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd 7973 (July 10, 2015)), the FCC's pronouncements in this regard were recently vacated by the D.C. Circuit. *ACA International v. FCC*, 885 F.3d 687, 695-704 (D.C. Cir. 2018).

---

[4] In her report, Ms. Verkhovskaya states that she "can identify names and addresses associated with telephone numbers called by, or on behalf of, Defendants. Specifically, I can identify the user(s)/subscriber(s) of a given telephone number and the address of the user(s)/subscriber(s) for that given telephone number at the time of a specific call." Ex. 1 (Verkhovskaya Rpt.), at ¶ 29. As she testified, however, she did not actually do any analysis on that front and in fact is unable to offer any opinion. Ex. 2 (Verkhovskaya Dep. Tr.), at 76:2-81:7.

Accordingly, the FCC's expanded ATDS definition is no longer good law, and the only valid definition of an ATDS under the TCPA is the statute's, which requires that the system have the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. 227(a)(1). *See Marshall v. CBE Grp., Inc.*, 2018 U.S. Dist. LEXIS 55223, at *17 (D. Nev. Mar. 30, 2018) (In light of D.C. Circuit's *ACA Int'l* decision, "Plaintiff cannot rely on the FCC's definition of an ATDS to the extent it includes systems that cannot be programmed to dial random or sequential numbers ...."). Mr. Snyder has admitted, however, that he is not opining that the system used in this case meets the statutory criteria. Specifically, Mr. Snyder testified as follows:

> Q. . . . So you are not contending that the Ytel system has the present or potential capacity to store phone numbers to be called, using a random or sequential number generator?
> A. Correct.
> Q. And you are not contending that the Ytel system has the present or potential capacity to produce phone numbers to be called, using a random or sequential number generator?
> A. Correct.

Ex. 6 (Snyder Dep. Tr.), at 74:16-25.

Instead, Mr. Snyder's conclusion is premised on the Ytel system's purported ability to dial from a list of numbers, without human intervention—language that does not appear in the statute and that tracks the now-vacated FCC test:

> Q. . . . Am I correct in saying that you contend that the Ytel system that was used in the case at issue here satisfies the second clause of paragraph 10 [of the Snyder Report], which is, quote, dials from a list or database of numbers, and that it also satisfies the third clause in paragraph 10, which states, quote, and to dial such numbers without human intervention. Correct?
> A. Correct.

Ex. 6 (Snyder Dep. Tr.), at 71:19-72:1. Because simply dialing from a list or database of numbers without human intervention does not render dialing equipment an ATDS under the TCPA, Mr. Snyder's opinion is irrelevant, unhelpful, and inherently unreliable. *See Estate of Barabin*, 740 F.3d at 463. Indeed, in *Marshall v. CBE Group, Inc.*, the Nevada district court considered and rejected Mr. Snyder's opinion and granted summary judgment in favor of the defendant for the very reason identified above: Mr. Snyder applied the wrong standard for an ATDS. *See* 2018 U.S. Dist. LEXIS 55223, at *20-21.

The *Marshall* court criticized Mr. Snyder for an additional reason—he failed to inspect the system on which he was opining and lacked knowledge about how the system was actually used. "Courts have declined to allow expert testimony to create a disputed issue of material fact in TCPA cases where the expert in question has not examined the dialing infrastructure at issue." *Marshall*, 2018 U.S. Dist. LEXIS 55223, at *19 (citation omitted). Here, as in *Marshall*, Mr. Snyder did not inspect the equipment at issue and testified to his lack of knowledge regarding the version of the system actually used. Ex. 6 (Snyder Dep. Tr.), at 55:14-24, 78:2-80:5. That has resulted in the exclusion of Mr. Snyder's testimony before and the result should be no different here: Mr. Snyder's practice of misapplying the statutory standard and stating opinions without inspecting the dialing infrastructure at issue renders his opinions inherently unreliable and irrelevant. *See, e.g., Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637, 643 n.6 (E.D. Pa. 2014), *rev'd,* 629 Fed. Appx. 369 (9th Cir. 2015); *Legg v. Voice Media Group,* 2014 U.S. Dist. LEXIS 61322, at *14-16 (S.D. Fla. May 2, 2014). His testimony should be excluded.

