— **EXHIBIT  20** —

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**VERSATILE MARKETING SOLUTIONS, INC.,** a Massachusetts corporation, also doing business as VMS Alarms, VMS, Alliance Security, and Alliance Home Protection,<br><br>and<br><br>**JASJIT GOTRA**, individually and as an officer of Versatile Marketing Solutions, Inc.,<br><br>Defendants. | Case No. 1:14-cv-10612 |

## STIPULATED FINAL ORDER
## FOR PERMANENT INJUNCTION
## AND CIVIL PENALTY JUDGMENT

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Relief ("Complaint") in this matter, pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a)(1), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a)(1), and 57b, and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. Defendants have waived service of the summons and the Complaint. Plaintiff and Defendants stipulate to the entry of this Stipulated Final Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule (the "TSR" or "Rule"), as amended, 16 C.F.R. Part 310, in the Telemarketing of their products and services.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees. Defendants waive and release any claims that they may have against Plaintiff, the Commission, and their agents that relate to this action.

5.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Caller Identification Service**" means a service that allows a telephone subscriber to have the telephone number, and, where available, name of the calling party transmitted contemporaneously with the telephone call, and displayed on a device in or connected to the subscriber's telephone.

B.    "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

    1.    "**Corporate Defendant**" means Versatile Marketing Solutions, Inc., also doing business as VMS Alarms, VMS, Alliance Security, or Alliance Home Protection, and its successors and assigns.

    2.    "**Individual Defendant**" means Jasjit Gotra.

C.    "**Entity-Specific Do Not Call List**" means a list of telephone numbers maintained by a Seller or Telemarketer of persons who have previously stated that they do not wish to receive Outbound Telephone Calls made by or on behalf of the Seller or Telemarketer.

D.    "**Established Business Relationship**" means a relationship between a Seller and a person based on: (a) the person's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the Seller and person, within the eighteen months immediately preceding the date of the Telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the Seller, within the three months immediately preceding the date of a Telemarketing call.

E.    "**Lead Generator**" means any person that provides, in exchange for consideration, consumer information to a Seller or Telemarketer for use in the marketing of any goods or services.

F.    "**National Do Not Call Registry**" means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

G.    "**Outbound Telephone Call**" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

H.      "**Representatives**" means Defendant's officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

I.      "**Seller**" means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration, whether or not such person is under the jurisdiction of the Commission.

J.      "**Telemarketer**" means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor, whether or not such person is under the jurisdiction of the Commission.

K.      "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

### I. Prohibition Against
### Abusive Telemarketing Practices

IT IS ORDERED that, in connection with Telemarketing, Defendants and their Representatives are permanently restrained and enjoined from engaging in, causing others to engage in, or assisting others engaging in, any of the following practices:

A.      Initiating any Outbound Telephone Call to any person at a telephone number on the National Do Not Call Registry, unless Defendants prove that:

1.      Defendants have obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of

Defendants may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

2.      Defendants have an Established Business Relationship with such person, and that person has not previously stated that he or she does not wish to receive Outbound Telephone Calls made by or on behalf of Defendants;

B.      Initiating any Outbound Telephone Call to a person when that person has previously stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf of Defendants;

C.      Initiating any Outbound Telephone Call to a telephone number within a given area code when the annual fee for access to the telephone numbers within that area code that are on the National Do Not Call Registry has not been paid by or on behalf of Defendants, unless the telephone call is:

1.      a solicitation to induce charitable contributions;

2.      to a business;

3.      to persons who have given the Seller their express agreement, in writing and signed, to receive calls from Defendants; or

4.      to persons who have an Established Business Relationship with Defendants;

D.      Abandoning, or causing others to abandon, any Outbound Telephone Call to a person by failing to connect the call to a live operator within two seconds of the person's completed greeting, unless Defendants or their Representatives prove that the following four conditions are met:

5

1.    Defendants and their Representatives employ technology that ensures abandonment of no more than three percent of all calls answered by a person, measured over the duration of a single calling campaign, if less than thirty days, or separately over each successive 30-day period or portion thereof that the campaign continues;

2.    Defendants and their Representatives, for each Telemarketing call placed, allow the telephone to ring for at least fifteen seconds or four rings before disconnecting an unanswered call;

