# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC., ET AL.,**<br><br>Plaintiffs**,**<br><br>vs.<br><br>**ALARM.COM INCORPORATED, ET AL.,**<br><br>Defendants**.** | CASE NO. 15-cv-06314-YGR<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Dkt. No. 215 |

Plaintiffs[1] Abante Rooter and Plumbing, Inc., Mark Hankins, and Philip Charvat bring this class action against defendants Alarm.com Incorporated and Alarm.com Holdings, Inc. (collectively, "Alarm.com") alleging four counts: (i) violations of the Telephone Consumer Protection Act ("TCPA") for calls made to cellular telephones; (ii) violations of the TCPA for calls made to residential telephone lines; and (iii) violations of 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(c)(5) for calls made to members of the National Do-Not-Call Registry ("DNC Registry"). (Dkt. No. 1, Class Action Complaint ("Compl.").) Relevant to the instant motion, on May 1, 2018, Alarm.com filed a motion for summary judgment as to all of plaintiffs' claims on two grounds, including that plaintiffs have failed to establish that the telemarketing calls were placed using an automated telephone dialing system ("ATDS") within the meaning of the TCPA. (Dkt. No. 195 at i.) On May 22, 2018, plaintiffs filed their response and cross-motion for summary judgment on the grounds that the dialing system used to make the telemarking calls constitutes an ATDS as a matter of law. (Dkt. No. 205 at 25.) Now, Alarm.com moves to stay

---
[1] Claims brought by plaintiff George Ross Manesiotis were dismissed without prejudice pursuant to stipulation on July 25, 2016. (Dkt. No. 58.)

this action pending the outcome of *Marks v. Crunch San Diego,* LLC, Case No. 14-56834 (9th Cir. December 14, 2016). (Dkt. No. 215 ("Motion").)

Having carefully reviewed the pleadings and the papers submitted, and for the reasons set forth more fully below, Court **DENIES** Alarm.com's motion to stay the action pending a decision in *Marks*.

## I. BACKGROUND

Plaintiffs are consumers and a small business that allegedly received telemarketing calls from Alliance or its agents, allegedly on behalf of Alarm.com. (Compl. ¶ 2.) Plaintiffs assert that Alliance or its agents made these calls to (i) cell phone numbers using an ATDS or an artificial or prerecorded voice, (ii) residential numbers using an artificial or prerecorded voice, and (iii) numbers on the DNC Registry. (*Id.* at ¶¶ 157–64, 169–74.) On May 5, 2017, the Court certified three classes: (i) Cell Phone Class, (ii) Residential Class, and (iii) National Do-Not-Call Class. (Dkt. No. 126 at 2.)

Alarm.com seeks summary judgment as to all of plaintiffs' claims on the grounds that (i) plaintiffs cannot establish vicarious liability for the telemarketing calls at issue, which were made by an independent contractor, Alliance, and (ii) plaintiffs have failed to establish that the telemarketing calls were placed using an ATDS within the meaning of the TCPA. (Dkt. No. 195 at i.) Specifically, Alarm.com argues that defendants are entitled to summary judgment as to the claims raised by the Cell Phone Class[2] because "the D.C. Circuit recently vacated the FCC order on which the plaintiffs' theory of liability relies." (*Id.* at 21 (citing *ACA International v. Federal Communications Commission*, 2018 WL 1352922 (D.C. Cir. March 16, 2018)).

---

[2] The Court defined the Cell Phone Class as follows: "All persons in the United States, to whom: (a) Alliance or its agents, on Defendants' behalf, instituted one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to a recipient's cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time since October 15, 2013; (f) except those persons that provided Defendants with their telephone number(s) prior to receiving call(s) from Alliance or its agents, on Defendants' behalf." (Dkt. No. 126 at 16.)

2

Alarm.com argues that plaintiffs' assertion regarding the nature of the Ytel dialing system used to make the calls ("Ytel Dialer") – that the system "has the capacity to store or produce telephone numbers to be called . . . ***from a list or database of numbers***, and to dial such numbers ***without human intervention***" – is insufficient to establish that the Ytel Dialer is an ATDS under the TCPA. (*Id.* at 22 (emphasis in original).) Alarm.com avers that following the D.C. Circuit's decision in *ACA International*, "the only valid definition of an ATDS is the one provided in the statute," which "at no point . . . provide[s] an alternative definition of an ATDS whereby equipment that lacks the capacity to store or produce numbers 'using a random or sequential number generator,' . . . becomes an ATDS." (*Id.* at 22-23.)

