Chiharu Sekino, SBN #306589
Email: csekino@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1230 Columbia Street, Suite 1140
San Diego, California 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email:  jmurray@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Class Counsel*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>                    Defendants. | NO. 4:15-cv-06314-YGR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><u>JURY TRIAL DEMAND</u><br><br>Complaint Filed:  December 30, 2015<br><br>Honorable Yvonne Gonzalez Rogers<br><br>DATE:        August 13, 2019<br>TIME:         2:00 p.m.<br>LOCATION:  Oakland Courthouse<br>                    Courtroom 1 - 4th Floor |

1    TO:    THE CLERK OF THE COURT; and

2    TO:    DEFENDANTS ALARM.COM INCORPORATED, and ALARM.COM
            HOLDINGS, INC., AND THEIR ATTORNEYS OF RECORD:
3

4          PLEASE TAKE NOTICE that on August 13, 2019, at 2:00 p.m., in Courtroom 1, 4th

5    Floor, of the Oakland Courthouse for the U.S. District Court for the Northern District of

6    California, 1301 Clay Street, Oakland, California, 94612, Plaintiffs will move for final approval

7    of a class action settlement.

8          This motion will be based on: this Notice of Motion, the Memorandum of Points and

9    Authorities, the Declaration of Carla Peak, the records and file in this action, and on such other

10   matter as may be presented before or at the hearing of the motion.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
CASE NO. 4:15-CV-06314-YGR

# TABLE OF CONTENTS

Page No.

I.     INTRODUCTION ......................................................................................................... 1

II.    BACKGROUND ........................................................................................................... 2

    A.     The litigation and settlement................................................................................. 2

    B.     Preliminary approval............................................................................................. 3

    C.     Notice and claims ................................................................................................. 3

    D.     Process for payments that require Settlement Class Members to
          provide W-9 forms ................................................................................................ 4

III.   ISSUES TO BE DECIDED .......................................................................................... 4

IV.    ARGUMENT AND AUTHORITY................................................................................ 4

    A.     The settlement should be approved as fair, reasonable, and adequate.................. 4

        1.     The relief provided by the settlement taking into account
              the strength of Plaintiffs' case and the risk, cost, and delay
              of trial and appeal favors approval............................................................ 5

        2.     The extent of discovery, stage of proceedings, and
              recommendation of experienced counsel favor approval ......................... 8

        3.     The Class's response favors approval....................................................... 8

        4.     The Rule 23(e)(2) considerations favor approval ..................................... 9

    B.     The Settlement Class should be finally certified for settlement purposes .......... 11

    C.     The notice program complied with Rule 23 and due process............................. 11

V.     CONCLUSION............................................................................................................ 13

1

## TABLE OF AUTHORITIES

2

**Page No.**

3

### CASES

4

*Bellinghausen v. Tractor Supply Co.*,
5
    306 F.R.D. 245 (N.D. Cal. 2015) ........................................................................................ 8

6

*Chavez v. PHC Corp.*,
7
    No. 13-cv-01797-LHK, 2015 WL 581382 (N.D. Cal. Feb. 11, 2015) ........................... 12

8

*Hawthorne v. Umpqua Bank*,
    No. 11-cv-6700-JST, 2014 WL 4602572 (N.D. Cal. Sept. 15, 2014) ........................... 12
9

*In re Anthem, Inc. Data Breach Litig.*,
10
    327 F.R.D. 299 (N.D. Cal. 2018) ........................................................................................ 9

11

*In re Bluetooth Headset Prod. Liab. Litig.*,
12
    654 F.3d 935 (9th Cir. 2011) ...................................................................................... 5, 10

13

*In re Capital One TCPA Litig.*,
14
    80 F. Supp. 3d 781 (N.D. Ill. 2015) .................................................................................. 7

15

*In re Mercury Interactive Corp.*,
    618 F.3d 988 (9th Cir. 2010) ............................................................................................ 10
16

