Chiharu Sekino, SBN #306589
Email: csekino@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1230 Columbia Street, Suite 1140
San Diego, California 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email: jmurray@terrellmarshall.com
Elizabeth A. Adams, SBN #290029
Email: eadams@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Class Counsel*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., MARK HANKINS, and PHILIP J. CHARVAT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALARM.COM INCORPORATED, and ALARM.COM HOLDINGS, INC.,<br><br>Defendants. | NO. 4:15-cv-06314-YGR<br><br>[PROPOSED] **FINAL APPROVAL ORDER**<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed: December 30, 2015<br><br>Honorable Yvonne Gonzalez Rogers<br><br>DATE: August 13, 2019<br>TIME: 2:00 p.m.<br>LOCATION: Oakland Courthouse<br>Courtroom 1 - 4th Floor |

1       This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs, and Class Representative Service Awards. After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Approval Order and Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Class is certified, the Settlement Agreement is finally approved, Class Counsel are awarded $7,000,000 in fees and $529,313.20 in costs, and Service Awards are approved in the amount of $10,000 for each Plaintiff ($30,000 total).

      **WHEREAS**, on October 25, 2018, the Parties filed the Settlement Agreement (Docket No. 273-1) and on December 17, 2018 filed the Addendum to Settlement Agreement (Docket No. 287-1), which set forth the terms and conditions of the Settlement and release of certain claims (i.e., the Released Claims) against Alarm.com and all other Released Parties ("Settlement");

      **WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Agreement, which will dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees and costs, and Service Awards to the Plaintiffs;

      **WHEREAS**, the Court preliminarily approved the Settlement on December 19, 2018 (Docket No. 291), and Notice was given to Settlement Class members pursuant to that Preliminary Approval Order;

      **WHEREAS**, the Court has reviewed and considered all papers filed in support of and in opposition to the Settlement, and all exhibits thereto, and has held a hearing after notice to the Settlement Class was sent in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in this Action pursuant to the terms and conditions set forth in the Amended Agreement ("Final Approval

Hearing") on August 13, 2019, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement; and

**WHEREAS**, upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Class, within the authority of the Parties, and the result of extensive arm's-length negotiations.

**THEREFORE,** the following is **HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Class. The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Class is certified as follows:

> All persons who, from December 30, 2011 through the date of Final Approval, received a telemarketing call made by Alliance Security or any of Alliance's sub-dealers, Independent Business Operators, vendors, lead generators, or agents (defined as "Alliance") either promoting Alarm.com's goods or services or that could have resulted in the installation of a security system that could use or include any Alarm.com product or service (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice, (b) to a residential telephone line using an artificial or prerecorded voice, or (c) to a cellular or residential telephone number registered on the national Do Not Call Registry and who received more than one such call within any twelve-month period. Persons who provided their telephone numbers to Alarm.com prior to receiving calls from Alliance are not Settlement Class Members. Class Members who previously excluded themselves from the Class are not Settlement Class Members.

3. For purposes of settlement, the Court appoints Plaintiffs as "Class Representatives."

4. For purposes of settlement, the Court appoints the attorneys at Broderick & Paronich, P.C., Terrell Marshall Law Group PLLC, The Law Offices of Matthew P. McCue, and Bailey & Glasser, LLP as Class Counsel.

5. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement.

If the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Settlement Agreement.

6. The Court finds that the notice given to members of the Settlement Class pursuant to the terms of the Settlement Agreement fully and accurately informed Settlement Class members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.

7. The following individuals who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order: Frederick Alexander, Olden Bailey, Todd Bank, Angela L. Brown, Tiffany Brown, Bill Dallapiazza, Diane Gigandet, Abigail Gonzalez, Jan T. Hammel, Eric Houston, Tammy Hussin, Mark Kubasky, Jamal Mackin, James Ruoss, Shrail Tucker-Curry, Adelita Valentine and Keisha Willis.

8. The Settlement requires Alarm.com to pay $28,000,000 into a Settlement Fund that the Parties propose to use to make payments to all Settlement Class Members who submit

timely and valid claims; pay the Settlement Administrator the costs of notice and Settlement Administration Expenses in an amount capped at $1,400,000; pay Service Awards in the amount of $10,000 to each Class Representative; and pay Class Counsel's attorneys' fees in the amount of $7,000,000 and litigation costs of $529,313.20. Each Settlement Class Member will be entitled to submit only one claim for each cellular or residential number on which calls were claimed to be received, regardless of the number of calls claimed to be received on each cellular or residential telephone. The Settlement Fund is non-reversionary and any amounts remaining after the initial distribution to Settlement Class Members and a second distribution, if necessary and administratively feasible, will be disbursed *cy pres* to the National Consumer Law Center, a non-profit organization dedicated to protecting consumers, including consumers harassed by unlawful telemarketing calls.