Mr. Snyder's additional opinion that Ms. Verkhovskaya correctly determined the number of calls made to cell phones is based entirely on her report and a 20-minute conversation. Ex. 6 (Snyder Dep. Tr.), at 64:2-65:1; Ex. 7 (Snyder Rpt.), at pp. 22-24. That is not the stuff of expert testimony. Mr. Snyder did no independent analysis or investigation of his own to verify Ms. Verkhovskaya's conclusions. Ex. 6 (Snyder Dep. Tr.), at 10:4-11. And testimony from an expert who does no independent testing or analysis that is merely cumulative of another expert is properly excluded. *See Cabrera v. Cordis Corp.,* 134 F.3d 1418, 1421-22 (9th Cir. 1998). As the Ninth Circuit noted in *Cabrera,* Federal Rule of Evidence 403 prohibits the "needless presentation of cumulative evidence." *Id.* Mr. Snyder's testimony on this front is not merely cumulative; it improperly seeks to bolster Ms. Verkhovskaya's testimony without an independent basis. Because he does nothing more than rely on conclusions Ms. Verkhovskaya drew from unreliable data, Mr. Snyder's opinion on this front adds nothing to the case and should likewise be stricken.

# CONCLUSION

For the reasons stated above, Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc. move that the opinions of Plaintiffs' proffered expert witnesses, Anya Verkhovskaya and Randall Snyder, be excluded from this case.

Dated: May 1, 2018

Respectfully submitted,

By: /s/ Daniel I. Schlessinger
Martin W. Jaszczuk (*pro hac vice*)
Daniel I. Schlessinger (*pro hac vice*)
Margaret M. Schuchardt (*pro hac vice*)
Keith L. Gibson (*pro hac vice*)
JASZCZUK P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com
dschlessinger@jaszczuk.com
mschuchardt@jaszczuk.com
kgibson@jaszczuk.com

Craig S. Primis (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5921
Facsimile: (202) 879-5200
craig.primis@kirkland.com

Kasey C. Townsend (SBN 152992)
Susan J. Welde (SBN 205401)
MURCHISON & CUMMING, LLP
275 Battery Street, Suite 850
San Francisco, CA 94111
Telephone: (415) 524-4300
Facsimile: (415) 391-2058
ktownsend@murchisonlaw.com
swelde@murchisonlaw.com

*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

# CERTIFICATE OF SERVICE

I, Martin W. Jaszczuk, hereby certify that on May 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive electronic service in the above-captioned matter.

Dated: May 1, 2018                                   Respectfully submitted,


                                                     By: /s/ Daniel I. Schlessinger
                                                     Martin W. Jaszczuk (*pro hac vice*)
                                                     Daniel I. Schlessinger (*pro hac vice*)
                                                     Margaret M. Schuchardt (*pro hac vice*)
                                                     Keith L. Gibson (*pro hac vice*)
                                                     JASZCZUK P.C.
                                                     311 South Wacker Drive, Suite 3200
                                                     Chicago, IL 60606
                                                     Telephone: (312) 442-0509
                                                     Facsimile: (312) 442-0519
                                                     mjaszczuk@jaszczuk.com
                                                     dschlessinger@jaszczuk.com
                                                     mschuchardt@jaszczuk.com
                                                     kgibson@jaszczuk.com

                                                     Craig S. Primis (*pro hac vice* pending)
                                                     KIRKLAND & ELLIS LLP
                                                     655 Fifteenth Street, N.W.
                                                     Washington, DC 20005
                                                     Telephone: (202) 879-5921
                                                     Facsimile: (202) 879-5200
                                                     craig.primis@kirkland.com

                                                     Kasey C. Townsend (SBN 152992)
                                                     Susan J. Welde (SBN 205401)
                                                     MURCHISON & CUMMING, LLP
                                                     275 Battery Street, Suite 850
                                                     San Francisco, CA 94111
                                                     Telephone: (415) 524-4300
                                                     Facsimile: (415) 391-2058
                                                     ktownsend@murchisonlaw.com
                                                     swelde@murchisonlaw.com

                                                     *Attorneys for Defendants Alarm.com*
                                                     *Incorporated and Alarm.com Holdings, Inc.*