3.    Whenever a live operator is not available to speak with the person answering the call within two seconds after the person's completed greeting, Defendants or their Representatives promptly play a recorded message that states Defendants' name and telephone number; and

4.    Defendants or their Representatives retain records establishing compliance with the preceding three conditions;

E.    Initiating any Outbound Telephone Call in which Defendants or their Representatives fail to disclose truthfully, promptly, and in a clear and conspicuous manner the Defendants' identity, that the purpose of the call is to sell goods or services, and the nature of the goods or services;

F.    Initiating any Outbound Telephone Call in which Defendants or their Representatives fail to transmit or cause to be transmitted to any Caller Identification Service in use by a recipient of a Telemarketing call either: (i) the telephone number and name of the Telemarketer making the call; or (ii) Defendants' name and customer service telephone number;

G.      Initiating any Outbound Telephone Call that delivers a prerecorded message, other than a prerecorded message permitted for compliance with Section I.D.3 of this Order, unless Defendants prove that:

1.      Prior to making any such call to induce the purchase of any good or service, Defendants have obtained from the recipient of the call an express agreement, in writing, that:

a.      Defendants obtained only after a clear and conspicuous disclosure that the purpose of the agreement is to authorize Defendants to place prerecorded calls to such person;

b.      Defendants obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service;

c.      evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of Defendants; and

d.      includes such person's telephone number and signature; and

2.      In any such call to induce the purchase of any good or service, Defendants:

a.      allow the telephone to ring for at least fifteen (15) seconds or four (4) rings before disconnecting an unanswered call; and

b.      within two (2) seconds after the completed greeting of the person called, plays a prerecorded message that promptly discloses Defendants' identity, that the purpose of the call is to sell goods or

services, and the nature of the goods or services, followed immediately by a disclosure of one or both of the following:

i.    in the case of a call that could be answered in person by a consumer, that the person called can use an automated interactive voice and/or keypress-activated opt-out mechanism to assert a do-not-call request at any time during the message. The mechanism must:

    (a)    automatically add the number called to Defendants' Entity-Specific Do Not Call List;

    (b)    once invoked, immediately disconnect the call; and

    (c)    be available for use at any time during the message; and

ii.    in the case of a call that could be answered by an answering machine or voicemail service, that the person called can use a toll free-number to assert a do-not-call request. The number provided must connect directly to an automated interactive voice or keypress-activated opt-out mechanism that:

    (a)    automatically adds the number called to Defendants' Entity-Specific Do Not Call List;

    (b)    immediately thereafter disconnects the call; and

    (c)    is accessible at any time throughout the duration of the Telemarketing campaign.

## II. Lead Generator Review, Notice, and Termination

IT IS FURTHER ORDERED that:

A.     Defendant or its Representatives shall, within ninety (90) days of the date of entry of this Order:

      1.     Review and determine the methods used by Defendants' existing Lead Generators to obtain the leads sold or offered for sale to Defendants and, if those leads were obtained by means that do not comply with this Order, Defendants shall immediately cease purchasing such leads from the Lead Generator;

      2.     Provide, electronically or otherwise, all of Defendants' existing Lead Generators with: (i) a copy of this Order; and (ii) a written notice stating that, if the Lead Generator sells any leads to Defendants that do not comply with this Order, Defendants will immediately cease purchasing such leads from the Lead Generator; and

      3.     Obtain from all of Defendants' existing Lead Generators an electronic acknowledgment or other signed and dated statement acknowledging receipt of this Order and the written notice set forth in the preceding subparagraph.

B.     Prior to purchasing leads from any new Lead Generator, Defendants shall:

      1.     Review and determine the methods used by the Lead Generator to obtain leads offered for sale to Defendants and, if those leads were obtained by means that do not comply with this Order, Defendants are prohibited from purchasing such leads;

    2.      Provide, electronically or otherwise, each new Lead Generator with: (i) a copy of this Order; and (ii) a written notice stating that, if the Lead Generator sells any leads to Defendants that do not comply with this Order, Defendants will immediately cease purchasing leads from the Lead Generator; and

    3.      Obtain from each new Lead Generator an electronic acknowledgment or other signed and dated statement acknowledging receipt of this Order and the written notice set forth in the preceding subparagraph.