In response, plaintiffs seek summary judgment on the grounds that the Ytel Dialer is an ATDS as a matter of law. (Dkt. No. 205 at 25.) Plaintiffs assert that the Ytel Dialer is a predictive dialer that "provides several types of automatic telephone dialing software services including predictive dialing, power dialing, progressive dialing and preview dialing services." (*Id.* at 22 (internal citations omitted).) Plaintiffs argue that Alarm.com "overstates the holding in *ACA* [*International*]" and that a predictive dialer remains an ATDS within the meaning of the TCPA, even after the D.C. Circuit's decision in *ACA International*. (*Id.* at 22-23.)

## II. DISCUSSION

Alarm.com now requests that the Court stay the instant case pending the Ninth Circuit's decision in *Marks*. (Motion at 3.) A stay pending the resolution of an appeal in another case is appropriate only in "rare circumstances." *Landis v. North American Company*, 299 U.S. 248, 255 (1936). In contemplating a stay, a court may consider whether (i) a final result is imminently forthcoming; (ii) the impending decision would have an impact on the issues raised in the instant matter; (iii) the moving party demonstrates hardship in moving forwarding; and (iv) a stay will prejudice the non-moving party. *See Glick v. Performant Fin. Corp.*, 2017 WL 786293 at *2 (N.D. Cal. Feb. 27, 2017) (denying defendant's motion to stay the case pending decisions in *ACA*

3

*International* and *Marks*); *Edwards v. Oportun, Inc.*, 193 F.Supp.3d 1096, 1100-1102 (N.D. Cal. 2016).

Given the recent decision in *ACA International*, the pending resolution of which was the Ninth Circuit's express reasoning for *sua sponte* ordering a stay in *Marks*, a final result in *Marks* may be forthcoming. The impending decision in *Marks* will constitute controlling law and will likely clarify the Ninth Circuit's position on the type of device or system that qualifies as an ATDS within the meaning of the TCPA. However, plaintiffs' TCPA claims are not limited to Alarm.com's use of an ATDS. They also concern Alarm.com's use of an artificial or prerecorded voice system, as well as calls made to individuals on the DNC Registry. (Compl. ¶¶ 157–64, 169–74); *see Mendez v. Optio Solutions, LLC*, 239 F.Supp.3d 1229, 1233 (S.D. Cal. 2017) (holding that stay of a case pending the D.C. Circuit's decision in *ACA International* is inappropriate where plaintiff's TCPA claims are not limited to defendant's use of an ATDS but also concern defendants use of an artificial or prerecorded voice system). In fact, any ruling in *Marks* would only impact one of the three classes certified in this case, the Cell Phone Class. (*See* Dkt. No. 126 at 16-17.)

Although a decision may be forthcoming in *Marks* that would likely have some impact on the issues raised in the instant matter, it is unclear whether a resolution of *Marks* will "have a direct impact on the issues before the court, or substantially simplify the issues presented." *Mendez*, 239 F.Supp.3d at 1233. "Even if the outcome [in *Marks*] was relevant to these proceedings and favorable to the [d]efendant, other issues would remain ripe for consideration . . . and resolution." *Id*. Alarm.com points to the potential for re-arguing motions for summary judgment as evidence of hardship in moving forward without a stay. (Motion at 7.) However, that hardship would apply only to those claims the adjudication of which depend solely on whether the calls were made using an ATDS—claims brought by the Cell Phone Class that do not involve allegations of an artificial or prerecorded voice system.

4

Therefore, the Court is open to considering bifurcation of the case as between those alleged calls involving ATDSs and those involving artificial or prerecorded voice systems or calls to individuals on the DNC Registry. However, the Court finds that a stay pending the resolution of *Marks* is not appropriate in the instant case.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Alarm.com's motion to stay the case pending a decision by the Ninth Circuit in *Marks*.

This Order terminates Docket Number 215.

**IT IS SO ORDERED.**

Dated: July 2, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**