*In re Monitronics*,
17
    223 F. Supp. 3d 514 (N.D. W. Va. 2016) ..................................................................... 6, 7

18

*In re Online DVD Rental Antitrust Litig.*,
19
    779 F.3d 934 (9th Cir. 2015) .............................................................................................. 9

20

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ........................................................................................... 4
21

*Johnson v. Quantum Learning Network, Inc.*,
22
    No. 15-cv-5013-LHK, 2017 WL 747462 (N.D. Cal. Feb. 27, 2017) .............................. 7

23

*Jones v. Royal Admin. Servs., Inc.*,
24
    887 F.3d 443 (9th Cir. 2018) ............................................................................................. 6

25

*Kolinek v. Walgreen Co.*,
26
    311 F.R.D. 483 (N.D. Ill. 2015) ........................................................................................ 8

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - ii
CASE NO. 4:15-CV-06314-YGR

*Kristensen v. Credit Payment Servs. Inc.*,
    879 F.3d 1010 (9th Cir. 2018) ......................................................................... 6

*Makaron v. GE Security Mfg. Co.*,
    No. CV-14-1274-GW (AGRx), 2015 WL 3526253 (C.D. Cal. May 18, 2015) ............... 6

*Markos v. Wells Fargo Bank, N.A.*,
    No. 1:15-cv-01156-LMM, 2017 WL 416425 (N.D. Ga. Jan. 30, 2017) ......................... 8

*Moore v. Verizon Commc'n Inc.*,
    No. C 09-1823 SBA, 2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) ............................... 9

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ........................................................................................ 12

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................... 5

*Rose v. Bank of Am. Corp.*,
    No. 11 Civ. 02390, 12 Civ. 04009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ......... 8

*Slezak v. City of Palo Alto*,
    No. 16-cv-3224-LHK, 2017 WL 2688224 (N.D. Cal. June 22, 2017) ............................ 8

*Steinfeld v. Discover Fin. Servs.*,
    No. C 12-01118, 2014 WL 1309352 (N.D. Cal. Mar. 10, 2014) .................................... 8

*Tadepalli v. Uber Techs., Inc.*,
    No. 15-CV-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ..................... 8, 9

*Thomas v. Taco Bell Corp.*,
    879 F. Supp. 2d 1079 (C.D. Cal. 2012) ............................................................ 6

## RULES

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................ 11

Fed. R. Civ. P. 23(e) .................................................................................... 5

Fed. R. Civ. P. 23(e)(1) ................................................................................ 11

Fed. R. Civ. P. 23(e)(2) ................................................................................ 5

# I.  INTRODUCTION

Plaintiffs Abante Rooter and Plumbing, Inc., Mark Hankins, and Philip J. Charvat move for final approval of their settlement with Defendants Alarm.com, Inc. and Alarm.com Holdings, Inc. (collectively "Alarm.com") in this class action brought under the Telephone Consumer Protection Act. Alarm.com has agreed to pay $28,000,000 to establish a non-reversionary Settlement Fund that will be distributed to Settlement Class Members who filed timely and valid claims. The amount of the Settlement Fund approximates publicly-traded Alarm.com's entire net income in 2017 and exceeds its net income in all preceding years. Alliance has also agreed to change its practices to increase TCPA awareness among its employees and has stopped using Alliance Security, Inc., the entity that made the telemarketing calls at issue in this case, to market or activate new accounts. All Settlement Class Members will benefit from these changes to Alarm.com's practices.