9. The Settlement also provides prospective relief. Alliance is no longer permitted to market or activate new accounts with Alarm.com products or services. Alarm.com has implemented changes to its practices to increase awareness of TCPA compliance, including increased TCPA training for Alarm.com employees, changes to its contractual arrangement with service providers, and raising TCPA awareness among its service providers.

10. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Settlement Class Members. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Settlement Class members faced the challenge of convincing a jury that Alarm.com should be held responsible for telephone calls placed by one of its independent dealers. They also would have faced the challenge of surviving an appeal of the Court's summary judgment and class certification orders, and any other rulings rendered during trial. Class Counsel have reviewed the Settlement Agreement and find it to be in the best interest of Settlement Class members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense

associated with it, weigh in favor of Settlement approval. In making this determination, the court has considered the Northern District of California Procedural Guidance for Class Action Settlements, the criteria set forth in the recently amended Federal Rule of Civil Procedure 23, and the factors outlined in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and *Churchill Village, L.L.C. v. General Electric*, 361 f.3d 566, 575-76 (9th Cir. 2004).

11. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

12. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

13. The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

14. Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

15. The Settlement Administrator executed the Notice Plan according to the terms of the Settlement Agreement. The notices apprised the Settlement Class members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the class and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The Notice Plan prescribed by the Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to members of the Settlement Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The

notices were reasonably calculated under the circumstances to apprise Settlement Class members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to the Settlement, and appear at the final fairness hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Approval Order.

16. Within ten (10) days after the filing of the proposed Settlement Agreement in the Court, a notice of the proposed Settlement was served upon the appropriate state official of each State in which a Settlement Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

17. The Court approves payment of attorneys' fees in the amount of $7,000,000 and costs to Class Counsel in the amount of $529,313.20. These amounts shall be taken out of the Settlement Fund that is paid by Alarm.com pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Class Members. In addition, the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion.

18. In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties. The Settlement Administrator will contact Settlement Class Members who are entitled to payments that exceed the taxable income threshold twice, with at least 30 days

between the two contacts. Any Class Member who fails to submit a valid and timely W9 response will have their payment reduced to $599 (below the taxable income threshold).

19. The Court approves the service fee payment of $10,000 for each Class Representative and specifically finds that amount to be reasonable in light of the service performed by the Class Representatives for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any service award will be reported as "other income" in Box 3 of the Form 1099-MISC.

20. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Alarm.com or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Alarm.com or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

21. Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, against any Released Party, whether based on any federal law, state law, common law, territorial law, foreign law, contract,

rule, statute, regulation, or equity, whether known or unknown, suspected, or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to telemarketing calls received on or after December 30, 2011 through the date of Final Approval Order placed by Alliance either promoting Alarm.com's goods or services or that could have resulted in the installation of a security system that could use or include any Alarm.com product or service: (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number using an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the national Do Not Call Registry where more than one such call was received within any twelve-month period.

22. As of the Effective Date, Settlement Class Members also will waive and release any and all provisions, rights and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 3.1 above. Section 1542 of the California Civil Code reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

23. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims whether known or unknown,

suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. However, the Settlement Agreement is not intended to and does not prohibit a Settlement Class Member from responding to inquiries posited by federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims.

24. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

25. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Settlement Agreement.

26. There were no objections to the Settlement.

27. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable and the case dismissed with prejudice.

**THEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order and Judgment.

IT IS HEREBY ORDERED.

DATED this __15th__ day of _____August_____, 2019.

_____
Hon. Yvonne Gonzalez Rogers
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on August 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Kasey C. Townsend, SBN #152992
>Email: ktownsend@murchisonlaw.com
>Susan J. Welde, SBN #205401
>Email: swelde@murchisonlaw.com
>MURCHISON & CUMMING, LLP
>275 Battery Street, Suite 850
>San Francisco, California 94111
>Telephone: (415) 524-4300
>
>Martin W. Jaszczuk, *Admitted Pro Hac Vice*
>Email: mjaszczuk@jaszczuk.com
>Margaret M. Schuchardt, *Admitted Pro Hac Vice*
>Email: mschuchardt@jaszczuk.com
>Seth H. Corthell, *Admitted Pro Hac Vice*
>Email: scorthell@jaszczuk.com
>Daniel I. Schlessinger, *Admitted Pro Hac Vice*
>Email: dschlessinger@jaszczuk.com
>JASZCZUK P.C.
>311 South Wacker Drive, Suite 1775
>Chicago, Illinois 60606
>Telephone: (312) 442-0311
>
>Craig S. Primis, *Admitted Pro Hac Vice*
>Email: craig.primis@kirkland.com
>KIRKLAND & ELLIS LLP
>1301 Pennsylvania Avenue, N.W.
>Washington, DC 20004
>Telephone: (202) 389-5921
>Facsimile: (202) 389-5200
>
>*Attorneys for Defendants Alarm.com Incorporated and Alarm.com Holdings, Inc.*

DATED this 14th day of August, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, SBN #178181
    Beth E. Terrell, SBN #178181
    Email: bterrell@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*