### III. Monetary Judgment for Civil Penalty and Partial Suspension

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of Three Million, Four Hundred Thousand Dollars ($3,400,000) is entered in favor of Plaintiff against Defendants, jointly and severally, as a civil penalty.

B.     Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, a total of Three Hundred Twenty Thousand, Seven Hundred Dollars ($320,700) pursuant to the schedule, terms, and conditions set forth below:

    1.      Defendants stipulate that, at the time of Defendants' signing of this Order, their undersigned counsel holds in escrow Fifty-Two Thousand Dollars ($52,000) ("Escrow Amount") for no purpose other than payment to Plaintiff. Within seven (7) days of entry of this Order, the Escrow Amount shall be transferred to Plaintiff by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff.

2.      Payment of the remaining Two Hundred Sixty-Eight Thousand, Seven
Hundred Dollars ($268,700) must be made within thirty (30) days of entry
of this Order, or by March 1, 2014, whichever is later, by electronic fund
transfer in accordance with instructions provided by a representative of
Plaintiff.

3.      Upon completion of both such payments, the remainder of the judgment is
suspended, subject to the Subsections below.

C.      The Commission's and Plaintiff's agreement to the suspension of part of the
judgment is expressly premised upon:

1.      The truthfulness, accuracy, and completeness of Defendants' sworn
financial statements and related documents (collectively, "financial
representations") at the time submitted to the Commission, namely:

a.      The Financial Statement of Individual Defendant Jasjit Gotra
signed on October 23, 2013 and bearing Bates stamps FIN-
0100992 to 0101007;

b.      The Financial Statement of Corporate Defendant VMS signed by
Jasjit Gotra on October 23, 2013 and bearing Bates stamps FIN-
0101008 to 0101022; and

c.      The additional documentation submitted on Defendants' behalf by
Defendants' counsel to Commission counsel Bikram Bandy
bearing Bates stamps FIN-0100001 to 0100991 and FIN-0101023
to 0101030; and

11

2.      Defendants' payment of Three Hundred Twenty Thousand, Seven Hundred Dollars ($320,700) in accordance with the schedule and all terms and conditions set forth in Subsection B, above.

D.      The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to one or both Defendants, as appropriate, in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation brought solely by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

H.      Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

I.      Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), may be used for collecting and

reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV. COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of Plaintiff and the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendant must cause its officers, employees, Representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff or Commission representative may reasonably request upon five days written notice, or other reasonable notice, at such places and times as a Plaintiff or Commission representative may designate, without the service of a subpoena.

## V. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defendant, within seven days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For five years after entry of this Order, Individual Defendant for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and other Representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled

Compliance Reporting.  Delivery must occur within seven days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

     1.      Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For ten years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen days of any change in the following:

1.      Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Versatile Marketing Solutions, Inc., Matter Number 1223162.

## VII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for ten years after entry of the Order, and retain each such record for five years. Specifically, Corporate Defendant, in connection with Telemarketing, and Individual Defendant for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     all records relating to Lead Generators from whom Defendants purchase leads for Telemarketing, including contracts with such Lead Generators.

## VIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within fourteen days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants

17

or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


**SO ORDERED**, this _____ day of _____, 2013.


_____
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FOR THE UNITED STATES OF AMERICA:**

STUART F. DELERY
Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

ANDY CLARK
Assistant Director
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-307-0067
FAX: 202-514-8742
Andrew.Clark@usdoj.gov


ANN ENTWISTLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-305-3630
FAX: 202-514-8742
Ann.Entwistle@usdoj.gov

19

**FEDERAL TRADE COMMISSION**

Bikram Bandy, DC #480967
James E. Evans, VA #83866
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2978, -2026 (direct)
(202) 326-3395 (facsimile)
bbandy@ftc.gov, jevans1@ftc.gov

**FOR DEFENDANTS:**

Jasjit Gotra, individually and as an officer of
Versatile Marketing Solutions, Inc.

12/12/13
Date

Gerard M. Stegmaier, Esq. (VSB #45893)
Wilson Sonsini Goodrich & Rosati, P.C.
1700 K Street, NW, 5th Floor
Washington, DC 20006
(202) 973-8809 (direct)
(202) 973-8899 (facsimile)
gstegmaier@wsgr.com
Attorney for Defendants

12/13/13
Date

20