The Notice Plan approved by the Court has been implemented by the parties and the Court-approved Settlement Administrator, KCC, LLC. The Email Notice and Postcard Notice were successfully delivered to approximately 84.5% of identified Settlement Class Members, and the media program reached at least 74% of Settlement Class Members. The reaction of the Settlement Class has been very positive. There are no objections to the settlement. There are only 14 opt outs. To date, 43,292 valid claims have been filed, representing 3.6% of the identified Settlement Class Members. While the distribution of the Settlement Fund will not be finalized until the Court rules on the motion for attorneys' fees and the Settlement Class Members who submitted deficient forms have had an opportunity to correct the deficiencies, it currently appears that Settlement Class Members who filed valid claims will receive an estimated payment of $235 per affected telephone number.[1]

---

[1] Because the payments to Settlement Class Members who received calls on three or more numbers will constitute taxable income, the parties propose a process for obtaining W-9 forms from those Class Members.

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 1
CASE NO. 4:15-CV-06314-YGR

1
2
3
4
5
6
7
8

All of the factors that courts consider support granting final approval of the settlement. The relief provided by the settlement is significant, particularly given the risk and expense of continued litigation. The settlement ensures that class members are compensated without delay and eliminates the risk of loss at trial or on appeal. Having litigated through class certification and summary judgment and well into trial preparation, the parties are fully apprised of the strengths and weaknesses of the claims and defenses. Class Counsel have successfully litigated many TCPA cases and fully support the settlement. And that no class members objected further supports final approval of the settlement.

9
10

Plaintiffs request that the Court certify the Settlement Class for settlement purposes and approve the settlement as fair, reasonable and adequate.

11

## II.  BACKGROUND

12

**A.      The litigation and settlement.**

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiffs described the protracted, hard-fought litigation that led to the class settlement in their motion for an award of attorneys' fees. In the more than three years following the filing their complaint, Plaintiffs propounded discovery on Alarm.com, Alliance Security, Inc., and Nationwide Alarms, pored through tens of thousands of pages of documents, worked with experts to analyze calling data, successfully moved for class certification, took fact and expert depositions, successfully opposed Alarm.com's motion for summary judgment and motion to exclude Plaintiffs' experts, and prepared for trial. *See* ECF No. 295 at 1-3; ECF No. 296 ¶¶ 2-12. It was shortly before trial was to begin that the parties negotiated the $28,000,000 settlement, which will be distributed to Settlement Class Members who submitted timely and valid claims after payment of Court-approved administrative expenses, attorneys' fees and expenses, and service awards. *See* ECF No. 295 at 4-5; ECF No. 296 ¶ 12. Settlement Class Members were able to submit a claim for each cellular or residential telephone number on which calls were claimed to be received. ECF No. 287-1. The settlement also provides for prospective relief. Alarm.com has agreed that Alliance will no longer be permitted to market or activate new

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 2
CASE NO. 4:15-CV-06314-YGR

accounts with Alarm.com products or services. Alarm.com is also implementing changes to its practices to increase awareness of TCPA compliance, including increased TCPA training for Alarm.com employees, changes to its contractual arrangement with service providers, and raising TCPA awareness among its service providers. ECF No. 273-1 § 2.4.

**B.     Preliminary approval.**

Plaintiffs filed their unopposed motion for preliminary approval of the proposed Settlement on October 25, 2018. ECF Nos. 272-80. Plaintiffs filed a supplemental memorandum in support of their motion on November 15 to provide information required by the Court's newly updated Procedural Guidance for Class Action Settlements that was not included in their initial motion. ECF Nos. 282-83. Following a hearing on November 27, 2018, Plaintiffs filed a second supplemental memorandum that included additional information about the reach of the proposed notice plan, Class Counsel's revised litigation costs, and the Addendum to the Settlement Agreement addressing modifications to the plan for distributing the Settlement Fund. ECF Nos. 286-88. The Court granted preliminary approval of the proposed Settlement on December 19, 2018. ECF No. 291.

**C.     Notice and claims.**

KCC implemented the Notice Plan outlined in the Settlement Agreement and approved by the Court. The Email Notices and Postcard Notices successfully reached approximately 84.5% of the Settlement Class and the media portion of the Notice Plan reached at least 74% of Settlement Class Members. Peak Decl. ¶¶ 15, 38. The deadline for Settlement Class Members to submit or file a Claim Form was April 16, 2019. KCC received 43,292 valid claim forms. *Id.* ¶ 30. Another 4,763 Settlement Class Members submitted deficient claim forms and were sent a letter providing them with an opportunity to correct the deficiency. *Id.* KCC is reviewing an additional 1,781 Claim Forms for timeliness and validity. *Id.*

Settlement Class Members were able to include all cellular and residential telephone numbers on which they received the calls on their claim forms. The payments to Settlement

Class Members who filed valid claims cannot be determined until the deficient claims are resolved and the Court rules on the motion for attorneys' fees. If the Court awards the requested attorneys' fees, costs, and service awards, a total of $17,215,686.80 will be distributed to Settlement Class Members who file valid claims. The 43,292 valid Claim Forms include claims associated with 73,256 telephone numbers. Based on these current valid claims, the estimated payment per telephone number will be $235. Peak Decl. ¶ 31.

**D.      Process for payments that require Settlement Class Members to provide W-9 forms.**

Payments to Settlement Class Members of $600 constitute taxable income and will require receipt of a valid W-9 form before payment can be made. With estimated per-telephone number payments of $235, any Settlement Class Member who received calls on three or more telephone numbers will receive a payment over this threshold. The parties request that the Court approve the following process for obtaining W-9 forms from these Settlement Class Members. KCC will contact the Settlement Class Member twice to obtain a completed and valid W-9 form. If the Settlement Class Member does not respond or does not provide a valid W-9 form, that Class Member's award will be reduced to $599 (below the taxable income threshold). Any excess amounts will be redistributed to the rest of the Settlement Class pro rata.

### III.  ISSUES TO BE DECIDED

Whether the settlement should be approved as fair, reasonable, and adequate and whether the Settlement Class should be finally certified for settlement purposes.

### IV.  ARGUMENT AND AUTHORITY

**A.      The settlement should be approved as fair, reasonable, and adequate.**

Settlements are favored, particularly in the class action context. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."). Courts recognize that a settlement approval hearing should not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of

outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009).

Proposed class action settlements are not effective unless approved by the Court. Fed. R. Civ. P. 23(e). When deciding whether to find a class settlement to be fair, reasonable, and adequate, courts consider (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Prod. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Village, L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004)).

In addition, under the recent amendments to Rule 23, courts consider whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

All of these factors support a finding that the settlement is fair, reasonable, and adequate.

1. The relief provided by the settlement taking into account the strength of Plaintiffs' case and the risk, cost, and delay of trial and appeal favors approval.

The settlement includes both a monetary component and prospective relief. Alarm.com has agreed to pay $28 million to settle Plaintiffs' and Settlement Class Members' TCPA claims. After payment of Court-approved settlement administration expenses, attorneys' fees and expenses, and service awards to the Plaintiffs, the remainder of the Settlement Fund will be

distributed to the Settlement Class Members who filed timely and valid claim forms. If the Court approves the requested Settlement Administration Expenses of $1,825,000, Service Awards of $10,000 to each of the three Class Representatives, requested attorneys' fees of $8,400,000 and litigation expenses of $529,313.20, a total of $17,215,686.80 will be distributed to Settlement Class Members who filed valid claims. The 43,292 valid Claim Forms include claims associated with 73,256 telephone numbers. Based on these current valid claims, the estimated payment per telephone number will be $235. Peak Decl. ¶ 31. In addition, the prospective relief— Alarm.com's changes to its practices to increase awareness of TCPA compliance and discontinued use of Alliance—benefits all Settlement Class Members because it will promote TCPA compliance.

While Plaintiffs believe they have a strong case for liability, trial is always risky. The evidence supports Alarm.com's vicarious liability for the calls placed by Alliance and its agents. Plaintiffs successfully moved for class certification and defeated Alarm.com's summary judgment motion and motion to exclude Plaintiffs' experts. But Class Counsel know from their experience litigating TCPA cases that proving vicarious liability can be challenging, and recent Ninth Circuit authority confirms these challenges. *See* ECF No. 296 ¶¶ 13-17; *see also Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014-15 (9th Cir. 2018) (affirming summary judgment of TCPA claims where plaintiff failed to provide sufficient evidence of vicarious liability); *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 453 (9th Cir. 2018) (same); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1086 (C.D. Cal. 2012) (dismissing TCPA claims because the plaintiff failed to show the defendant controlled franchisee's telemarketing activity), *aff'd*, 879 F. App'x 678 (9th Cir. 2014); *see also Makaron v. GE Security Mfg. Co.*, No. CV-14-1274-GW (AGRx), 2015 WL 3526253, at *10 (C.D. Cal. May 18, 2015) (granting defendant's motion for summary judgment because plaintiff failed to prove manufacturer vicariously liable for dealers' telemarketing violations); *In re Monitronics*, 223 F. Supp. 3d 514,

520 (N.D. W. Va. 2016) (same), *aff'd sub nom Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 252 (4th Cir. 2018).

Although Plaintiffs defeated Alarm.com's summary judgment motion on the vicarious liability issue, they would still have needed to convince a jury at trial. Alarm.com also asserted 50 affirmative defenses. *See* ECF No. 35. Proving Alarm.com's liability was far from a sure thing. If Plaintiffs prevailed at trial, they would need to maintain the judgment on appeal. Clearing these hurdles would be time consuming and expensive. And since the damages available under the TCPA in a class action with more than a million class members are so significant—in this case potentially totaling more than $607,996,500 with possible trebling up to $1.8 billion—even success for Plaintiffs posed a substantial risk that the judgment would never be paid. When combined with the usual risks and expense of litigation, and class litigation in particular, a settlement that ensures payments to class members now is far preferable to the possibility of no recovery after the significant delay of proceeding to trial and appeal. *See Johnson v. Quantum Learning Network, Inc.*, No. 15-cv-5013-LHK, 2017 WL 747462, at *1 (N.D. Cal. Feb. 27, 2017) ("Courts have noted that uncertainty favors approval of a settlement.").

The Settlement Fund approximates Alarm.com's entire net income of $29.2 million in 2017, and exceeds its annual net income in all preceding years. ECF No. 273 (Terrell Decl.) ¶ 32. The settlement therefore represents a very significant payment for Alarm.com in addition to substantial relief for the Settlement Class. Courts routinely approve settlements of TCPA claims when class members receive similar payments. *See In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.,* No. 1:13-md-02493-JPB-JES (N.D.W.V. June 12, 2018), ECF No. 1214 (approving settlement where class members received approximately $38); *Lushe v. Verengo Inc*., No. CV 13-07632 ABR (C.D. Cal. May 2, 2016), ECF Nos. 135-1, 137 (approving settlement where claimants received $52); *Rinky Dink, Inc. v. Elec. Merch. Sys*., No. C13-1347-JCC (W.D. Wash. April 19, 2016) , Dkt. Nos. 147, 151 (approving settlement where claimants received $97); *In re Capital One TCPA Litig*., 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (granting final

approval where class members were awarded $39.66); *Rose v. Bank of Am. Corp.*, No. 11 Civ. 02390, 12 Civ. 04009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (discussing range of acceptable TCPA settlements and approving settlement that paid $20 to $40 per claimant); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493–94 (N.D. Ill. 2015) (approving settlement where class members received payments of $30); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, 2014 WL 1309352, at *6 (N.D. Cal. Mar. 10, 2014) (approving settlement with payments estimated to be between $20 and $40); *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (approving settlement with payments of approximately $24 per class member as an "excellent result").

> 2.   The extent of discovery, stage of proceedings, and recommendation of experienced counsel favor approval.

Because the settlement was negotiated mere weeks before trial, the parties were armed with a thorough understanding of the strengths and weaknesses of their evidence, witnesses, and legal positions. Discovery was comprehensive and complete, and the Court ruled on motions for class certification, summary judgment, and *Daubert* exclusions. The parties therefore had sufficient information to make an informed decision about the merits of the settlement. *See Slezak v. City of Palo Alto*, No. 16-cv-3224-LHK, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017) ("So long as the parties have 'sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval.'" (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998))); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("[T]he court's focus is on whether the parties carefully investigated the claims before reaching a resolution.").

> 3.   The Class's response favors approval.

There are no objections to this settlement. Notice of the settlement was distributed by mail and email to 1,027,192 Settlement Class Members and not one objected. Peak Decl. ¶¶ 15, 29. A court may appropriately infer that a class settlement is fair, reasonable, and adequate when few (or no) class members object to it. *See Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-

MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (observing that "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members" (citation omitted)).

Settlement Class Members instead chose to participate in the settlement, filing 43,292 valid claims (as well as an additional 4,763 deficient claims that may still be corrected, and another 1,781 claims that are still being processed). Peak Decl. ¶ 30. By contrast, only 15, or .001% of identifiable Settlement Class Members, chose to opt out. *Id*. ¶ 28. That 3.6% of Settlement Class Members chose to participate supports approval. *See, e.g., In re Online DVD Rental Antitrust Litig.*, 779 F.3d 934, 944-45 (9th Cir. 2015) (affirming approval of settlement where 1,183,444 of 35 million class members—less than 3.4%—filed claims); *Moore v. Verizon Commc'n Inc.,* No. C 09-1823 SBA, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) (granting final approval of class action settlement with 3% claims rate); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320-21 (N.D. Cal. 2018) (finding that low rates of objections and opt-outs are 'indicia of the approval of the class'" (citation omitted)).

4.      The Rule 23(e)(2) considerations favor approval.

The considerations outlined in the newly revised Rule 23(e)(2) also support final approval of the settlement. The first consideration is the adequacy of Plaintiffs' and their counsel's representation of the Settlement Class. In granting preliminary approval of the settlement, the Court considered, among other things, "Plaintiffs' and Class Counsel's representation of the Settlement Class." ECF No. 291 ¶ 8. The Court also found that Plaintiffs satisfy Rule 23's adequacy requirement. *Id.* ¶ 4.d. Plaintiffs committed significant time to this case and support the settlement. ECF Nos. 277, 278 & 279 (Plaintiff declarations). Class Counsel, who have a great deal of experience litigating and settling TCPA class action cases, also wholeheartedly support the settlement. This consideration therefore supports approval.

1    The second consideration also supports approval because the settlement was negotiated at

2    arms' length. The Court is well aware of the hard-fought nature of this litigation, which involved

3    multiple disputed motions, and the parties approached settlement discussions in the same way.

4    None of the "red flags" of potential collusion the Ninth Circuit has identified exist in this case.

5    *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (noting that

6    plaintiffs' counsel may have allowed pursuit of their own self-interest to infect settlement

7    negotiations when they receive a disproportionate portion of the settlement, the parties agree to a

8    "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from

9    class funds, or the parties agree that any fees not awarded will revert to defendants rather than be

10   added to the class fund).

11   The third consideration also supports settlement. As discussed above, the $28 million

12   Settlement Fund combined with Alarm.com's changes to its practices and discontinued use of

13   Alliance Security is more than adequate to warrant approval, particularly in light of the costs,

14   risks and delay of trial and appeal. The distribution plan ensures that Settlement Class Members

15   will be treated equitably relative to each other. Settlement Class Members were able to submit

16   one claim form for each cellular or residential number on which they received the calls at issue.

17   The claim form merely required the Class Member's her name, contact information, the

18   telephone number at which he or she received the allegedly unlawful calls, and an affirmation

19   that he or she received the allegedly unlawful calls at the designated telephone number. KCC

20   notified Settlement Class Members who filed deficient forms and gave them an opportunity to

21   correct their claims. Peak Decl. ¶ 30. The Settlement Fund will be distributed to all Settlement

22   Class Members who filed valid claims.

23   Plaintiffs address the reasonableness of the requested attorneys' fees in the motion filed

24   on March 19, 2019, which was 35 days before the deadline for Settlement Class Members to opt

25   out or object in compliance with the Court's Procedural Guidance for Class Action Settlements

26   and *In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir. 2010). ECF No. 295.

27

Finally, the fourth consideration—whether the proposed settlement treats class members equitably relative to each other—also supports approval. The method for distributing the Settlement Fund to Settlement Class Members is simple, straightforward, and equitable. After Court-approved deductions for administrative costs, attorneys' fees and costs, and Service Awards, the remaining funds will be divided equally among the valid claims submitted for cellular and residential number on which calls were claimed to be received.

**B.     The Settlement Class should be finally certified for settlement purposes.**

The Court conditionally certified the Settlement Class for settlement purposes when it granted preliminary approval of the settlement. The Court concluded that the Settlement Class satisfies numerosity because it has at least 1,215,993 members, satisfies commonality because questions like whether Alarm.com is vicariously liable for calls made on its behalf turn on common evidence, satisfies typicality because Plaintiffs' and Class Members' claims arise from the same course of alleged conduct, and satisfies adequacy because Plaintiffs have no conflicts with Class Members, have demonstrated their commitment to the Class, and have retained qualified counsel. In addition, the Court found that predominance was satisfied because common questions, including Alarm.com's vicarious liability, predominate over individualized issues and classwide resolution is the only practice method of addressing the alleged telemarketing violations at issue. ECF No. 291 ¶¶ 3-4. For the same reasons, the Court should finally certify the Settlement Class for settlement purposes.

**C.     The notice program complied with Rule 23 and due process.**

The settlement notice program approved by the Court and implemented by KCC satisfied the requirements of Rule 23 and due process. Rule 23 provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). When the class is certified under Rule 23(b)(3), the notice must also be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). To comply with

constitutional due process standards, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Court approved the postcard notice in granting preliminary approval of the settlement. ECF No. 291 ¶ 12. The notice was "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and described "the action and the plaintiffs' rights in it." *Hawthorne v. Umpqua Bank*, No. 11-cv-6700-JST, 2014 WL 4602572, at *6 (N.D. Cal. Sept. 15, 2014) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)). The notice was written in plain English and included the dates for class members to object and the final approval hearing. *See Chavez v. PHC Corp.*, No. 13-cv-01797-LHK, 2015 WL 581382, at *6 (N.D. Cal. Feb. 11, 2015) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" (citation omitted)).

KCC mailed the Court-approved Email Notice to 197,406 Settlement Class members and sent the Court-approved Postcard Notice by U.S. mail to 1,183,991 Settlement Class Members. Peak Decl. ¶¶ 9, 11. In total, 1,027,192 Email and Postcard Notices were successfully delivered, representing 84.5% of the identified Settlement Class Members. *Id.* ¶ 15. KCC also placed the Court-approved Publication Notice in People and Better Homes and Gardens magazines. *Id.* ¶¶ 18-20. And KCC placed banner advertisements on a variety of websites, including Google Display Network, Facebook, and YouTube. *Id.* ¶¶ 21-23. KCC estimates that the media portion of the notice program reached at least 74% of likely Settlement Class Members. *Id.* ¶ 38.

KCC established a settlement website with detailed information about the settlement. *Id.* ¶ 24. The website address was printed on all notices. *Id.* Located at alarmtcpaclassaction.com, the website had 1,970,935 hits as of June 14, 2019. *Id.* ¶¶ 24-25. The website lists important

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 12
CASE NO. 4:15-CV-06314-YGR

1
2
3
4
5
6

dates and class members' rights and options, includes frequently asked questions and key documents from the case like the settlement agreement and motion for attorneys' fees, and allowed class members to submit an online claim. *Id.* ¶ 24. The website (and notices) also provided a toll-free number that class members could call to reach a 24-hour automated phone system with recorded answers to frequently asked questions. *Id.* ¶ 26. The toll-free number had received more than 1,000 calls as of June 14, 2019. *Id.*

7

## V.  CONCLUSION

8
9

Plaintiffs respectfully request that the Court finally certify the Settlement Class and approve the settlement as fair, reasonable and adequate.

10

RESPECTFULLY SUBMITTED AND DATED this 21st day of June, 2019.

11
12

TERRELL MARSHALL LAW GROUP PLLC

13
14
15
16
17
18

By: Beth E. Terrell, SBN #178181
Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email:  jmurray@terrellmarshall.com
Elizabeth A. Adams, SBN #290029
Email:  eadams@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

19
20
21
22
23
24
25
26

John W. Barrett, *Admitted Pro Hac Vice*
E-mail: jbarrett@baileyglasser.com
Email:  crobinson@baileyglasser.com
Jonathan R. Marshall, *Admitted Pro Hac Vice*
Email:  jmarshall@baileyglasser.com
Brian A. Glasser, *Admitted Pro Hac Vice*
Email: bglasser@baileyglasser.com
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Edward A. Broderick *Admitted Pro Hac Vice*
Email: ted@broderick-law.com
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Matthew P. McCue
E-mail: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, Massachusetts  01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077

Chiharu Sekino, SBN #306589
Email: csekino@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
    & SHAH, LLP
1230 Columbia Street, Suite 1140
San Diego, California 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367

James C. Shah, SBN #260435
Email: jshah@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
    & SHAH, LLP
35 East State Street
Media, Pennsylvania 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

*Class Counsel*

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 14
CASE NO. 4:15-CV-06314-YGR

1

2

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on June 21, 2019, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4

to the following:

5

6          Kasey C. Townsend, SBN #152992
           Email: ktownsend@murchisonlaw.com
7          Susan J. Welde, SBN #205401
           Email: swelde@murchisonlaw.com
8          MURCHISON & CUMMING, LLP
           275 Battery Street, Suite 850
9          San Francisco, California 94111
           Telephone: (415) 524-4300
10

11         Martin W. Jaszczuk, *Admitted Pro Hac Vice*
           Email: mjaszczuk@jaszczuk.com
12         Margaret M. Schuchardt, *Admitted Pro Hac Vice*
           Email:  mschuchardt@jaszczuk.com
13         Seth H. Corthell, *Admitted Pro Hac Vice*
           Email: scorthell@jaszczuk.com
14         Daniel I. Schlessinger, *Admitted Pro Hac Vice*
           Email: dschlessinger@jaszczuk.com
15         JASZCZUK P.C.
           311 South Wacker Drive, Suite 1775
16         Chicago, Illinois 60606
           Telephone: (312) 442-0311
17

18         Craig S. Primis, *Admitted Pro Hac Vice*
           Email:  craig.primis@kirkland.com
19         KIRKLAND & ELLIS LLP
           1301 Pennsylvania Avenue, N.W.
20         Washington, DC 20004
           Telephone: (202) 389-5921
21         Facsimile: (202) 389-5200

22

23         *Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

24

25

26

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 15
CASE NO. 4:15-CV-06314-YGR

1    DATED this 21st day of June, 2019.

2                                TERRELL MARSHALL LAW GROUP PLLC

3                                By:  /s/ Beth E. Terrell, SBN #178181
4                                     Beth E. Terrell, SBN #178181
                                      Email: bterrell@terrellmarshall.com
5                                     936 North 34th Street, Suite 300
                                      Seattle, Washington  98103-8869
6                                     Telephone:  (206) 816-6603
                                      Facsimile: (206) 319-5450
7
8                                *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 16
CASE NO. 4:15-CV-06314-YGR